**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
  plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CHOU TEAM REALTY LLC,** *et al.,* <br><br> Defendants. | Case No.  **2:20-cv-06587-JVS-ADS** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF DEFENDANT JAWAD NESHEIWAT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION** <br><br> [F.R.Civ.P. Rules 12(b), 12(f), 19, & 23; 15 U.S.C. § 1681p(1); 28 U.S.C. §§ 1367, *et seq.*; L.R. 7-3] <br><br> * This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on 9/23/20. <br><br> DATE:  **January 11, 2021** <br> TIME:  **1:30 p.m.** <br> COURTROOM:  **10-C** <br> JUDGE: **HON. JAMES V. SELNA** <br> TRIAL DATE:  **None Set** |

LEPISCOPO & ASSOCIATES LAW FIRM

# <u>TABLE OF CONTENTS</u>

<u>P</u>AGE

I.      INTRODUCTION.......................……….........................…………1

II.     BACKGROUND........................................................……...2

III.    ARGUMENT.....................……....................................5

    A.      THIS ACTION SHOULD BE DISMISSED BASED ON
        THE PRIOR PENDING ACTION DOCTRINE..................…………….6

    B.      PURSUANT TO THE PRINCIPLES OF COLLATERAL
        ESTOPPEL AND *RES JUDICATA* THIS ACTION SHOULD
        BE DISMISSED UNDER RULE 12(b)(1)..................………………9

    C.      THIS ACTION SHOULD BE DISMISSED PURSUANT TO
        RULE 12(b)(6) BECAUSE PLAINTIFF HAS FAILED
        TO ALLEGE A CLASS ACTION CLAIM..........…………………….13

    D.      THE COURT SHOULD STRIKE THE FIRST CAUSE OF
        ACTION AND THEN DISMISS THE SECOND CAUSE
        OF ACTION FOR WANT OF FEDERAL JURISDICTION.......……………..19

IV.     CONCLUSION……………………………….………………….20

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**CASES:**                                                                                                                   PAGE

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
 836 F.3d 987 (9th Cir. 2016)............……………………………………………6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...........................................................................14

*Aqua Dots Prods. Liability Litig.*,
 654 F.3d 748 (7th Cir. 2011)..........................................................18

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)................................................................13, 14

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
 611 F.2d 738 (9th Cir. 1979)...……………………………………….6, 9

*Cooper v. Federal Reserve Bank of Richmond*,
 467 U.S. 867 (1984)..............................................................12, 13

*Davoll v. Webb*,
 160 F.R.D. 142 (D. Co. 1995).........................................................15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
 528 U.S. 167 (2000)........................……………………………………11

*Gen. Tel. Co. of Sw. v. Falcon*,
 457 U.S. 147 (1982)..........................................................................19

*Giles v. Cmty. Educ. Ctrs., Inc.*,
 2016 U.S. Dist. LEXIS 193359 (C.D. Cal. Aug. 8, 2016)...........................19

*GTE Cal., Inc. v. FCC*,
 39 F.3d 940 (9th Cir. 1994)........……………………………………11

*Hayes v. Wal-Mart Stores, Inc.*,
 725 F.3d 349 (3rd Cir. 2013)..........................……………………15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION**

**ii**

LEPISCOPO & ASSOCIATES LAW FIRM

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
    544 F. Supp. 2d 949 (N.D. Cal. 2008).........……………………………..8

*Kamm v. California City Development Co.*,
    509 F.2d 205 (9th Cir. 1975)..............................................................16, 17

*Kingman Reef Atoll Invs., L.L.C. v. United States*,
    541 F.3d 1189 (9th Cir. 2008).....……………………………………10

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
    787 F.3d 1237 (9ᵗʰ Cir. 2015).....…………………………………6, 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)..........……………………………………………10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)....................……………………………………11

*Marcus v. BMW of N. Am., LLC*,
    687 F.3d 583 (3ʳᵈ Cir. 2012)..........……………………………………15

*Murphy v. DirecTV, Inc.*,
    2011 U.S. Dist. LEXIS 87627 (C.D. Cal. Feb. 11, 2011)...........................19

*Nelson v. NASA*,
    530 F.3d 865 (9th Cir. 2008)..................……………………………..11

*Pacesetter Systems v. Medronic, Inc.*,
    678 F.2d 93 (9ᵗʰ Cir. 1982)……………………………………6, 7, 9

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9ᵗʰ Cir. 2004)....……………………………………10

*Simer v. Rios*,
    661 F.2d 665 (7th Cir. 1981)......……………………………………15

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)................................................19

LEPISCOPO & ASSOCIATES LAW FIRM

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998)...................................................................9

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003)...........................................10

*Young v. Nationwide Mut. Ins. Co.,*
    693 F.3d 532 (6th Cir. 2012)............................................15

**CONSTITUTIONS**:

U.S. CONST. ART. III................................................................11, 12

**STATUTES, CODES, AND RULES:**

15 U.S.C. § 1681p(1)................................................................2

28 U.S.C. § 1332(d)................................................................13

28 U.S.C. §§ 1367.........................................................2, 18, 20

California Business & Professions Code § 17200............................3

Federal Rules of Civil Procedure Rule 12(b)(1)..............2, 10, 11, 13, 20

Federal Rules of Civil Procedure Rule 12(b)(6)..................2, 13, 14

Federal Rules of Civil Procedure Rule 12(f)........................2, 20

Federal Rules of Civil Procedure Rule 19..........................2, 18

Federal Rules of Civil Procedure Rule 23........................2, 16, 18

Federal Rule of Evidence 201(b).................................11, 14

Local Rule 7-3........................................................2

LEPISCOPO & ASSOCIATES LAW FIRM

# I.
# __INTRODUCTION__

Defendant Jawad Nesheiwat ("Nesheiwat") submits this memorandum of law in support of his motion to dismiss, or, alternatively, strike the first cause of action of the Plaintiff's complaint[1] ("Complaint" or "Compl."). Although presented in summary form here, the instant action ("Action") should be dismissed for the following reasons. First, this Action should be dismissed based on the prior pending action doctrine. The prior action was filed by a federal agency, the Consumer Financial Protection Bureau ("Bureau"), on January 9, 2020 and is currently pending in this Court and assigned to the Honorable Stanley Blumenfeld, Jr.  (previously assigned to Judge James V. Selna, *see* ECF No. 149), United States District Judge, which is styled: *Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al., Case No.* 8:20-cv-00043-SB-ADS ("Prior Action").[2] This Action was filed over 6-months later on July 23, 2020 (ECF No. 1).

---

[1]   Pursuant to Section J of the Court's 7/29/20 *Initial Order Following Filing of Complaint Assigned to Judge Selna* (ECF No. 27, p. 6, ll. 25-26), Defendant has attached a copy of the Complaint to this Memorandum as Exhibit 1, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶4; Request for Judicial Notice ("RJN").)

[2]   The most recent version pleading in the Prior Action is the Second Amended Complaint ("SAC"), a copy of which is attach to this Memorandum as Exhibit 2, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶5; RJN.)

LEPISCOPO & ASSOCIATES LAW FIRM

Second, pursuant to the principles of collateral estoppel and res judicata this action should be dismissed under Rule 12(b)(1).

Third, this action should be dismissed pursuant to Rule 12(b)(6) because plaintiff has failed to allege a class action claim.

Finally, the court should strike the first cause of action and then dismiss the second cause of action for want of federal jurisdiction.

Pursuant to Rules 12(b), 12(f), 19, & 23 of the Federal Rules of Civil Procedure[3] ("F.R.Civ.P."), 15 U.S.C. § 1681p(1), 28 U.S.C. § 1367, and Local Rule 7-3, Nesheiwat respectfully requests the Court to issue an order dismissing the complaint, or, in the alternative, striking the first cause of action in the complaint and then dismissing the remaining state action for want of federal subject matter jurisdiction pursuant to Rule 12(b)(1) and 28 U.S.C. § 1367.

## II.
## BACKGROUND

In the Prior Action, the Bureau filed its initial Complaint on January 9, 2020. It filed its first amended complaint on July 10, 2020 and its second amended complaint ("SAC") on August 26, 2020. *See* Prior Action ECF Nos. 1, 117, & 141.

---

[3]     Hereinafter all references to "Rule" or "Rules" shall refer to the Federal Rules of Civil Procedure.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

2

LEPISCOPO & ASSOCIATES LAW FIRM

The SAC alleges that various Student Loan Debt Relief Companies violated the Fair Credit Reporting Act ("FCRA" or "Act"), the Telemarketing Sales Rule ("TSR"), and Consumer Financial Protection Act ("CFPA") in connection with the marketing and selling of student loan debt relief services. *See generally* Prior Action ECF Nos. 1, ¶ 8, 117, ¶ 8, & 141, ¶ 8.

The Complaint in this Action alleges two causes of action against defendants, including Nesheiwat, in the form of class actions under the same federal statute alleged in the Prior Action: First Cause of Action (federal law): Violation of the FCRA (ECF 1, ¶¶ 1, 76-87); and Second Cause of Action (state law): Violation of California Unfair Competition Law, California Business & Professions Code ("B&P Code") §§ 17200, *et seq.* ("UCL") (ECF 1, ¶¶ 1, 88-93).

The SAC in the Prior Action and the Complaint in this Action present the **same** allegations to support their respective **federal** claims that defendants violated the FCRA, and the defendants in this Action are also defendants in the Prior Action. Specifically, Chou Team Realty, LLC doing business as Monster Loans ("Monster Loans"), Lend Tech Loans, Inc. ("Lend Tech"), Sean Cowell, Thomas Chou, Mikael Van Loon, Mr. Nesheiwat, and Eduardo Martinez (collectively ("Defendants") are also defendants in the Prior Action. *See* this Action ECF No. 1, ¶¶ 1, 9-15; and Prior Action ECF Nos. 1, 117, & 141, ¶¶ 10, 14, 39, 49, & 151. The following is a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

3

summary of the allegations from the Complaint and the SAC, which are the **same** in both actions and relevant to the instant motion.

Between December 2015 and May 2017, Monster Loans unlawfully obtained consumer reports from the consumer-reporting agency Experian. Monster Loans provided the reports to other companies, including Lend Tech, that used the reports to market debt-relief services to consumers with student loans. *See* SAC ECF No. 141, ¶ 57 and Complaint ECF No. 1, ¶ 22 & 52.

Instead of extending such offers as represented, it is alleged that Defendants obtained the reports for the purpose of soliciting consumers to purchase a "fee based application assistance" service through a web of student loan consolidation entities. In doing so, it is alleged that Defendants unlawfully distributed consumer reports, or consumer report information, to student loan consolidation entities. *See* SAC ECF No. 141, ¶¶ 57 & 59 and Complaint ECF No. 1, ¶¶ 22 & 52.

All of the foregoing allegedly requires imposition of damages and statutory penalties against Defendant in an amount of at least $5,000,000 and perhaps exceeding $15,000,000 for willful violation FCRA. *See* SAC ECF No. 141, ¶ 111 and Prayer ¶¶ (e) & (f); and Complaint ECF No. 1, ¶ 16 and Prayer ¶ (F).

On May 14, 2020, the Court in the Prior Action entered final judgment ("Prior Action Judgment") against defendants herein Monster Loans, Thomas Chou, and

LEPISCOPO & ASSOCIATES LAW FIRM

Sean Cowell, which resolved the Bureau's claims against them. *See* Prior Action ECF No. 90.[4]

Finally, on July 28, 2020 Judge Selna signed an order[5] ("Transfer Order") transferring this Action from the Honorable Virginia A. Phillips, the district judge originally assigned, to himself on the grounds that this Action and the Prior Action:

> "A.   Arise from the same or closely related transactions, happenings, or events; [and]
> B.   Call for determination of the same or substantially related or similar questions of law and fact."

*See* this Action ECF Nos. 12 & 25.

# III.
# ARGUMENT

For the following reasons, Mr. Nesheiwat respectfully requests the Court to dismiss the entire complaint or, in the alternative, strike the federal cause of action in the Complaint (1st Cause of Action) and then dismiss the remaining state cause (2nd Cause of Action) because the Court would no longer have subject matter jurisdiction.

---

[4]   A copy of the Prior Action Judgment is attached to this Memorandum as Exhibit 3, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶5; RJN.)

[5]   A copy of the Transfer Order is attached to this Memorandum as Exhibit 4, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶5; RJN.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

5

LEPISCOPO & ASSOCIATES LAW FIRM

**A.** **THIS ACTION SHOULD BE DISMISSED BASED ON THE PRIOR PENDING ACTION DOCTRINE**

As an initial matter, this Action and the Prior Action arise from the same or closely related transactions and involve the same or substantially related or similar questions of law and fact. *See* this Action ECF No. 25.

Generally, this Court should decline to exercise jurisdiction in this Action, and, therefore, should dismiss the Complaint because the federal claims and Defendants in this Action are the same as those in the Prior Action. *See e.g. Pacesetter Systems v. Medronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ("*Pacesetter*"):

> "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."

The principle at work here is designed "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," and it "should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *rev'd* on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

Procedurally, district courts consider three factors in determining whether the first-to-file rule applies: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("*Kohn Law*"). All three factors

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

6

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

weigh decisively in favor of applying the first-to-file rule here. First, filing of the Prior Action antedates this Action by over six months.

Second, the similarity of the parties, weighs just as heavily in favor of applying the first-to-file rule. The defendants in both cases are the same: Monster Loans, Lend Tech, Sean Cowell, Thomas Chou, Mikael Van Loon, Mr. Nesheiwat, and Eduardo Martinez. *See* Exhs. 1 & 2; this Action ECF No. 1, ¶¶ 1, 9-15; and Prior Action ECF Nos. 1, 117, & 141, ¶¶ 10, 14, 39, 49, & 151.

Finally, third factor, similarity of the issues, also weighs heavily in favor of applying the first-to-file rule. This Action and the Prior Action raise issues that are not just similar, but identical. In both cases, Plaintiff brings the same claims (for willful violations FCRA), against the same defendants, based on the same facts, and seek the same relief. This exceeds what the test requires. *See, e.g.*, *Kohn Law supra*, 787 F.3d at 1240-41 (for first-to-file rule to apply, actions "need not be identical, only substantially similar").

As the foregoing proves and demonstrates, in sum, all three factors weigh heavily in favor of applying the first-to-file rule. Accordingly, this Action should be dismissed under the first-to-file rule because it will both conserve judicial resources and **reduce the likelihood of inconsistent rulings**. *See Pacesetter, supra*, 678 F.2d at 96 (affirming dismissal of second-filed case involving identical parties and issues,

and explaining that "the goal of judicial efficiency would not have been served by accepting jurisdiction").

In determining whether to dismiss, this Court should consider the relative pace of the two cases. *See e.g. Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (explaining that the first-to-file rule should be applied if the earlier filed case has "a more developed case file"). So, if the first-filed action is "more developed" procedurally, then dismissal is appropriate. *Id.* In the Prior Case, judgments have been entered against several of the same defendants in this Action: Monster Loans, Thomas Chou, and Sean Cowell. *See* Exh. 3; Prior Action ECF No. 90. Further, in the Prior Action there have been numerous motions to dismiss decided, the Bureau has already filed its second amended complaint, and discovery is well under way, including depositions. Finally, on May 6, 2020, Judge Selna issued an order[6] ("Scheduling Order") setting the trial date and all other litigation dates in the Prior Action:

- Jury Trial July 13, 2021 at 8:30 a.m.
- Final PreTrial Conference June 28, 2021 at 11:00 a.m.
- File PreTrial Documents not later than June 21, 2021
- File motions in limine not later than May 31, 2021
- Discovery Cut-off March 29, 2021
- Expert Discovery Cut-off February 15, 2021

[6] A copy of the Scheduling Order is attached to this Memorandum as Exhibit 5, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶5.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

8

LEPISCOPO & ASSOCIATES LAW FIRM

- Initial disclosure of Experts not later than December 14, 2020
- Rebuttal disclosure of Experts not later than January 18, 2021
- Law and Motion Cut-off May 24, 2021 at 1:30 p.m.
- Motions to be filed and served not later than April 26, 2021
- Last Day to Amend Pleadings or Add Parties July 31, 2020

*See* Prior Action ECF No. 83.

The bottom line is that permitting Plaintiff to use this Court to relitigate the same claims in this Action that are currently litigating in the Prior Action would squander judicial resources and risk inconsistent rulings. Dismissal is the appropriate outcome. *See Pacesetter*, 678 F.2d at 95-96 (affirming dismissal under first-to-file rule and explaining that "permitting multiple litigation of these identical claims could serve no purpose of judicial administration," and would raise a "clear" "risk of conflicting determinations"); *see also Church of Scientology*, 611 F.2d at 750 (explaining that the purpose of the first-to-file rule is to "avoid the embarrassment of conflicting judgments") (citation omitted).

Based on the foregoing arguments and authorities, the Court should dismiss this Action.

**B.    PURSUANT TO THE PRINCIPLES OF COLLATERAL ESTOPPEL AND *RES JUDICATA* THIS ACTION SHOULD BE DISMISSED UNDER RULE 12(b)(1)**

As an initial matter, it is important to note that federal courts are courts of limited jurisdiction and may hear cases only to the extent expressly provided by statute. *See e.g. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

9

LEPISCOPO & ASSOCIATES LAW FIRM

Thus, in this Action Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("*Kokkonen*"); *see also Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. *See* Rule 12(b)(1). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("*Safe Air*"). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. *Id.*; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("*Warren*").

On the other hand, if, instead, the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. *Safe Air*, *supra*, 373 F.3d at 1039. Specifically, a Rule 12(b)(1) motion may be made on the basis that the complaint, together with documents attached to the complaint and any judicially noticed facts, fails to establish subject matter jurisdiction. *Warren, supra,* 328 F.3d at 1139.

In support of this motion, Mr. Nesheiwat proffers evidence outside of the four-corners of the Complaint, but which is submitted pursuant to his concurrently filed RJN: Exhibits 1-5 (all of which are documents filed in this Court in this Action and the Prior Action). *See* Federal Rule of Evidence ("FRE") 201(b).

Pursuant to Article III of the United States Constitution ("Article III"), the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" U.S. CONST. ART. III; *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. *Nelson v. NASA*, 530 F.3d 865, 873 (9th Cir. 2008) ("*Nelson*"), *rev'd* on other grounds, 562 U.S. 134 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("*Lujan*"); *Nelson*, *supra*, 530 F.3d at 873.

In addition to the reasons to dismiss this Action pursuant to the first-to-file rule discussed in Section III.A, *supra*, this Action may also be dismissed under Rule 12(b)(1) for the following reasons. First, there is no "case or controversy" under

Article III to invoke this Court's jurisdiction because the Prior Action Judgment has been entered regarding the same damages sought by Plaintiff in this Action. Thus, in this Action Plaintiff will not be able to prove the damages element of her claims.

Second, there is no "case or controversy" under Article III to invoke this Court's jurisdiction   because the principles of collateral estoppel (or issue preclusion) and *res judicata* (or claim preclusion) prevents Plaintiff from relitigating issues or claims relating to damages due to the entry of the Prior Action Judgment. In the Prior Action the Bureau is asserting the rights of the same class of persons as those alleged in this Action, including Plaintiff. Thus, the principle is the same. Specifically, the U.S. Supreme Court stated in *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("*Cooper*"), "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." The Prior Action Judgment is predicated upon the same issues, claims, and damages under FCRA, as well as the same defendants as in this Action.

Third, as to the Prior Action Judgment serving as claim preclusion, the Supreme Court also explained in *Cooper* that "[a] judgment in favor of the plaintiff class extinguishes their claim, which merges into the judgment granting relief[, while] [a] judgment in favor of the defendant **extinguishes the claim**, barring a subsequent action on that claim." *Id.* (emphasis added). With respect to issue

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

12

LEPISCOPO & ASSOCIATES LAW FIRM

preclusion, the Court observed that "[a] judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment." *Id*. Thus, all the issues litigated under FCRA in the Prior Action are the same as those in this Action, thereby preventing Plaintiff from relitigating those issues this Action. *Id*.

Finally, federal courts must give judgments litigated either in the **same** court or in other federal courts full preclusive effect thereby requiring this Court to give the Prior Action Judgment its full effect in this Action over issues and claims. *Id*. at 872-874.

As the foregoing proves and demonstrates, there is no "case or controversy" under Article III and, therefore, this Court does not have subject matter jurisdiction requiring dismissal of this Action. Rule 12(b)(1).

## C. THIS ACTION SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) BECAUSE PLAINTIFF HAS FAILED TO ALLEGE A CLASS ACTION CLAIM

Pursuant to Rule 12(b)(6), Mr. Nesheiwat may move to dismiss for failure to state a claim upon which relief can be granted. In this Action, Plaintiff must state "enough facts to state a claim to relief that is plausible on its face" in order to properly plead a class action under Rule 23 and under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"). *See e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference

LEPISCOPO & ASSOCIATES LAW FIRM

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Ashcroft*").

In resolving a 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but scant "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, *supra*, 556 U.S. at 678.

Second, the Court is not required to "'accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 678-80 (quoting *Twombly*, 550 U.S. at 555).

Third, and as mentioned in Section III.B, *supra*, pursuant to FRE Rule 201, this Court may consider matters to which judicial notice may be taken when considering a Rule 12(b)(6) motion to dismiss (in this Action, Exhibits 1-5; RJN).

Finally, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

Applying the foregoing principles and once the Court takes judicial notice of the Prior Action and the Prior Action Judgment, the class action must fail.

LEPISCOPO & ASSOCIATES LAW FIRM

First, Plaintiff will not be able to certify the class in this action because she has failed to allege an adequate class definition, a necessary element. The class definition must be precise and unambiguous. *See e.g. Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Co. 1995) ("Plaintiffs must first adequately define the class . . . [b]ecause Plaintiffs' definition of the proposed class is untenable, class certification is inappropriate in the instant case."). Here, Plaintiff's proposed class definition involving "*the purported permissible purpose for obtaining and using the consumer report was the same as the purported permissible purposed that was claimed to obtain Plaintiff's consumer report*" is not only untenable, but utterly unintelligible (Compl. ¶ 67). *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591-92 (3rd Cir. 2012); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

Plaintiff's proposed class definition is further untenable and too indefinite to survive the pleadings stage because it expressly depends on a particular and peculiar state of mind. *Simer v. Rios*, 661 F.2d 665, 669 (7th Cir. 1981) ("Courts have recognized the difficulty of identifying class members whose membership in the class depends on each individual's state of mind."); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 (3rd Cir. 2013) ("ascertainability entails two important elements. First, the class must be defined with reference to objective criteria. Second, there must be a reliable and administratively feasible mechanism for determining whether putative class member falls within the class definition."). Here, the proposed class

definition involving the "*purported permissible purpose for obtaining and using the consumer report was the same as the purported permissible purpose that was claimed to obtain Plaintiff's consumer report*" is not objective, but entirely subjective (Compl. ¶ 67). Plaintiff's proposed class definition does not allow for an administratively feasible means to determine who is a member of the class, as the proposed class definition leaves this Court and class members guessing as to who falls within the class definition.

Second, Plaintiff will not be able to certify the class in this Action because it is obvious that superiority of the class action device is lacking. Rule 23 lists four factors relevant to the determination of whether a class action is superior. *See* Rule 23(b)(3). One pertinent factor is the "extent and nature of any litigation concerning the controversy already begun by or against class members." Rule 23(b)(3)(B); *see, e.g., Kamm v. California City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975) ("*Kamm*") (affirming dismissal of class action and striking class allegations where superiority lacking because of underlying administrative enforcement action involving the same parties and claims). Here, as noted above, the Prior Action Judgment is predicated upon the same issues, claims, and damages under FCRA, as well as the same defendants as in this Action. Thus there exists no legitimate reason based on the Prior Action to continue this Action as a class action because it is demonstrably not the superior method.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

16

LEPISCOPO & ASSOCIATES LAW FIRM

*Kamm* is particularly instructive, and its holding is binding on this Court. *Kamm, supra*, 509 F.2d 205, 206-213. In *Kamm*, the plaintiffs sought to bring a class action. The plaintiffs alleged that the defendants defrauded investors in a desert land scheme. *Id*. The defendants sought dismissal of the class claims on the grounds that it was not the superior method for resolving the controversy because of an earlier action commenced by the Attorney General and the Real Estate Commissioner of California that resulted in a settlement involving the same claims and parties. *Id*. The court granted the defendants' motion to dismiss the plaintiffs' class action and strike the class allegations, which the plaintiffs appealed. However, because the court concluded that the earlier action involved the same fraudulent conduct and both sought relief for those injured, the *Kamm* court affirmed the dismissal of the class claims for lack of superiority. *Id*.

This Court should not hesitate to dismiss and strike the class claims in the Present Action for the same reason the Ninth Circuit chose to dismiss and strike the class claims in *Kamm*: lack of superiority. The fact of and scope of the Prior Action fully encompasses the Present Action, showing indisputably that superiority of the class action device in this instance is lacking. Accordingly, this Court should follow the Ninth Circuit in *Kamm* and dismiss Plaintiffs' class claims for lack of superiority, among the other legal reasons identified herein.

Third, Plaintiff will not be able to certify the class in this Action because she will not be able to establish adequacy, a necessary element, as the action as pled by Plaintiff duplicates claims and remedies that are already available to Plaintiff and other class members in the Prior Action. Those interests are currently protected and prosecuted by the Bureau, a federal agency. *See* Rule 23(a)(4); *In re: Aqua Dots Prods. Liability Litig.*, 654 F.3d 748, 752 (7th Cir. 2011).

Fourth, Plaintiff will not be able to certify the proposed class in this Action because she cannot eliminate the risk of inconsistent or varying adjudications presented by the Pending Action. *See* Rule 23(b)(1)(A).

Fifth, Plaintiff will not be able to certify the proposed class in this action because she cannot eliminate the risk of adjudications of unrepresented members presented by the Pending Action. *See* Rule 23(b)(1)(B).

Sixth, once the court strikes the First Cause of Action (class action) the court will no longer have subject matter jurisdiction over this Action, requiring dismissal of the Second Cause of Action alleged under California law. *See* Rule 12(b)(1) and 28 U.S.C. §§ 1367.

Finally, the Complaint is deficient for lack of inclusion of all necessary parties, the absence of which the court cannot afford complete relief. *See* Rule 19. Plaintiff alleges that the "student loan consolidation entities" ("SL Entities") harmed Plaintiff and the other class members. *See* Compl. ¶¶ 6, 25, 52, 53, & 56. The SL

LEPISCOPO & ASSOCIATES LAW FIRM

Entities allegedly obtained monies from Plaintiff and the other class members. However, Plaintiff failed to identify or join the SL Entities in this Action, rending the Complaint deficient and subject to challenge under Rules 12(b)(7) and 19.

**D.   THE COURT SHOULD STRIKE THE FIRST CAUSE OF ACTION AND THEN DISMISS THE SECOND CAUSE OF ACTION FOR WANT OF FEDERAL JURISDICTION**

This Court has authorized class action defendants to bring a Rule 12(f) motion to strike class allegations and will grant the motion "if it is clear from the complaint that the class claims cannot be maintained." *Giles v. Cmty. Educ. Ctrs., Inc.*, Case No. 16-4863-DMG (KSx), 2016 U.S. Dist. LEXIS 193359, at *4 (C.D. Cal. Aug. 8, 2016); *Murphy v. DirecTV, Inc.*, Case No. 2:07-cv-06465-JHN-VBKx, 2011 U.S. Dist. LEXIS 87627, at *4-5 (C.D. Cal. Feb. 11, 2011) (denying motion to strike class allegations because it was not clear from the complaint that the class claims could not be maintained). Contrariwise, the United States Supreme Court has held that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . ." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (reversing a class certification order).

Further, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

19

LEPISCOPO & ASSOCIATES LAW FIRM

2009). To be sure, "[b]efore a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Id*.

For all the reasons set forth in greater detail in Sections III.A, B, & C, *supra*, the First Cause of Acton cannot be maintained. Accordingly, it should be stricken in its entirety. Rule 12(f).

Finally, once the court strikes the First Cause of Action (class action) the court will no longer have subject matter jurisdiction over this Action, requiring dismissal of the Second Cause of Action alleged under California law. *See* Rule 12(b)(1) and 28 U.S.C. § 1367.

## IV.   **CONCLUSION**

Based on the foregoing arguments and authorities, Mr. Nesheiwat respectfully requests the Court to issue an order dismissing the complaint, or, in the alternative, to striking the first cause of action in the complaint and then dismissing the state action pursuant to 28 U.S.C. § 1367.

Dated:  October 5, 2020.          **LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo_____
     **PETER D. LEPISCOPO**
     ***Counsel of Record***

     Attorneys   for   Defendant,   **JAWAD NESHEIWAT**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE FIRST CAUSE OF ACTION

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the Court and all counsel of record via the Court's electronic filing system on October 5, 2020.

Dated: October 5, 2020.                    Respectfully submitted,


/s/ Peter D. Lepiscopo        .
**PETER D. LEPISCOPO**
 *Counsel of Record*
Attorneys for Defendant, **JAWAD NESHEIWAT**