Jeremy S. Johnson, State Bar No. 214989
jjohnson@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Courtney M. Serrato, State Bar No. 311141
cserrato@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
Chou Team Realty, LLC, a California limited
liability company, Sean Cowell, an individual,
Thomas Chou, an individual, Mikael Van Loon, an
individual

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Erica Reiners, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Chou Team Realty, LLC d/b/a MonsterLoans, a California limited liability company, Lend Tech Loans, Inc., a California corporation, Sean Cowell, an individual, Thomas Chou, an individual, Mikael Van Loon, an individual, Jawad Nesheiwat, an individual, and Eduardo Martinez, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-JVS-ADS<br><br>Judge: Hon. James V. Selna<br><br>**DEFENDANTS CHOU TEAM REALTY, LLC, AND THOMAS CHOU'S ANSWERS TO COMPLAINT**<br><br>Complaint Filed: July 23, 2020 |

Defendants Chou Team Realty, LLC d/b/a MonsterLoans ("MonsterLoans"), and Thomas Chou ("Chou"), through counsel, hereby answer Plaintiff's Class Action Complaint and Jury Demand (the "Complaint") and state as follows:

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6835.001  4825-2181-9344.1

## MONSTERLOANS' AND CHOU'S
## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. MonsterLoans and Chou admit that Plaintiff purports to bring a Class Action Complaint against the MonsterLoans, Chou, and other defendants. MonsterLoans and Chou deny the remaining allegations in Paragraph 1.

2. MonsterLoans and Chou admit that Plaintiff filed the instant action. MonsterLoans and Chou deny the remaining allegations in Paragraph 2.

3. MonsterLoans and Chou admit that Plaintiff purports to paraphrase the FCRA. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 3.

4. MonsterLoans and Chou deny the allegations in Paragraph 4.

5. MonsterLoans and Chou deny the allegations in Paragraph 5.

6. MonsterLoans and Chou deny the allegations in Paragraph 6.

7. MonsterLoans and Chou deny the allegations in Paragraph 7.

8. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 8.

9. MonsterLoans and Chou admit the allegations in Paragraph 9.

10. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 10.

11. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 11.

12. MonsterLoans and Chou admit the allegations in Paragraph 12.

13. MonsterLoans and Chou admit that Mikael Van Loon is a natural person and citizen of the State of California who was the Chief Executive Officer of MonsterLoans. MonsterLoans and Chou deny the remaining allegations in Paragraph 13.

14. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 14.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6835.001 4825-2181-9344.1

15. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 15.

16. MonsterLoans and Chou admit this Court has subject matter jurisdiction. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 16.

17. MonsterLoans and Chou admit this Court has personal jurisdiction over MonsterLoans and Chou. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 17 related to the Court's personal jurisdiction over the remaining defendants. MonsterLoans and Chou deny the remaining allegations in Paragraph 17.

18. MonsterLoans and Chou admit venue is proper in this District as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of Plaintiff's venue allegations as to the other defendants. MonsterLoans and Chou deny the remaining allegations in Paragraph 18.

19. MonsterLoans and Chou admit the allegations in Paragraph 19, except MonsterLoans and Chou deny that MonsterLoans remains in business.

20. MonsterLoans and Chou deny the allegations in Paragraph 20.

21. MonsterLoans and Chou admit the allegations in Paragraph 21.

22. MonsterLoans and Chou deny the allegations in Paragraph 22.

23. Chou admits he exchanged email communications with Defendant Nesheiwat from time to time in 2017. Chou denies the remaining allegations in Paragraph 23. MonsterLoans lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 23.

24. MonsterLoans and Chou admit that Plaintiff purports to quote and paraphrase an email from Defendant Nesheiwat. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 24.

25. MonsterLoans and Chou deny the allegations in Paragraph 25.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

6835.001 4825-2181-9344.1

26. MonsterLoans and Chou deny the allegations in Paragraph 26 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 26.

27. MonsterLoans and Chou deny the allegations in Paragraph 27 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 27.

28. MonsterLoans and Chou deny the allegations in Paragraph 28 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 28.

29. MonsterLoans and Chou deny the allegations in Paragraph 29 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 29.

30. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 30.

31. MonsterLoans and Chou deny the allegations in Paragraph 31 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 31.

32. MonsterLoans and Chou deny the allegations in Paragraph 32 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 32.

33. MonsterLoans and Chou admit that MonsterLoans sent LendTech a letter regarding originating loans and which letter speaks for itself. MonsterLoans and Chou deny the remaining allegations in Paragraph 33.

34. MonsterLoans and Chou admit to the existence of a "sublease agreement." MonsterLoans and Chou deny the remaining allegations in Paragraph 34.

35. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 35.

36. MonsterLoans and Chou lack sufficient knowledge or information to

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4

6835.001 4825-2181-9344.1

determine the truth of the allegations in Paragraph 36.

37. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 37.

38. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 38.

39. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 39.

40. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 40.

41. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 41.

42. MonsterLoans and Chou deny the allegations in Paragraph 42 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 42.

43. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 43.

44. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 44.

45. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 45.

46. MonsterLoans and Chou deny the allegations in Paragraph 46 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 46.

47. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 47 regarding Lend Tech's incorporation. MonsterLoans and Chou deny the remaining allegations in Paragraph 47.

48. MonsterLoans and Chou deny the allegations in Paragraph 48.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

5

6835.001  4825-2181-9344.1

49.   MonsterLoans and Chou deny the allegations in Paragraph 48 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 49.

50.   MonsterLoans and Chou are without knowledge or information sufficient to admit or deny the allegations in Paragraph 50.

51.   MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 51.

52.   MonsterLoans and Chou deny the allegations in Paragraph 52 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 53.

53.   MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 53.

54.   MonsterLoans and Chou deny the allegations in Paragraph 54 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 54.

55.   MonsterLoans and Chou deny the allegations in Paragraph 55 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 55.

56.   MonsterLoans and Chou deny the allegations in Paragraph 56 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 56.

57.   MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the allegations in Paragraph 57.

58.   MonsterLoans and Chou deny the allegations in Paragraph 58 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 58.

59.   MonsterLoans and Chou deny the allegations in Paragraph 59 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

6835.001  4825-2181-9344.1

deny the remaining allegations in Paragraph 59.

60. MonsterLoans and Chou deny the allegations in Paragraph 60 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 60.

61. MonsterLoans and Chou deny the allegations in Paragraph 61 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 61.

62. MonsterLoans and Chou deny the allegations in Paragraph 62 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 62.

63. MonsterLoans and Chou deny the allegations in Paragraph 63 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 63.

64. MonsterLoans and Chou deny the allegations in Paragraph 64 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 64.

65. MonsterLoans and Chou deny the allegations in Paragraph 65 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 65.

66. MonsterLoans and Chou deny the allegations in Paragraph 66 as to them. MonsterLoans and Chou do not have knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 66.

67. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 67.

68. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 68.

69. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 69.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6835.001  4825-2181-9344.1

70. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 70.

71. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 71.

72. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 72.

73. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 73.

74. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 74.

75. MonsterLoans and Chou admit that Plaintiff seeks to bring a class action lawsuit. MonsterLoans and Chou deny the remaining allegations in Paragraph 75.

## **MONSTERLOANS' AND CHOU'S RESPONSES**
## **TO PLAINTIFF'S LEGAL CLAIMS**
## **FIRST CAUSE OF ACTION**

76. MonsterLoans and Chou refer to Paragraphs 1–75 of this Answer, and by reference incorporate the same in response to the allegations in Paragraph 76 of the Complaint.

77. MonsterLoans and Chou admit Plaintiff purports to quote the FCRA. MonsterLoans and Chou deny the allegations in Paragraph 77 to the extent they inaccurately quote the FCRA.

78. MonsterLoans and Chou deny the allegations in Paragraph 78 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 78.

79. MonsterLoans and Chou deny the allegations in Paragraph 79 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 79.

80. MonsterLoans and Chou lack sufficient knowledge or information to

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

8

6835.001 4825-2181-9344.1

determine the truth of the allegations in Paragraph 80.

81. MonsterLoans and Chou deny the allegations in Paragraph 81 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 81.

82. MonsterLoans and Chou deny the allegations in Paragraph 82 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 82.

83. MonsterLoans and Chou deny the allegations in Paragraph 83 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 83.

84. MonsterLoans and Chou deny the allegations in Paragraph 84 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 84.

85. MonsterLoans and Chou deny the allegations in Paragraph 85 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 85.

86. MonsterLoans and Chou deny the allegations in Paragraph 86 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 86.

87. MonsterLoans and Chou deny the allegations in Paragraph 87.

## SECOND CAUSE OF ACTION

88. MonsterLoans and Chou refer to Paragraphs 1–87 of this Answer, and by reference incorporate the same in response to the allegations in Paragraph 88 of the Complaint.

89. MonsterLoans and Chou deny the allegations in Paragraph 89 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 89.

90. MonsterLoans and Chou lack sufficient knowledge or information to

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

9

6835.001 4825-2181-9344.1

determine the truth of the allegations in Paragraph 90.

91. MonsterLoans and Chou deny the allegations in Paragraph 91 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 91.

92. MonsterLoans and Chou deny the allegations in Paragraph 92 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 92.

93. MonsterLoans and Chou deny the allegations in Paragraph 93 as to them. MonsterLoans and Chou lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 93.

94. MonsterLoans and Chou deny the Prayer for Relief in Paragraphs A through F of the Prayer for Relief.

95. Except as otherwise admitted herein, MonsterLoans and Chou deny all of the allegations of the Complaint.

## MONSTERLOANS' AND CHOU'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S ALLEGATIONS AND LEGAL CLAIMS.

Further, as separate Affirmative Defenses to each and every claim for relief in Plaintiff's Complaint, MonsterLoans and Chou are informed and believe, and on such information and belief allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. Plaintiff does not have standing to assert the claims set forth in the Complaint.

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10

6835.001 4825-2181-9344.1

## THIRD AFFIRMATIVE DEFENSE
## (Improper Representative of Putative Class)

3. Plaintiff is not a proper representative of the putative class identified in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
## (No Numerosity, Commonality, Typicality or Predominance)

4. The putative class fails to satisfy the requirements of numerosity, commonality, typicality, and/or predominance.

## FIFTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

5. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
## (Justification and Privilege)

6. MonsterLoans' and Chou's acts, omissions, and/or representations are not prohibited by appliable state or federal laws.

## SEVENTH AFFIRMATIVE DEFENSE
## (Protection of Corporate Form)

7. MonsterLoans and Chou are not proper defendants to this action because they are protected by the corporate form.

## EIGHTH AFFIRMATIVE DEFENSE
## (Liability of Others)

8. The acts, omissions, and/or representations of the other defendants are not properly attributable to MonsterLoans or Chou.

## NINTH AFFIRMATIVE DEFENSE
## (Estoppel)

9. Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

11

6835.001 4825-2181-9344.1

barred, in whole or in part by, the Doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

10. Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Unclean Hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

11. Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Laches.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

12. Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Relief)

13. Plaintiff has adequate relief at law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Causation)

14. Plaintiff has not incurred any damages and/or any damages were not the result of any actions, omissions, and/or representations by MonsterLoans or Chou.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Frivolous Claims)

15. Plaintiff's claims are frivolous, groundless, unreasonable, and/or meritless.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6835.001  4825-2181-9344.1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abuse of Process)

16. Plaintiff has committed and is continuing to commit an abuse of process.

17. MonsterLoans and Chou reserve their right to supplement or amend their affirmative defenses.

## DEMAND FOR JURY TRIAL

MonsterLoans and Chou hereby demand a trial by jury.

Dated: October 30, 2020

BREMER WHYTE BROWN & O'MEARA LLP

By: /s/ Benjamin Price

Jeremy S. Johnson
Benjamin Price
Courtney M. Serrato
Attorneys for Defendants
Chou Team Realty, LLC, a
California limited liability company,
and Thomas Chou, an individual

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

13

6835.001 4825-2181-9344.1

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660. My business e-mail address is pcarvalho@bremerwhyte.com.

On October 30, 2020, I served the within document(s) described as:

DEFENDANTS CHOU TEAM REALTY, LLC AND THOMAS CHOU'S ANSWERS TO COMPLAINT

on the interested parties in this action as stated on the attached mailing list.

[X] (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through CM/ECF for the above-entitled case. Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by CM/ECF's system. A copy of the CM/ECF filing receipt page will be maintained with the original document(s) in our office.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 30, 2020, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Pamela Carvalho | *Pamela J. Carvalho* |
|---|---|
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

6835.001  4821-3386-5678.1

## Erica Reiners, v. Chou team Realty, LLC, et al.

Case No. 2:20-cv-06587-JVS-ADS

**BWB&O CLIENT:** Chou Team Realty, LLC dba MonsterLoans, Sean Cowell
**BWB&O FILE NO.:** 6835.001

## SERVICE LIST

| Aaron D. Aftergood<br>**THE AFTERGOOD LAW FIRM**<br>1880 Century Park East, Suite 200<br>Los Angeles, CA 90067<br><br>Tel: (310) 550-5221<br>Fax: (310) 496-2840<br><br>aaron@aftergoodesq.com<br><br>Attorneys for Plaintiff and the Class | Taylor T. Smith<br>**WOODROW & PELUSO, LLC**<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br><br>Tel: (720) 907-7628<br>Fax: (303) 927-0809<br><br>tsmith@woodrowpeluso.com<br><br>Attorneys for Plaintiff and the Class | Sean P. Burke<br>Mattingly Burke Cohen & Biederman LLP<br>155 East Market Street, Suite 400<br>Indianapolis, IN 46204<br><br>Tel: (317) 614-7320<br><br>Sean.Burke@mbclaw.com<br><br>Attorneys for Defendants Chou Team Realty, LLC, Sean Cowell, and Mikael Van Loon |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

6835.001  4821-3386-5678.1