1  Jeremy S. Johnson, State Bar No. 214989
   jjohnson@bremerwhyte.com
2  Benjamin Price, State Bar No. 267400
   bprice@bremerwhyte.com
3  Courtney M. Serrato, State Bar No. 311141
   cserrato@bremerwhyte.com
4  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
5  Second Floor
   Newport Beach, California 92660
6  Telephone:  (949) 221-1000
   Facsimile:  (949) 221-1001
7
   Attorneys for Defendants,
8  Chou Team Realty, LLC, a California limited
   liability company, Sean Cowell, an individual,
9  Thomas Chou, an individual, Mikael Van Loon, an
   individual
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14  Erica Reiners, individually and on behalf   )   Case No. 2:20-cv-06587-JVS-ADS
    of all others similarly situated,           )
15                                              )   Judge:  Hon. James V. Selna
                  Plaintiffs,                    )
16                                              )   **DEFENDANT MIKAEL VAN**
           vs.                                   )   **LOON'S ANSWER TO**
17                                              )   **COMPLAINT**
    Chou Team Realty, LLC d/b/a                  )
18  MonsterLoans, a California limited           )   Complaint Filed:  July 23, 2020
    liability company, Lend Tech Loans, Inc.,    )
19  a California corporation, Sean Cowell, an    )
    individual, Thomas Chou, an individual,      )
20  Mikael Van Loon, an individual, Jawad        )
    Nesheiwat, an individual, and Eduardo        )
21  Martinez, an individual,                     )
                                                )
22                Defendants.                    )
                                                )
23

24         Defendant Mikael Van Loon ("Van Loon"), through counsel, hereby answers

25  Plaintiff's Class Action Complaint and Jury Demand (the "Complaint") and states as

26  follows:

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

## VAN LOON'S RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.    Van Loon admits that Plaintiff purports to bring a Class Action Complaint against Van Loon and other defendants.  Van Loon denies the remaining allegations in Paragraph 1.

2.    Van Loon admits that Plaintiff filed the instant action.  Van Loon denies the remaining allegations in Paragraph 2.

3.    Van Loon admits that Plaintiff purports to paraphrase the FCRA. Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 3.

4.    Van Loon denies the allegations in Paragraph 4.

5.    Van Loon denies the allegations in Paragraph 5.

6.    Van Loon denies the allegations in Paragraph 6.

7.    Van Loon denies the allegations in Paragraph 7.

8.    Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 8.

9.    Van Loon admits the allegations in Paragraph 9.

10.   Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 10.

11.   Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 11.

12.   Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 12.

13.   Van Loon admits he is a natural person and citizen of the State of California who was the Chief Executive Officer of MonsterLoans.  Van Loon denies the remaining allegations in Paragraph 13.

14.   Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 14.

15.   Van Loon lacks sufficient knowledge or information to determine the

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

6835.001  4839-1347-6304.1

truth of the allegations in Paragraph 15.

16.     Van Loon admits this Court has subject matter jurisdiction.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 16.

17.     Van Loon admits this Court has personal jurisdiction over him.  Van Loon lacks sufficient knowledge or information to determine the truth of Plaintiff's personal jurisdiction allegations as to the other defendants.  Van Loon denies the remaining allegations in Paragraph 17.

18.     Van Loon admits venue is proper in this District as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of Plaintiff's venue allegations as to the other defendants.  Van Loon denies the remaining allegations in Paragraph 18.

19.     Van Loon admits the allegations in Paragraph 19, except Van Loon denies that MonsterLoans remains in business.

20.     Van Loon denies the allegations in Paragraph 20.

21.     Van Loon admits the allegations in Paragraph 21.

22.     Van Loon denies the allegations in Paragraph 22.

23.     Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 23.

24.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 24.

25.     Van Loon denies the allegations in Paragraph 25.

26.     Van Loon denies the allegations in Paragraph 26 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 26.

27.     Van Loon denies the allegations in Paragraph 27 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 27.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

6835.001 4839-1347-6304.1

28.     Van Loon denies the allegations in Paragraph 28 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 28.

29.     Van Loon denies the allegations in Paragraph 29 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 29.

30.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 30.

31.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 31.

32.     Van Loon denies the allegations in Paragraph 32 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 32.

33.     Van Loon admits MonsterLoans sent LendTech a letter regarding originating loans and that letter speaks for itself.  Van Loon denies the remaining allegations in Paragraph 33.

34.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 34.

35.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 35.

36.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 36.

37.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 37.

38.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 38.

39.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 39.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

4

6835.001  4839-1347-6304.1

40.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 40.

41.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 41.

42.     Van Loon denies the allegations in Paragraph 42 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 42.

43.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 43.

44.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 44.

45.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 45.

46.     Van Loon denies the allegations in Paragraph 46 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 46.

47.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 47 regarding Lend Tech's incorporation.  Van Loon denies the remaining allegations in Paragraph 47.

48.     Van Loon denies the allegations in Paragraph 48.

49.     Van Loon denies the allegations in Paragraph 49 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 49.

50.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 50.

51.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 51.

52.     Van Loon denies the allegations in Paragraph 52 as to him.  Van Loon

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6835.001  4839-1347-6304.1

1  lacks sufficient knowledge or information to determine the truth of the remaining
2  allegations in Paragraph 52.

3      53.    Van Loon lacks sufficient knowledge or information to determine the
4  truth of the allegations in Paragraph 53.

5      54.    Van Loon denies the allegations in Paragraph 54 as to him.  Van Loon
6  lacks sufficient knowledge or information to determine the truth of the remaining
7  allegations in Paragraph 54.

8      55.    Van Loon denies the allegations in Paragraph 55 as to him.  Van Loon
9  lacks sufficient knowledge or information to determine the truth of the remaining
10 allegations in Paragraph 55.

11     56.    Van Loon denies the allegations in Paragraph 56 as to him.  Van Loon
12 lacks sufficient knowledge or information to determine the truth of the remaining
13 allegations in Paragraph 56.

14     57.    Van Loon lacks sufficient knowledge or information to determine the
15 truth of the allegations in Paragraph 57.

16     58.    Van Loon denies the allegations in Paragraph 58 as to him.  Van Loon
17 lacks sufficient knowledge or information to determine the truth of the remaining
18 allegations in Paragraph 58.

19     59.    Van Loon denies the allegations in Paragraph 59 as to him.  Van Loon
20 lacks sufficient knowledge or information to determine the truth of the remaining
21 allegations in Paragraph 59.

22     60.    Van Loon denies the allegations in Paragraph 60 as to him.  Van Loon
23 lacks sufficient knowledge or information to determine the truth of the remaining
24 allegations in Paragraph 60.

25     61.    Van Loon denies the allegations in Paragraph 61 as to him.  Van Loon
26 lacks sufficient knowledge or information to determine the truth of the remaining
27 allegations in Paragraph 61.

28     62.    Van Loon denies the allegations in Paragraph 62 as to him.  Van Loon

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6835.001  4839-1347-6304.1

1  lacks sufficient knowledge or information to determine the truth of the remaining
2  allegations in Paragraph 62.

3      63.    Van Loon denies the allegations in Paragraph 63 as to him.  Van Loon
4  lacks sufficient knowledge or information to determine the truth of the remaining
5  allegations in Paragraph 63.

6      64.    Van Loon denies the allegations in Paragraph 64 as to him.  Van Loon
7  lacks sufficient knowledge or information to determine the truth of the remaining
8  allegations in Paragraph 64.

9      65.    Van Loon denies the allegations in Paragraph 65 as to him.  Van Loon
10  lacks sufficient knowledge or information to determine the truth of the remaining
11  allegations in Paragraph 65.

12      66.    Van Loon denies the allegations in Paragraph 66 as to him.  Van Loon
13  lacks sufficient knowledge or information to determine the truth of the remaining
14  allegations in Paragraph 66.

15      67.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
16  Loon denies the remaining allegations in Paragraph 67.

17      68.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
18  Loon denies the remaining allegations in Paragraph 68.

19      69.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
20  Loon denies the remaining allegations in Paragraph 69.

21      70.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
22  Loon denies the remaining allegations in Paragraph 70.

23      71.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
24  Loon denies the remaining allegations in Paragraph 71.

25      72.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
26  Loon denies the remaining allegations in Paragraph 72.

27      73.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van
28  Loon denies the remaining allegations in Paragraph 73.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

7

6835.001  4839-1347-6304.1

1    74.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van

2    Loon denies the remaining allegations in Paragraph 74.

3    75.    Van Loon admits that Plaintiff seeks to bring a class action lawsuit.  Van

4    Loon denies the remaining allegations in Paragraph 75.

5    **VAN LOON'S RESPONSES**

6    **TO PLAINTIFF'S LEGAL CLAIMS**

7    **FIRST CAUSE OF ACTION**

8    76.    Van Loon refers to Paragraphs 1–75 of this Answer, and by reference

9    incorporates the same in response to the allegations in Paragraph 76 of the Complaint.

10   77.    Van Loon admits Plaintiff purports to quote the FCRA.  Van Loon denies

11   the allegations in Paragraph 77 to the extent they inaccurately quote the FCRA.

12   78.    Van Loon denies the allegations in Paragraph 78 as to him.  Van Loon

13   lacks sufficient knowledge or information to determine the truth of the remaining

14   allegations in Paragraph 78.

15   79.    Van Loon denies the allegations in Paragraph 79 as to him.  Van Loon

16   lacks sufficient knowledge or information to determine the truth of the remaining

17   allegations in Paragraph 79.

18   80.    Van Loon lacks sufficient knowledge or information to determine the

19   truth of the allegations in Paragraph 80.

20   81.    Van Loon denies the allegations in Paragraph 81 as to him.  Van Loon

21   lacks sufficient knowledge or information to determine the truth of the remaining

22   allegations in Paragraph 81.

23   82.    Van Loon denies the allegations in Paragraph 82 as to him.  Van Loon

24   lacks sufficient knowledge or information to determine the truth of the remaining

25   allegations in Paragraph 82.

26   83.    Van Loon denies the allegations in Paragraph 83 as to him.  Van Loon

27   lacks sufficient knowledge or information to determine the truth of the remaining

28   allegations in Paragraph 83.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

8

6835.001  4839-1347-6304.1

84.     Van Loon denies the allegations in Paragraph 84 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 84.

85.     Van Loon denies the allegations in Paragraph 85 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 85.

86.     Van Loon denies the allegations in Paragraph 86 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 86.

87.     Van Loon denies the allegations in Paragraph 87.

## SECOND CAUSE OF ACTION

88.     Van Loon refers to Paragraphs 1–87 of this Answer, and by reference incorporates the same in response to the allegations in Paragraph 88 of the Complaint.

89.     Van Loon denies the allegations in Paragraph 89 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 89.

90.     Van Loon lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 90.

91.     Van Loon denies the allegations in Paragraph 91 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 91.

92.     Van Loon denies the allegations in Paragraph 92 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 92.

93.     Van Loon denies the allegations in Paragraph 93 as to him.  Van Loon lacks sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 93.

94.     Van Loon denies the Prayer for Relief in Paragraphs A through F of the

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6835.001 4839-1347-6304.1

Prayer for Relief.

95.    Except as otherwise admitted herein, Van Loon denies all of the allegations of the Complaint.

## VAN LOON'S AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S ALLEGATIONS AND LEGAL CLAIMS.

Further, as separate Affirmative Defenses to each and every claim for relief in Plaintiff's Complaint, Van Loon is informed and believes, and on such information and belief alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.    Plaintiff does not have standing to assert the claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Improper Representative of Putative Class)

3.    Plaintiff is not a proper representative of the putative class identified in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (No Numerosity, Commonality, Typicality or Predominance)

4.    The putative class fails to satisfy the requirements of numerosity, commonality, typicality, and/or predominance.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

5.    Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

10

6835.001 4839-1347-6304.1

## SIXTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

6.    Van Loon's acts, omissions, and/or representations are not prohibited by appliable state or federal laws.

## SEVENTH AFFIRMATIVE DEFENSE

### (Protection of Corporate Form)

7.    Van Loon is not a proper defendant to this action because he is protected by the corporate form.

## EIGHTH AFFIRMATIVE DEFENSE

### (Liability of Others)

8.    The acts, omissions, and/or representations of the other defendants are not properly attributable to Van Loon.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.    Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.    Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Unclean Hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.    Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Laches.

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6835.001 4839-1347-6304.1

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

### <u>(Waiver)</u>

12.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's Complaint and each Cause of Action and/or Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Waiver.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

### <u>(Adequate Relief)</u>

13.     Plaintiff has adequate relief at law.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

### <u>(Causation)</u>

14.     Plaintiff has not incurred any damages and/or any damages were not the result of any actions, omissions, and/or representations by Van Loon.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

### <u>(Frivolous Claims)</u>

15.     Plaintiff's claims are frivolous, groundless, unreasonable, and/or meritless.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

12

6835.001  4839-1347-6304.1

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Abuse of Process)

3

16.    Plaintiff has committed and is continuing to commit an abuse of process.

4

17.    Van Loon reserves his right to supplement or amend his affirmative

5

defenses.

6

## DEMAND FOR JURY TRIAL

7

Van Loon hereby demands a trial by jury.

8

Dated:  October 30, 2020                BREMER WHYTE BROWN & O'MEARA
                                        LLP

9

10

By: _____

11

Jeremy S. Johnson
Benjamin Price

12

Courtney M. Serrato
Attorneys for Defendant

13

Mikael Van Loon, an individual

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6835.001  4839-1347-6304.1

1

## **<u>PROOF OF SERVICE</u>**

2

3        I am employed in the County of Orange, State of California.  I am over the age
of 18 and not a party to the within action.  My business address is 20320 S.W. Birch
4  Street, Second Floor, Newport Beach, California 92660.  My business e-mail address
is pcarvalho@bremerwhyte.com.

5

6        On October 30, 2020, I served the within document(s) described as:

7    DEFENDANT MIKAEL VAN LOON'S ANSWER TO COMPLAINT

8    on the interested parties in this action as stated on the attached mailing list.

9  [X]  (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure
      § 1010, I caused such document(s) to be Electronically Filed and Served
10     through CM/ECF for the above-entitled case.  Upon completion of
      transmission of said document(s), a filing receipt is issued to the filing party
11     acknowledging receipt, filing and service by CM/ECF's system.  A copy of the
      CM/ECF filing receipt page will be maintained with the original document(s)
12     in our office.

13        I certify that I am employed in the office of a member of the bar of this Court
at whose direction the service was made.

14

15        Executed on October 30, 2020, at Newport Beach, California.

16        I declare under penalty of perjury that the foregoing is true and correct.

17       Pamela Carvalho                            _Pamela J. Carvalho_

18 _____
       (Type or print name)                         (Signature)

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

6835.001 4821-3386-5678.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

**Erica Reiners, v. Chou team Realty, LLC, et al.**

**Case No. 2:20-cv-06587-JVS-ADS**

BWB&O CLIENT:   Chou Team Realty, LLC dba MonsterLoans, Sean Cowell
BWB&O FILE NO.: 6835.001

**SERVICE LIST**

| | | |
|---|---|---|
| Aaron D. Aftergood<br>**THE AFTERGOOD LAW FIRM**<br>1880 Century Park East, Suite 200<br>Los Angeles, CA 90067<br><br>Tel: (310) 550-5221<br>Fax: (310) 496-2840<br><br>aaron@aftergoodsq.com<br><br>Attorneys for Plaintiff and the Class | Taylor T. Smith<br>**WOODROW & PELUSO, LLC**<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br><br>Tel: (720) 907-7628<br>Fax: (303) 927-0809<br><br>tsmith@woodrowpeluso.com<br><br>Attorneys for Plaintiff and the Class | Sean P. Burke<br>Mattingly Burke Cohen & Biederman LLP<br>155 East Market Street, Suite 400<br>Indianapolis, IN 46204<br><br>Tel: (317) 614-7320<br><br>Sean.Burke@mbclaw.com<br><br>Attorneys for Defendants Chou Team Realty, LLC, Sean Cowell, and Mikael Van Loon |

2

6835.001  4821-3386-5678.1