**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
  plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br> v. <br><br> **CHOU TEAM REALTY LLC,** *et al.,* <br><br>    Defendants. | Case No. **2:20-cv-06587-JVS-ADS** <br><br> **DEFENDANT JAWAD NESHEIWAT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** <br><br> DATE: **January 11, 2021** <br> TIME: **1:30 p.m.** <br> COURTROOM: **10-C** <br> JUDGE: **HON. JAMES V. SELNA** <br> TRIAL DATE: **None Set** |

## REPLY

**A. THIS COURT DOES NOT HAVE ARTICLE III JURISDICTION IN LIGHT OF THE RECENT NINTH CIRCUIT'S DECISION IN *ADAMS*  (Decided 12/2/20)**

Defendant now raises the issue of whether this Court has jurisdiction under Article III due to a Ninth Circuit case decided a few weeks ago on December 2, 2020, to wit: *Adams v. Skagit Bonded Collectors, LLC*, 2020 U.S. App. LEXIS 37627 (9th

Cir. 2020) ("*Adams*"). In *Adams*, as in the instant matter, the plaintiff alleged the violation of a federal statute, the Fair Debt Collection Practices Act ("FDCPA"), without alleging any concrete, concomitant harm. *Id*. at *3-4.

More specifically, the plaintiff in *Adams* did not allege he relied on the statements made by the defendant, nor did the plaintiff allege that he suffered any real harm; instead, the plaintiff complained the defendant's statements confused him as to who his creditor was. *Id*. at *2. However, absent any real harm or evidence the plaintiff had detrimentally relied or would in the future detrimentally rely on the defendant's statements, the plaintiff lacked Article III standing. *Id*. at *4-5.

In the case at Bar, under her First Cause of Action for violation of the Fair Credit Reporting Act ("FCRA"), plaintiff lacks Article III standing because she has failed to establish and indeed cannot establish any harm. In particular, plaintiff did not rely on the statements allegedly made by defendants, plaintiff did not suffer the pecuniary loss for the alleged harm of which she complains, and there is no actual or imminent risk that plaintiff will be harmed in the future.

Furthermore, plaintiff has failed to allege she suffered any concrete harm. Plaintiff essentially alleges defendants sent her a letter marketing fee-based student loan consolidation services that are also available through the Department of Education. *See* Complaint, ECF 1, ¶¶ 52-53, 58-64. This is woefully insufficient. Critically, plaintiff does <u>not</u> allege: (a) she detrimentally relied on the statements

allegedly made by defendants; (b) she used the services or assistance allegedly offered by defendants; (c) she purchased the fee-based student loan application services allegedly offered by defendants; and (d) she intends to use or purchase defendant's fee-based services in the future. *See* ECF 1, ¶¶ 58-64; *see* 15 U.S.C. § 1681n(a)(1)(A) (providing for recovery of "any actual damages sustained by the consumer"). Accordingly, plaintiff has not suffered any concrete harm.

Moreover, plaintiff cannot create standing by alluding to the concrete harms allegedly suffered by other purported, unnamed class members who actually relied on defendants' statements and purchased defendants' student loan services. *See* ECF 1, ¶¶ 65; *see Davis v. Federal Elections Comm'n*, 554 U.S. 724, 734 (2008) (plaintiff must demonstrate standing for each claim and each form of relief sought); *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (plaintiffs must show "they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Further, plaintiff must have been personally been injured; but as plaintiff's complaint makes clear, plaintiff did not and has not suffered any harm. *See* ECF 1, ¶¶ 58-64. Accordingly, plaintiff not only lacks Article III standing for herself, but also lacks standing to maintain her purported class action because she does not belong to

the class she purports to represent. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014).

It is important to note that federal courts are courts of limited jurisdiction, and parties may not expand that jurisdiction by waiver or consent. *See e.g. Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("*Matheson*") (*per curiam*). Thus, challenges to subject matter jurisdiction may be raised at **any point**, including for the first time on appeal. *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007) ("*Detabali*"). Moreover, even if the parties do not dispute jurisdiction, this Court has an **independent obligation to assess its own jurisdiction *sua sponte***. *WildEarth Guardians v. EPA*, 759 F.3d 1064, 1070 (9th Cir. 2014) (emphasis added); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (*en banc*) ("*Chapman*").

Even if this Court does not address the jurisdictional question now, the Ninth Circuit is dutybound to determine whether this Court had Article III subject matter jurisdiction. *See e.g. California ex rel. Sacramento Metro. Air Qual. Mgmt. Dist. v. United States*, 215 F.3d 1005, 1009 (9th Cir. 2000) ("An appellate court is under a 'special obligation to satisfy itself not only of its own jurisdiction, **but also that of the lower courts** in a cause under review, even though the parties are prepared to concede it . . . [or] make no contention concerning it.'") (quoting *Axell Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999); emphasis added).

Here, as in *Adams*, *supra*, the alleged violation of a statute without any concrete, concomitant harm is insufficient to confer Article III standing on plaintiff. As noted above, plaintiff did not rely on defendants' alleged statements, nor did plaintiff purchase defendants' alleged fee-based loan consolidation services. And there is nothing in plaintiff's complaint to indicate a material risk of injury in the future.

Finally, based on *Adams* and the foregoing, this Court does not have Article III jurisdiction because plaintiff lacks standing. Accordingly, plaintiff's First Cause of Action for violation of FCRA should be dismissed, and plaintiff's remaining state law claim should be dismissed for lack of subject matter jurisdiction. *See e.g., Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).

### B. THE FIRST TO FILE RULE APPLIES BECAUSE THE PRIOR ACTION SEEKS DAMAGES ON BEHALF OF THE PUTATIVE CLASS AND INVOLVES THE SAME CLAIMS AND PARTIES AS THE PRIOR ACTION

Plaintiff's argument that the first to file rule does not apply because neither she nor any class members are a named party to the Prior Action falls short of persuasion, *Bureau of Consumer Financial Protection v. Chou Team Realty* LLC, *et al., Case No.* 8:20-cv-00043-SB-ADS ("Prior Action"). The Prior Action filed and prosecuted by the Bureau indisputably seeks damages and relief on behalf of all consumers, which necessarily includes the putative class alleged here. Indeed, there is no relief the putative class could receive in this action that the Bureau is unable to procure on their behalf in the Prior Action. In fact, the Second Amended Complaint

filed by the Bureau on August 26, 2020 (ECF 141) expressly seeks damages on behalf of the putative class here. Plaintiff's argument to the contrary is nonsensical.

It is clear that the two actions involve identical issues and seek identical damages. That fact that neither plaintiff nor putative class members are parties to the Prior Action is not reason enough to decline applying the first to file rule here, as they will be made whole should the Bureau prevail in pursuing these claims on its and their behalf.

### C.  COLLATERAL ESTOPPEL MANDATES THE DISMISSAL OF THIS CASE WITH DEFERENCE TO THE PRIOR ACTION

The principle of collateral estoppel is indisputably applicable to this case. Should both the Prior Action and the instant matter proceed simultaneously, inconsistent rulings and outcomes are inevitable. This is exactly what collateral estoppel is and was meant to prevent. Plaintiff's opposition fails to address this in any manner whatsoever, and thus Plaintiff has not opposed that portion of Defendant's motion.

### D.  PLAINTIFF'S CLASS CLAIMS SHOULD BE DISMISSED OR OTHERWISE STRUCK FROM THE COMPLAINT

Contrary to Plaintiff's opposition, a 12(b)(6) motion is an appropriate vehicle to attack, challenge and seek dismissal of class claims at the pleading stage – despite that it might be uncommon. Again, *Kamm v. California City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975) ("*Kamm*") is instructive here (affirming dismissal of

class action and striking class allegations where superiority lacking because of underlying administrative enforcement action involving the same parties and claims). The relief already obtained by the Bureau – and that which is likely to come in the future – is evidence in and of itself that the Prior Action is clearly superior to the class claims alleged in the instant action. For purposes of brevity, defendant refers the Court to his discussion of *Kamm* in the moving papers (ECF 38-1, pp. 16-17). Plaintiff's arguments do not diminish the application set forth therein. Therefore, this Court should follow *Kamm* and dismiss this class action or alternatively strike the class claims.

### E.  TO THE EXTENT THE COURT IS NOT INCLINED TO DISMISS THIS CASE, IT SHOULD BE STAYED PENDING THE OUTCOME OF THE PRIOR ACTION

Because the Prior Action inherently involves the same claims, the same parties and the same relief sought, if the Court is not inclined to dismiss this case at this time, defendant respectfully requests that this Court stay this case pending full adjudication of the Prior Action to prevent inconsistent rulings and further waste of judicial resources.

Dated: December 28, 2020.    **LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo_____
  **PETER D. LEPISCOPO,**
    *Counsel of Record*

  Attorneys for Defendant, **JAWAD NESHEIWAT**

---