1  Aaron D. Aftergood (239853)
2      aaron@aftergoodesq.com
   **THE AFTERGOOD LAW FIRM**
3  1880 Century Park East, Suite 200
   Los Angeles, CA 90067
4  Telephone: (310) 550-5221
   Facsimile: (310) 496-2840

5  Taylor T. Smith*
6      tsmith@woodrowpeluso.com
   **WOODROW & PELUSO, LLC**
7  3900 East Mexico Avenue, Suite 300
   Denver, Colorado 80210
8  Telephone: (720) 907-7628
   Facsimile: (303) 927-0809

9  *Pro Hac Vice*

10 Attorneys for Plaintiff and the Class

11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**

13 **Erica Reiners,** individually and on
   behalf of all others similarly situated,    Case No. 2:20-cv-06587-SB-ADS
14
                              Plaintiff,        **PLAINTIFF'S SURREPLY AND**
15                                              **REQUEST TO STRIKE IN PART**
   v.                                           **DEFENDANT JAWAD**
16                                              **NESHEIWAT'S REPLY FILED**
                                                **DECEMBER 28, 2020 (DKT. 61)**
17 **Chou Team Realty, LLC** d/b/a
   **MonsterLoans,** a California limited
18 liability company, **Lend Tech Loans,**     Hearing: January 29, 2021
   **Inc.,** a California corporation, **Sean** Time: 8:30 a.m.
19 **Cowell,** an individual, **Thomas Chou,**  Courtroom: 10-C
   an individual, **Mikael Van Loon,** an      Judge: Hon. Stanley Blumenfeld, Jr
20 individual, **Jawad Nesheiwat,** an          Complaint filed: July 23, 2020
   individual, and **Eduardo Martinez,** an
21 individual,
22                            Defendants.
23
24
25
26
27
28

## I.    INTRODUCTION

Defendant Jawad Nesheiwat's ("Nesheiwat") Reply in Support of his Motion to Dismiss improperly raises a new argument. Relying on the recently decided case *Adams v. Skagit Bonded Collectors, LLC*, No. 20-35158, 2020 WL 7055395 (9th Cir. Dec. 2, 2020)—which addressed standing in the context of a claim under the Fair Debt Collection Practices Act ("FDCPA")—Nesheiwat asserts that Plaintiff Erica Reiners ("Plaintiff" or "Reiners") hasn't alleged a concrete injury sufficient to confer standing. Further, Nesheiwat's argument ignores a pair of on point decisions from 2019 that addressed standing in the context of Section 1681b(f)(1) actions (the very claims at issue here) and foreclosed this precise argument. In short, Nesheiwat's argument lacks merit, was improperly raised, conflicts with binding precedent, and should be stricken.

## II.    ARGUMENT

### A.    Nesheiwat's Reply Impermissibly Raises A New Argument In Support Of Dismissal And Should Be Stricken.

Rather than put forth any substantive response to Plaintiff's opposition, Nesheiwat shifts gears and devotes 5 pages of his 7-page reply brief to raising, for the first time, the assertion that Plaintiff lacks standing because she supposedly hasn't suffered injury in fact. (Def. Reply at 1-5.) This argument was improperly raised and should be stricken.

It is improper to raise new legal arguments in a reply brief. *See Do v. Tri City Healthcare Dist.*, No. 19CV2253-MSB (NLS), 2020 WL 6484633, at *2 (S.D. Cal. Nov. 4, 2020) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." (citing *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007))); *Burke v. City of Santa Monica*, CV 09–02259 MMM (PLAx), 2010 WL 11549357, at *1 (C.D. Cal. Nov. 2,

2010) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." (citation omitted)); *Grange Ins. Ass'n v. Sran*, 184 F. Supp. 3d 799, 819 (E.D. Cal. 2016) ("It is generally 'improper for the moving party to...introduce new facts or different legal arguments in the reply brief [beyond]...[those that were] presented in the moving papers.'" (citations omitted)).

New arguments raised in a reply belief may be stricken. *See Willits v. City of Los Angeles*, No. CV 10-5782 CBM (RZX), 2012 WL 13066520, at *1 (C.D. Cal. May 21, 2012) ("A motion to strike is appropriate when new arguments are raised in a reply brief.") (citing *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005))); *U.S. ex rel. Englund v. Los Angeles Cty.*, No. CIV.S-04-282LKKJFM, 2005 WL 2089216, at *6 n.26 (E.D. Cal. Aug. 30, 2005) (granting a motion to strike new arguments raised in the defendant's reply). Alternatively, to the extent that new arguments are considered, the Court "must give Plaintiff an opportunity to respond." *United States v. Venture One Mortg. Corp.*, No. 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015); *see also Burke v. City of Santa Monica*, CV 09–02259 MMM (PLAx), 2010 WL 11549357, at *2 (C.D. Cal. Nov. 2, 2010) ("If the court elects to consider new material included in a reply, however, it must afford the opposing party an opportunity to respond." (collecting cases)).

It is undisputed that Nesheiwat raised a new argument in his reply. (Def. Reply at 1-5.) Nowhere in Nesheiwat's original motion did he argue that Plaintiff failed to allege a concrete harm, and the argument is not responsive to anything argued by Plaintiff in her opposition. Tellingly, Nesheiwat doesn't dispute that the argument is new. (*See* Def. Reply at 1 ("Defendant *now raises the issue* of whether this Court has jurisdiction under Article III") (emphasis added); *see also* Dkt. 63 ¶ 7 ("Nesheiwat raised a legal issue that was not raised in the legal brief of the

1    Motion").) Instead, Nesheiwat claims that the argument was raised as a result of the

2    recently decided *Adams* case. Arguing that a plaintiff lacks standing is hardly a new

3    concept or defense, and defendants regularly raise and litigate the question of

4    whether a consumer alleging a violation of the FCRA has alleged a concrete injury—

5    including violations of the very same provision at issue in this case. *See Nayab v.*

6    *Capital One Bank (USA), N.A.*, 942 F.3d 480, 493 (9th Cir. 2019) (finding the

7    plaintiff had standing to pursue a claim under Section 1681b(f) based on the

8    defendant's improper procurement of her consumer report); *Bultemeyer v.*

9    *CenturyLink Inc.*, 788 F. App'x 558, 559 (9th Cir. 2019) (finding standing based on

10    defendant's violation of Section 1681b(f)(1)); *Adler v. DirecTV, LLC*, No. Case No.

11    CV 18-1665-DMG (PJWx), 2018 WL 6981838, at *4 (C.D. Cal. Oct. 24, 2018)

12    (finding that a consumer suffered a concrete injury based on the defendant's

13    improper procurement of consumer reports); *see also Syed v. M-I, LLC*, 853 F.3d

14    492, 500 (9th Cir. 2017); *Larson v. Trans Union, LLC*, 201 F. Supp. 3d 1103 (N.D.

15    Cal. 2016).

16      In short, nothing prevented Nesheiwat from raising the issue of whether

17    Reiners failed to allege a concrete injury in his original motion. Nesheiwat failed to

18    do so. Raising this argument via reply brief is improper, and the Court should strike

19    the portion of the reply that relates to this argument. In the alternative, Nesheiwat's

20    argument is meritless and has been repeatedly rejected by the Ninth Circuit.

21      **B.**      **The Ninth Circuit Has Repeatedly Held That A Consumer Alleging**

22             **A Section 1681b(f) Violation Has Alleged A Concrete Injury.**

23      In addition to improperly raising the issue, the *Adams* case does not, as

24    Nesheiwat claims, support the view that Plaintiff failed to allege a legally cognizable

25    harm. (Def. Reply at 2.) To hear Nesheiwat tell it, "plaintiff has failed to allege she

26    suffered any concrete harm" because she "did not rely on the statements allegedly

27    made by defendants, plaintiff did not suffer the pecuniary loss for the alleged harm

28

1    of which she complains, and there is no actual or imminent risk that plaintiff will be

2    harmed in the future." (*Id.*) Nesheiwat's argument both fails to grasp the harms

3    alleged and conflicts with controlling precedent.

4          In *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019), the

5    Ninth Circuit addressed whether a consumer suffers a concrete injury "when a third-

6    party obtains her credit report for a purpose not authorized by the Fair Credit

7    Reporting Act[.]" *Id.* at 489. The Court held that a consumer that alleges a violation

8    of Section 1681b(f)(1)—the same provision at issue here—has alleged a concrete

9    injury explaining,

10         Nayab has standing to pursue her FCRA claim based on Capital One's

11         alleged violation of 15 U.S.C. § 1681b(f)(1). First, obtaining a credit

12         report for a purpose not authorized under the FCRA violates a

13         *substantive* provision of the FCRA. Like the VPPA interpreted in

14         *Eichenberger*, § 1681b(f)(1)—which prohibits obtaining a credit report

15         for a purpose not otherwise authorized—protects the consumer's

16         *substantive* privacy interest. The section does not merely "describe a

17         procedure" that one must follow. Rather, § 1681b(f)(1) is the central

18         provision protecting the consumer's privacy interest: every violation

19         invades the consumer's privacy right that Congress sought to protect in

20         passing the FCRA. As such, every violation of § 1681b(f)(1) "offends

21         the interest that the statute protects" and the Plaintiff "need not allege

22         any further harm to have standing." *See Eichenberger*, 876 F.3d at 983–

23         84.

24   *Id.* at 490 (emphasis in original). In *Bultemeyer v. CenturyLink Inc.*, 788 F. App'x

25   558 (9th Cir. 2019), the Ninth Circuit affirmed the *Nayab* holding stating, "[b]ecause

26   "every violation of § 1681b(f)(1) 'offends the interest that the statute protects,' " a

27   plaintiff "has standing to vindicate her right to privacy under the FCRA when a

28

1  third-party obtains her credit report without a purpose authorized by the statute,

2  regardless whether the credit report is published or otherwise used by that third-

3  party." *Id.* at 559 (quoting *Nayab*, 942 F.3d at 490, 493).

4        Just like *Nayab* and *Bultemeyer*, Plaintiff also has standing to pursue her

5  claim. That is, Plaintiff alleged that Defendants obtained her consumer report absent

6  any permissible purpose in violation of Section 1681b(f)(1). (Compl. ¶¶ 77-87.)

7  Thus, Defendants invaded Plaintiff's right to privacy by obtaining her report without

8  an authorized purpose. Because Section 1681b(f)(1) protects a consumer's

9  *substantive* privacy interest, Plaintiff need not allege any further injury beyond the

10  harm that Congress sought to protect.

11        Rather than address the invasion of privacy, Nesheiwat claims that Plaintiff

12  wasn't harmed because she didn't rely on the statements made by the Defendants,

13  use the services or assistance offered by Defendants, or purchase the fee-based

14  student loan application assistance offered by Defendants. (Def. Reply at 2-3.) This

15  is incorrect. Plaintiff's injury stems from the unlawful **procurement** of her report,

16  which invaded her privacy. The Defendants' subsequent use of the report and their

17  interactions with Plaintiff are irrelevant for the purpose of standing. *See Nayab*, 942

18  F.3d at 493 ("Nayab has standing to vindicate her right to privacy under the FCRA

19  when a third-party obtains her credit report without a purpose authorized by the

20  statute, *regardless whether the credit report is published or otherwise used by that*

21  *third-party*." (emphasis added)).

22        Given that Plaintiff alleged a violation of a *substantive* provision of the FCRA,

23  Nesheiwat's attempt to draw a parallel between *Adams* and the instant case falls flat.

24  The *Adams* case dealt with a claim for a violation of a separate statute, the FDCPA.

25  *Adams*, No. 20-35158, 2020 WL 7055395, at *1. There, the plaintiff alleged that he

26  received debt collection letters that failed to clearly identify his current creditor. *Id.*

27  In determining that the Court lacked subject matter jurisdiction, the Ninth Circuit

28

1 differentiated between violations of substantive interests, which always causes
2 concrete harm, from procedural interests, which sometimes confer standing. *Id.* The
3 Ninth Circuit determined that the alleged harm at issue was "more procedural rather
4 than substantive" and that Adams was required to allege that he either took or
5 forewent some action because of the misleading statements. *Id.* at *2. Absent any
6 allegation of reliance on the deception, the Court held that Adams had "not alleged
7 actual harm or a material risk of harm to the interests protected by the FDCPA." *Id.*
8 This is decidedly different from the instant case, which involves a violation of a
9 substantive privacy protection of the FCRA rather than a "mere" procedural
10 provision. As such, Plaintiff need not allege any additional harm beyond the harm
11 that Congress sought to protect.

12     Because Plaintiff alleged that Defendants violated Section 1681b(f)(1) by
13 procuring her report for an unlawful purpose, Plaintiff has alleged a concrete injury
14 sufficient to confer standing, and Nesheiwat's motion to dismiss should be denied.

15 **III.   CONCLUSION**

16     Nesheiwat's Reply in Support of his Motion to Dismiss improperly raised for
17 the first time the supposed defense that Plaintiff failed to allege a concrete injury. In
18 addition to being untimely, this argument is without merit and should be stricken.
19 Accordingly, Plaintiff respectfully requests that the Court strike Section A of
20 Nesheiwat's Reply in Support of his Motion to Dismiss, deny the Motion to Dismiss,
21 and order such additional relief as it may deem necessary and just.

22

23                                     Respectfully submitted,

24                                     **Erica Reiners**, individually and on behalf of
25                                     all others similarly situated,

26

27 Dated: <u>January 11, 2021</u>            <u>/s/ Taylor T. Smith</u>
                                       One of Plaintiff's Attorneys

28

1

2

3

4

Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

5

6

7

8

Taylor T. Smith (*admitted pro hac vice*)
  tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

9

*Counsel for Plaintiff and the Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on January 11, 2021.

/s/ Taylor T. Smith