Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing: January 22, 2021<br>Time: 8:30 a.m.<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

Plaintiff Erica Reiners ("Plaintiff" or "Reiners") and Defendants Jawad Nesheiwat ("Nesheiwat"), Sean Cowell ("Cowell"), Thomas Chou ("Chou"), Mikael Van Loon ("Van Loon"), Eduardo "Ed" Martinez ("Martinez"), Lend Tech Loans, Inc. ("Lend Tech"), and Chou Team Realty, LLC d/b/a MonsterLoans ("MonsterLoans") (collectively "Defendants") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

**(a)     Statement of the Case**

<u>Plaintiff's Position:</u> This alleged class action challenges the Defendants' procurement of consumer reports absent any permissible purpose—in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or "Act"). Beginning in or around 2017, Defendants created a sham entity, Lend Tech, for the sole purpose of obtaining consumer reports under false pretenses from Experian Information Solutions, Inc. ("Experian"). Defendants procured the reports by falsely claiming they would be used to solicit consumers via mortgage-related firm offers of credit, a permissible purpose. Instead, Defendants obtained the reports for the sole purpose of soliciting student loan borrowers to purchase a "fee-based application assistance" service through a web of student loan consolidation entities, which is not a permissible purpose under the Act.

On August 9, 2018, Defendants procured Plaintiff's consumer report absent any permissible purpose. At no time did Reiners ever provide any authorization to Defendants to obtain her report, nor did they ever possess a permissible purpose for obtaining or using her report. Further, Defendants never sent her a firm offer of credit. Instead, Defendants utilized Plaintiff's report solely to solicit her to purchase student loan related fee-based application assistance.

<u>Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:</u> Defendants Chou, Van Loon, Cowell, and MonsterLoans are not appropriate targets of Plaintiff's claims, either individually or as the representative of a class. Defendant Cowell was the founder and sole shareholder of Lend Tech.  In November 2017, Cowell sold Lend Tech through a stock purchase agreement, which passed the liabilities of Lend Tech to its new purchaser.  Several months after Cowell sold Lend Tech, on August 9, 2018, Plaintiff claims that Lend Tech procured Plaintiff's consumer report without any impermissible purpose.  Even if

Plaintiff's allegations of wrongdoing are true, at most, Plaintiff would have a cause of action against Lend Tech and/or perhaps Lend Tech's then owner if she is able to pierce the corporate veil.  Even if Plaintiff were able to pierce the corporate veil, Plaintiff will not be able to recover on any claim against a former shareholder of Lend Tech that sold his entire interest in and the liabilities related to Lend Tech to a new owner.

Plaintiff's claims against MonsterLoans fails because there is no evidence that MonsterLoans is the alter ego of Lend Tech.  For example, MonsterLoans and Lend Tech never had overlapping shareholders, management, or executives.

Plaintiff's claims against Chou and Van Loon are even more attenuated and appear to be based on the fact that Chou was a shareholder of MonsterLoans at the relevant times and that Van Loon was the CEO of MonsterLoans at the relevant times.  Simply put, there is no basis to assert claims against a shareholder and officer of a company that cannot credibly be the cause of Plaintiff's alleged injuries.

Position of Defendants Lend Tech and Martinez: Defendants, Lend Tech Loans, Inc. and Eduardo Martinez, deny Plaintiff's claims in their entirety.

Position of Defendant Nesheiwat: Neither plaintiff nor anyone in the purported class suffered any damages at the hands of defendant Nesheiwat.

**(b)   Subject Matter Jurisdiction**

Plaintiff's Position: The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or the "Act"), which is a federal statute. Plaintiff further asserts that the Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the alleged classes each consist of over 100 people, at least one member of each class is from a State other than California (the state of the Defendants), and the amounts in controversy are over

$5,000,000. And none of the exceptions to CAFA jurisdiction apply. This Court also has ancillary and pendent jurisdiction over the state-law UCL claims under 28 U.S.C. § 1367, *et seq.*

Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:  These Defendants are cognizant of the arguments advanced by Defendant  Nesheiwat and reserve all rights related thereto.

Position of Defendants Lend Tech and Martinez: Defendants, Lend Tech Loans, Inc. and Eduardo Martinez, does not presently contest Subject Matter jurisdiction; however, they reserve the right to raise objections as advanced by Defendant Nesheiwat.

Position of Defendant Nesheiwat: As set forth in his motion to dismiss/strike, Defendant Nesheiwat contends that the Court does not have Article III subject matter jurisdiction.

**(c)    Legal Issues**

Plaintiff's Position:

(1)    Whether Defendants' conduct described herein violated the FCRA;

(2)    Whether Defendants possessed any permissible purpose to obtain Plaintiff's and the class members' consumer reports;

(3)    Whether MonsterLoans can be held liable for the actions of Lend Tech as its alter ego;

(4)    Whether Lend Tech's corporate veil should be pierced;

(5)    Whether Lend Tech was created by Defendants for the express purpose of unlawfully obtaining consumer reports;

(6)    Whether Defendants provided firm offers of credit to consumers; and

(7)    Whether Defendants have acted willfully.

Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:

(1)   Whether Plaintiff can demonstrate that she has a viable claim against a former shareholder that divested his interests in Lend Tech via a stock purchase agreement.

(2)   Whether Plaintiff can demonstrate that she has a viable claim against a company that was not involved with, was separately formed from, and which never received any benefit from Lend Tech.

(3)   Whether Plaintiff can demonstrate that she has a viable claim against a shareholder of a company that is unrelated to and never received and benefit from Lend Tech.

(4)   Whether Plaintiff can demonstrate that she has a viable claim against an officer of a company that is unrelated to and never received any benefit from Lend Tech.

<u>Position of Defendants Lend Tech and Martinez:</u> For Defendants Lend Tech Loans, Inc. and Eduardo Martinez, in addition to the legal issues raised by Plaintiff:

(1)   Whether Defendant Eduardo Martinez can be held personally liable; and

(2)   Whether Defendants, Lend Tech Loans, Inc. and Eduardo Martinez, are entities subject to the provisions of the FCRA and/or CAFA.

<u>Position of Defendant Nesheiwat:</u>

(1)   As set forth in his motion to dismiss/strike, Defendant Nesheiwat contends that the Court does not have Article III subject matter jurisdiction.

(2)   Neither plaintiff nor anyone in the purported class suffered any damages at the hands of defendant Nesheiwat.

**(d)   Parties, Evidence, etc.**

<u>Plaintiff's Position:</u>

Plaintiff anticipates that the following individuals may give testimony in this

matter:

    (1)    Plaintiff Erica Reiners;

    (2)    Defendant Jawad Nesheiwat;

    (3)    Corporate representative(s) and/or employees of Defendant Chou Team Realty, LLC d/b/a MonsterLoans;

    (4)    Defendant Thomas Chou;

    (5)    Defendant Sean Cowell;

    (6)    Defendant Mikael Van Loon;

    (7)    Corporate representative(s) and/or employees Defendant Lend Tech Loans, Inc.;

    (8)    Defendant Eduardo Martinez; and

    (9)    Corporate representative(s) of Experian Information Solutions, Inc.

Plaintiff anticipates that the following evidence may be introduced in this matter:

    (1)    Records of all consumer reports procured by Defendants via Lend Tech's Experian account;

    (2)    Records of all mailings sent by Defendants to consumers soliciting consumers to purchase their fee-based application assistance;

    (3)    Lend Tech's business records;

    (4)    MonsterLoans's business records;

    (5)    All documents produced by the Parties in this matter; and

    (6)    All documents produced by any third-parties in this matter.

Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:

These Defendants anticipate that the following individuals may have information related this matter:

    (1)    Defendant Thomas Chou;

(2)     Defendant Sean Cowell;

(3)     Defendant Mikael Van Loon;

(4)     Corporate representative(s) and/or employees Defendant Lend Tech Loans, Inc.; and

(5)     Defendant Eduardo Martinez.

These Defendants anticipate that the following evidence may be introduced in this matter:

(1)     Certain Lend Tech's business records, including those records demonstrating that Lend Tech was organized separately from MonsterLoans;

(2)     Certain MonsterLoans's business records including those records demonstrating that Lend Tech was organized separately from MonsterLoans;

(3)     The stock purchase agreement by which Defendant Cowell sold his interest in and the liabilities of Lend Tech.

**(e)     Damages**

Plaintiff's Position: Plaintiff seeks an award of statutory damages for each willful violation of the FCRA on behalf of herself and all putative class members. Statutory damages under the FCRA range from $100 to $1,000 per violation. *See* 15 U.S.C. § 1681n. Further, Plaintiff also seeks an award of reasonable attorneys' fees and costs as provided for under the Act. *See id.* Plaintiff also seeks an injunction enjoining Defendants from continuing to obtain and distribute consumer reporting information. *See* Cal. Bus. & Prof. Code § 17200, *et seq.*

Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:  Simply put, there is no basis for liability or damages to be assigned to any of these Defendants based on the allegations in Plaintiff's complaint.

1        Position of Defendants Lend Tech and Martinez: Defendants, Lend Tech

2   Loans, Inc. and Eduardo Martinez, deny Plaintiff has been damaged in any way.

3        Position of Defendant Nesheiwat: Defendant Nesheiwat: Neither plaintiff nor

4   anyone in the purported class suffered any damages at the hands of defendant

5   Nesheiwat.

6   **(f)    Insurance**

7        The parties have not identified any insurance agreements applicable to this

8   action.

9   **(g)    Procedural Motions**

10  Plaintiff's Position: Plaintiff anticipates filing a motion for class certification

11  on or before January 7, 2022. Plaintiff further anticipates that discovery disputes

12  may arise. Plaintiff reserves the right to file a motion to amend the pleadings to

13  conform the class definition to information obtained during the discovery process

14  and/or to add parties.

15       Position of Defendant Nesheiwat: Defendant Nesheiwat's motion to

16  dismiss/strike is set to be heard on January 29, 2021; and anticipates filing a motion

17  for summary adjudication or judgment.

18

19  **(h)    Dispositive Motions**

20  Plaintiff's Position: Plaintiff anticipates that a motion for summary judgment

21  may be appropriate regarding the following issues:

22      (1)    Whether Defendants violated 15 U.S.C. § 1681b(f)(1) by procuring

23           and using Plaintiff's consumer report;

24      (2)    Whether Defendants actions constitute willful violations of the Act;

25           and

26      (3)    Whether injunctive relief is appropriate pursuant to Cal. Bus. & Prof.

27

28

Code § 17200, *et seq.* enjoining Defendants from continuing to obtain and distribute consumer reporting information under false pretenses.

<u>Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:</u>  These Defendants anticipate filing a motion for summary judgment raising the legal issues identified above as soon as practicable.

<u>Position of Defendants Lend Tech and Martinez:</u> Defendants, Lend Tech Loans, Inc. and Eduardo Martinez, may file a motion for summary judgment regarding the following issues:

(1)     Whether either of them violated 15 U.S.C. § 1681b(f)(1) by procuring and using Plaintiff's consumer report; and/or

(2)     Whether their actions constitute willful violations of the Act.

<u>Position of Defendant Nesheiwat:</u> Defendant Nesheiwat's motion to dismiss/strike is set to be heard on January 29, 2021; and anticipates filing a motion for summary adjudication or judgment.

**(i)     Manual for Complex Litigation**

The parties do not believe that it is necessary to adopt any procedure of the manual for complex litigation at this time.

**(j)     Status of Discovery**

The parties will exchange their initial disclosures on or before January 18, 2021. The parties have not engaged in any further discovery at this time.

**(k)     Discovery Plan**

Discovery should proceed with respect to both class certification and merits issues for a period of eleven (11) months. The first eight (8) months will be devoted to written and oral fact discovery. The final three (3) months of this period will be devoted to expert discovery. Following the close of this initial eleventh (11) month discovery period, the Parties will brief class certification. Following a ruling on

class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial. Defendants remain free to file a dispositive motion at any time they determine the undisputed material facts warrant it.

The proposed schedule is necessary given the complexity of the case. The discovery process is likely to involve a high volume of documents, a large number of parties (including unknown third parties), and a fair amount of electronic discovery that may require the assistance of an expert. Such complexities weigh in favor of granting a longer discovery schedule.

Accordingly, the Parties proposes the following case schedule.

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | April 22, 2021 |
| Deadline to Complete Fact Discovery | September 22, 2021 |
| Plaintiff's Expert Disclosures Due | September 22, 2021 |
| Defendants' Expert Disclosures Due | November 5, 2021 |
| Rebuttal Expert Disclosures Due | November 19, 2021 |
| Complete Expert Discovery | December 22, 2021 |
| Engage in Good Faith Settlement Discussions | October 22, 2021 |
| Plaintiff to File Motion for Class Certification | January 7, 2022 |
| Defendants to File Opposition to Class | February 21, 2022 |

| Certification | |
|---|---|
| Plaintiff to File Reply ISO Motion for Class Certification | March 7, 2022 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

**(l)    Discovery Cut-Off**

<u>Plaintiff's Position:</u> In accordance with the schedule requested above, Plaintiff proposes a fact discovery cut-off of September 22, 2021 and an expert discovery cut-off of December 22, 2021.

<u>Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:</u>  To the extent the Defendants remain in the case, they raise no issue with the forgoing dates.

**(m)    Expert Discovery**

<u>Plaintiff's Position:</u> Plaintiff proposes the following expert discovery related deadlines:

- Plaintiff's Expert Disclosures: September 22, 2021;
- Defendants' Expert Disclosures: November 5, 2021;
- Rebuttal Expert Disclosures: November 19, 2021; and
- Close of Expert Discovery: December 22, 2021.

<u>Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:</u>  To the extent the Defendants remain in the case, they raise no issue with the forgoing dates.

1

**(n)    Settlement Conference / ADR**

Plaintiff has discussed the possibility of settlement with some of the Defendants. The Parties propose ADR Procedure No. 2 – mediation panel. The mediation should occur on or before October 22, 2021. The Parties shall e-file a stipulation regarding selection of mediator on or before September 22, 2021.

**(o)    Trial Estimate**

Plaintiff has demanded a trial by jury. The parties anticipate that a jury trial in this matter will take 9 days. The extended length of the trial is necessary given the high volume of documents and large number of witnesses (including third parties) that may be called to testify.

**(p)    Trial Counsel**

For Plaintiff:          Taylor T. Smith (admitted pro hac vice)
                             tsmith@woodrowpeluso.com
                             Woodrow & Peluso, LLC
                             3900 E Mexico Ave., Suite 300
                             Denver, CO 80210
                             Tel: 720-907-7628

For Defendants MonsterLoans, Chou, Van Loon, and Cowell:

                             Sean P. Burke (admitted pro hac vice)
                             Mattingly Burke Cohen and Biederman LLP
                             155 East Market Street Suite 400
                             Indianapolis, IN 46204
                             317-614-7324
                             Email: sean.burke@mbcblaw.com

For Defendants Lend Tech and Martinez:

                             David C. Holt
                             dholt@holtlawoc.com
                             The Holt Law Firm
                             1432 Edinger Ave., Suite 130
                             Tustin, CA 92780

Tel: 714-730-3999

For Defendant Nesheiwat:

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

**(q)    Independent Expert or Master**

The parties agree that the case is not suitable for reference an independent expert or master.

**(r)    Schedule Worksheet**

See attached Exhibit A.

**(s)    Magistrate Judge**

All Parties do not consent to have a magistrate judge conduct all further proceedings.

**(t)    Other Issues**

Plaintiff anticipates that a protective order may be necessary.

Respectfully submitted,

Dated: January 15, 2021          By:      _/s/ Taylor T. Smith_____

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone:   (310) 550-5221
Facsimile:    (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)

1  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
2  3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
3  Telephone:  (720) 907-7628
Facsimile:   (303) 927-0809

4  *Pro Hac Vice*

5  Attorneys for Plaintiff Erica Reiners
and the Class
6

7

8  Dated: January 15, 2021          By:    /s/ Sean P. Burke

9  Jeremy S. Johnson
jjohnson@bremerwhyte.com
10  Benjamin Price
bprice@bremerwhyte.com
11  Courtney M. Serrato
cserrato@bremerwhyte.com
12  BREMER WHYTE BROWN & O'MEARA
LLP
13  20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
14  Telephone: (949) 221-1000
Facsimile: (949) 221-1001

15  Sean P. Burke*
16  Mattingly Burke Cohen and Biederman LLP
155 East Market Street Suite 400
17  Indianapolis, IN 46204
317-614-7324
18  Email: sean.burke@mbcblaw.com

19  *Pro Hac Vice*

20  Attorneys for Defendants Chou Team
Realty, LLC, Sean Cowell, Thomas Chou,
21  Mikael Van Loon

22

23  Dated: January 15, 2021          By:    /s/ Peter D. Lepiscopo

24  Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
25  695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
26  619-251-2428
Fax: 619-330-2991
27  Email: plepiscopo@att.net

28

Attorney for Defendant Jawad Nesheiwat

Dated: January 15, 2021      By:      */s/ David C. Holt*

David C Holt
The Holt Law Firm
1432 Edinger Avenue Suite 130
Tustin, CA 92780
714-730-3999
Fax: 714-730-1116
Email: dholt@holtlawoc.com

Attorney for Defendants Lend Tech Loans,
Inc. and Eduardo Martinez

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendants' counsels concur with the content of this document and have authorized me to affix their signatures to the document and file the same with the Court.

*/s/ Taylor T. Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 15, 2021.

*/s/ Taylor T. Smith*