UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-06587-SB-ADS | Date: | January 27, 2021 |
|---|---|---|---|

| Title: | *Erica Reiners v. Chou Team Realty, LLC, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER ON DEFENDANT NESHEIWAT'S MOTION TO DISMISS

    Defendant Jawad Nesheiwat (Defendant) is one of seven named defendants in this putative class action brought under the Fair Credit Reporting Act (FCRA) by Plaintiff Erica Reiners. Though his co-defendants have all answered Plaintiff's Complaint, Defendant has filed a motion to dismiss or, in the alternative, to strike Plaintiff's first cause of action and dismiss the remaining state-law claim. Dkt. No. 38-1 (Motion). The Court DENIES the Motion.

**<u>DISCUSSION</u>**

    Plaintiff claims that Chou Team Realty, LLC d/b/a MonsterLoans, Lend Tech Loans, Inc., Sean Cowell, Thomas Chou, Mikael Van Loon, Eduardo Martinez, and Defendant Nesheiwat (collectively, Defendants) repeatedly violated the FCRA, 15 U.S.C. §§ 1681, *et seq.* and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq*. Dkt. No. 1 (Complaint) ¶ 1. Specifically, Plaintiff alleges that Defendants obtained consumer credit reports from Experian Information Solutions, Inc. absent any permissible purpose, only to

later impermissibly resell or distribute those reports to entities who likewise had no permissible purpose to use or obtain the reports.  *Id.* ¶¶ 2, 4.  In so doing, Plaintiff contends, Defendants violated Plaintiff's privacy rights, as well as the privacy rights of similarly situated individuals.  *Id.* ¶ 5.

Seven months before Plaintiff filed her Complaint, the Bureau of Consumer Financial Protection (Bureau) brought an enforcement action in which Defendants were among the roughly 25 named defendants.  *Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS (Bureau Action).  In the operative complaint, the Bureau alleged violations of the FCRA, in addition to violations of the Consumer Financial Protection Act of 2010 and the Telemarketing Sales Rule.  Dkt. No. 38-5 (Bureau's Second Amended Complaint (SAC)) ¶¶ 197-256.[1]  Defendant filed two separate motions to dismiss the Bureau Action, but both efforts failed.  He filed his answer in that case in September 2020.  Bureau Action, Dkt. No. 146 (Bureau Action Answer).  Shortly after Plaintiff filed her Complaint, the Court determined the two matters were related.  Dkt. No. 25.

Defendant now asserts that Plaintiff's Complaint should be dismissed as to him for the following reasons:  (1) this suit is barred by the "prior pending action doctrine"; (2) Plaintiff's claims are barred by collateral estoppel and res judicata; (3) the FCRA class action claim fails for myriad reasons, should be struck, and the UCL claim dismissed for want of supplemental jurisdiction; and (4) Plaintiff lacks Article III standing because she suffered no pecuniary injury.[2]

### A.     The First-to-File Rule Does Not Warrant Dismissal.

Defendant contends that this case ought to be dismissed because it is duplicative of the Bureau Action.  Mot. at 6.  He asserts that the "defendants in both cases are the same" and the issues are "identical."  *Id.* at 7.  This, Defendant

---

[1] Both Plaintiff and Defendant request that the Court take judicial notice of filings in the Bureau Action.  Dkt. Nos. 38-3, 55-1.  The Court does so without objection.

[2] Defendant raised this final argument in his Reply (Dkt. No. 61); and the Court granted Plaintiff leave to file a sur-reply to address it.  Dkt. Nos. 63, 64, 65 (Sur-Reply).  The Court need not consider issues raised for the first time in a reply brief.  *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).  Nevertheless, Plaintiff had an opportunity to respond, and the Court will consider the argument.

argues, "exceeds what the test requires" and warrants a dismissal of this action. *Id.* at 7-9.

Even if Defendant's characterization of the two cases were correct,[3] the first-to-file rule does not justify dismissal here. This rule applies "when a complaint involving the same parties and issues has already been filed in another district." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal citations omitted). The Ninth Circuit recently declined to address whether cases brought in the same district may be subject to the first-to-file rule. *Dolores Press, Inc. v. Robinson*, 766 F. App'x 461, 465-66 (9th Cir. 2019). But even if the first-to-file rule were applicable to cases filed in the same district, the Court would decline to exercise its discretion to dismiss the later-filed case. Plaintiff's suit and the Bureau Action were formally related and are both before this Court, rendering moot Defendant's concerns of "squander[ing] judicial resources and risk[ing] inconsistent rulings." Mot. at 9.

### B. No Judgment Bars Plaintiff's Claims Against Defendant.

Next, Defendant asserts that a stipulated final judgment in the Bureau Action (Dkt. No. 38-6) bars Plaintiff's claims. Defendant conflates multiple arguments, contending both that "there is no 'case or controversy' under Article III . . . because the Prior Action Judgment has been entered regarding the same damages sought by Plaintiff" and that "principles of [collateral estoppel and res judicata] prevents [*sic*] Plaintiff from relitigating issues or claims relating to damages due to the entry of the Prior Action Judgment." Mot. at 11-12. However, Defendant is not a party to the stipulated final judgment. Dkt. No. 38-6. Nor is he a party to any such judgment in the Bureau Action. To the contrary, the Bureau's claims against Defendant are pending. *See* Bureau Action Answer (filed four months *after* the stipulated final judgment was entered). This judgment has no preclusive effect as it relates to standing, collateral estoppel, or res judicata.[4]

---

[3] The parties and relief sought materially differ. *Compare* Compl. ¶¶ 8, 67, Prayer for Relief *with* Bureau's SAC ¶ 8, Demand for Relief.

[4] Defendant relies on dicta from *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867 (1984), a case examining whether a judgment in a class action precludes a class member from maintaining a subsequent civil action alleging an individual claim. *Id.* at 869. The Bureau Action is an enforcement action—not a class action. *Cooper* is inapposite.

### C.     Plaintiff's Class Allegations Survive a Motion to Strike.

Defendant contends that Plaintiff has not sufficiently alleged a class and that, in any event, a class action is not a "superior" method of resolving the issues in this case.[5]  He moves to strike Plaintiff's class action claim under the FCRA.

While courts may strike class allegations, "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).  "As a practical matter, the court's determination under [Rule 23(c)(1)] usually should be predicated on more information than the complaint itself affords.  Thus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis." Wright & Miller, Fed. Prac. & Proc. Civ. § 1785.3 (3d ed. 2020).

Defendant makes the following arguments:  (1) the proposed class definition is "untenable and too indefinite to survive the pleadings stage because it expressly depends on a particular and peculiar state of mind," Mot. at 15; (2) "superiority of the class action device is lacking," *id.* at 16; and (3) the Bureau Action serves to provide remedies to Plaintiff and the purported class and also bars the class claims because Plaintiff "cannot eliminate the risk of inconsistent or varying adjudications [or] . . . the risk of adjudications of unrepresented members" in the Bureau Action, *id.* at 18.[6]  The Court addresses each argument in turn.

---

[5] Included in this section—without much, if any, analysis—is Defendant's claim for dismissal under Rule 12(b)(7) and Rule 19 for failure to join indispensable parties (i.e., certain "student loan consolidation entities"). Mot. at 18-19.  But Defendant has not shown that these unnamed entities are indispensable parties.

[6] In the event that he prevailed on any of his arguments to strike the FCRA claim, Defendant sought to have the UCL claim dismissed under 28 U.S.C. § 1367 (the supplemental jurisdiction statute). Mot. at 18, 20.  Because Plaintiff's FCRA claim remains in this case (*see* discussion *infra*), there is no basis for the Court to dismiss the related UCL claim.

### 1. The Class Definition

First, Defendant has not shown that the proposed class definition "depends on a particular and peculiar state of mind." Mot. at 15. The Complaint defines the class as follows:

> All persons in the United States who: (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) Defendants obtained a consumer report about; (3) through Lend Tech's Experian account; (4) where the purported permissible purpose for obtaining and using the consumer report was the same as the purported permissible purpose that was claimed to obtain Plaintiff's consumer report.

Compl. ¶ 67. Defendant points to the phrase "the purported permissible purpose for obtaining and using the consumer report," Mot. at 15, but this relates to Defendants' claimed permissible purpose—not to an individual class member's state of mind. The FCRA identifies the specific circumstances in which a consumer credit report may be furnished. 15 U.S.C. § 1681b(a). These are referred to as "permissible purposes." *See id.* Reserving judgment on whether the class may be certified for the appropriate procedural stage of this case, the Court is not presently persuaded that "no class action can possibly be maintained on the face of the pleading." *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016). Defendant's Motion fails on this point.

### 2. Superiority

Defendant next claims that a class action is not the "superior" vehicle for Plaintiff and similarly situated class members to seek relief and argues that the Bureau Action effectively defeats class certification. He cites *Kamm v. Cal. City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975), a case in which the court affirmed the district court's finding that superiority was lacking because a state court administrative action had already obtained "[s]ignificant relief" on behalf of the putative class members. Plaintiff argues that the Bureau has obtained some relief from other defendants in the Bureau Action, but that she and nearly all putative class members would not be eligible to receive that relief. The Bureau Action seeks only to recoup moneys paid by consumers to student loan entities. *See* Dkt. 38-6 ¶ 7(a). The judgment obtained by the Bureau will provide redress to "Affected Consumers," defined as "all consumers who, since January 1, 2015, were charged fees by any of the Student Loan Debt Relief Companies." *Id.*

Plaintiff does not allege that she paid any fees.  It further appears from the pleadings that fewer than one percent of the nearly 7 million people whose credit reports Defendants obtained paid any such fees.  *See* Bureau's SAC ¶¶ 58, 106, 111.  At the pleading stage, the Court cannot conclude that the class action vehicle fails the superiority test.[7]

### 3. Risk Related to the Bureau Action

Defendant also asserts that the Bureau Action risks inconsistent adjudications involving unrepresented class members.  The risk does not exist because the two actions are before the same court.  And to the extent there is any risk an adjudication of the FCRA claim in the Bureau Action against Defendant would redound to the benefit of an unrepresented class member (which seems unlikely if fewer than 1% of the consumers in the putative class would be eligible), this can be addressed through class definition at the appropriate time.

### D. **Plaintiff Has Article III Standing.**

In his Reply, Defendant raises a new theory in support of dismissal:  that Plaintiff has not been injured and thus lacks Article III standing.  Defendant's argument is premised on a recent Ninth Circuit decision in a case involving the Fair Debt Collection Practices Act (FDCPA), *Adams v. Skagit Bonded Collectors, LLC*, 2020 WL 7055395 (9th Cir. Dec. 2, 2020).  There, the court concluded that the plaintiff "has not alleged actual harm or a material risk of harm to the interests protected by the FDCPA."  *Id.* at *2.  Defendant argues that *Adams* is analogous because "the plaintiff alleged the violation of a federal statute, the [FDCPA], without alleging any concrete, concomitant harm."  Reply at 2.

The *Adams* holding is plainly inapplicable here.  Indeed, Defendant troublingly ignores Ninth Circuit case law that is directly on point.  In *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019), the Ninth Circuit addressed whether a consumer suffers a concrete injury "when a third-party obtains her credit report for a purpose not authorized by the [FCRA.]"  *Id.* at 489.  The *Nayab* court concluded that a consumer who alleges a violation of Section 1681b(f)(1)—the same provision at issue here—has alleged a concrete injury.

---

[7] Defendant's argument that Plaintiff "will not be able to establish adequacy . . . as the action . . . duplicates claims and remedies that are already available to Plaintiff and other class members in the Prior Action" fails for similar reasons.  Mot. at 18.

"[E]very violation invades the consumer's privacy right that Congress sought to protect in passing the FCRA . . . and the Plaintiff 'need not allege any further harm to have standing.'" *Id.* at 490 (internal citations omitted).  Plaintiff has standing, and Defendant's argument to the contrary flies in the face of controlling law.

## CONCLUSION

The Court finds no valid grounds in the Motion to dismiss or strike any portion of Plaintiff's Complaint.  Though Defendant seeks a stay—a request he made for the first time in his Reply—his concerns about "inconsistent rulings and further waste of judicial resources" are unfounded.  Reply at 7; *see* discussion *supra*.  The Court declines to impose a stay.  The Motion is **DENIED**.