Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**JOINT CLASS CERTIFICATION PLAN**<br><br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

In accordance with the Court's January 20, 2021 Order (Dkt. 67), Plaintiff Erica Reiners ("Plaintiff" or "Reiners") and Defendants Jawad Nesheiwat ("Nesheiwat"), Sean Cowell ("Cowell"), Thomas Chou ("Chou"), Mikael Van Loon ("Van Loon"), Eduardo "Ed" Martinez ("Martinez"), Lend Tech Loans, Inc. ("Lend Tech"), and Chou Team Realty, LLC d/b/a MonsterLoans ("MonsterLoans") (collectively "Defendants") jointly submit this Class Certification Plan.

**Plaintiff's Position:** Plaintiff requests a ten (10) month discovery schedule. The first eight (8) months will be devoted to written and oral discovery related to class and merits issues, and the final two months will be devoted to expert discovery. The additional time is necessary given the large number of parties and the substantial volume of documentation that will need to be produced, including from third parties. A breakdown of the proposed discovery plan follows:

The first four (4) months of discovery will be devoted to written discovery. Given that the case involves seven separate defendants, Plaintiff will be required to draft and serve at least fourteen (14) sets of discovery requests—including interrogatories and requests for production to each defendant—in addition to any requests for admission that may be necessary. At the same time, Plaintiff will likely be required to respond to discovery requests from each defendant—which will result in Plaintiff responding to potentially fourteen (14) sets of discovery requests from Defendants. Plaintiff proposes setting a deadline for all parties to issue their first set of written discovery requests on or before February 12, 2021, which would place responses to discovery due on or before March 15, 2021. Given that discovery is likely to produce sensitive consumer information, Plaintiff also proposes setting a deadline to file a proposed protective order on or before February 19, 2021. Following service of the responses, it is possible that the parties will be required to raise and resolve disputes regarding the discovery responses. The additional time will enable the parties to raise and resolve any discovery disputes prior to scheduling depositions.

Also during this first four months, Plaintiff expects to serve subpoenas on third parties. Plaintiff plans to issue subpoenas directed to Experian Information Solutions, Inc. ("Experian)—the consumer reporting agency from which

Defendants obtained the reports—and potentially third parties that have not yet been identified. While the Experian subpoena can be served at or near the same time that the initial written discovery requests are served, other subpoenas will likely be directed to third parties that have not yet been identified. Consequently, Plaintiff will be required to wait until after Defendants serve their responses to the first set of discovery requests (after March 12, 2021).

After receipt of the written discovery responses, the parties will work to complete all depositions over the next four (4) months. The large number of parties will only serve to complicate the scheduling of the depositions. Here, Plaintiff expects that she will depose the seven defendants and reserves the right to depose third parties that become known. On the flip side, each defendant will be entitled to depose Plaintiff as well. While Plaintiff expects to work with counsel for each defendant to coordinate schedules, the high volume of depositions will require some time to complete. And the COVID-19 Pandemic will only further complicate the completion of all depositions.

Following the close of merits discovery, Plaintiff requests two (2) months to complete expert discovery. Expert discovery may be necessary regarding matters relating to class certification, including the ability to ascertain class members. Plaintiff shall serve her expert disclosures on or before September 24, 2021. Defendants shall serve their expert disclosures on or before October 15, 2021. Any rebuttal expert disclosures shall be served by October 29, 20201. All expert discovery shall be complete by November 26, 2021.

After the completion of expert discovery Plaintiff shall promptly file her motion for class certification by December 3, 2021. Defendants' opposition to class certification shall be filed on or before December 27, 2021. Plaintiff shall file her reply by January 7, 2022. A hearing on the motion should be scheduled for January

28, 2022.

Plaintiff is cognizant that the length of the proposed schedule exceeds the Court's typical 120-day deadline to file a motion for class certification, however, this is not a typical case. Indeed, Defendants operated a scheme over multiple years to unlawfully obtain millions of consumer reports and then use those reports to solicit consumers to purchase their overpriced document preparation services. To provide a façade of legitimacy, Defendants set up a sham entity, Lend Tech, to pull the reports, and then solicited consumers through a web of student loan consolidation entities. On the back end, Defendants also funneled payments from the scheme through various yet-to-be-identified entities. Unpacking the size and scope of Defendants' operation will undoubtably take some time and require Plaintiff to obtain and review substantial documentation and information.

Moreover, the Court should take into consideration the disparity between the parties regarding the availability of evidence. That is, the vast majority of information in this case is within the possession, custody, and control of Defendants and/or third parties. Consequently, Plaintiff will require substantial pre-certification discovery to obtain the necessary information for the Court to conduct a rigorous analysis of the prerequisites for certification. *See ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) ("The class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification. . . . To undertake that analysis may require discovery." (citations omitted)). These considerations weigh in favor of granting a longer discovery schedule.

As such, Plaintiff respectfully requests that the Court enter the following class action discovery plan deadlines:

| Event | Proposed Deadlines |
|---|---|
| Deadline to Serve First Written Discovery Requests | February 12, 2021 |
| Motion to Amend Pleadings and/or Add Parties | April 22, 2021 |
| Deadline to Complete Fact Discovery | September 24, 2021 |
| Plaintiff's Expert Disclosures Due | September 24, 2021 |
| Defendants' Expert Disclosures Due | October 15, 2021 |
| Rebuttal Expert Disclosures Due | October 29, 2021 |
| Complete Expert Discovery | November 26, 2021 |
| Plaintiff to File Motion for Class Certification | December 3, 2021 |
| Defendants to File Opposition to Class Certification | December 27, 2021 |
| Plaintiff to File Reply ISO Motion for Class Certification | January 7, 2022 |
| Hearing on Class Certification | January 28, 2022 |

**Position of Defendants Chou, Van Loon, Cowell and MonsterLoans:**

Without conceding any wrongdoing, liability, or any of Plaintiff's arguments or descriptions above, Defendants Chou, Van Loon, Cowell, and MonsterLoans have any objection to Plaintiff's proposed schedule for class certification. As articulated in the prior scheduling submission, however, these Defendants believe there are multiple bases for an early summary judgment motion on the merits and

ask that the Court entertain early dispositive motions when filed in relatively short order.

**Position of Defendants Lend Tech and Martinez:**

Defendants Lend Tech and Martinez have no objection to Plaintiff's proposed class certification plan.

**Position of Defendant Nesheiwat:**

Defendant Nesheiwat has no objection to Plaintiff's proposed class certification plan.

Respectfully submitted,

Dated: February 5, 2021      By:   /s/ Taylor T. Smith

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone:  (310) 550-5221
Facsimile:   (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone:  (720) 907-7628
Facsimile:   (303) 927-0809

Attorneys for Plaintiff Erica Reiners and the Class

Dated: February 5, 2021      By:   /s/ Sean P. Burke

Jeremy S. Johnson
jjohnson@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Courtney M. Serrato
cserrato@bremerwhyte.com

| | |
|---|---|
| 1 | BREMER WHYTE BROWN & O'MEARA LLP |
| 2 | 20320 S.W. Birch Street, Second Floor |
| | Newport Beach, California 92660 |
| 3 | Telephone: (949) 221-1000 |
| | Facsimile: (949) 221-1001 |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Sean P. Burke*
Mattingly Burke Cohen and Biederman LLP
155 East Market Street Suite 400
Indianapolis, IN 46204
317-614-7324
Email: sean.burke@mbcblaw.com

*Pro Hac Vice*

Attorneys for Defendants Chou Team Realty, LLC, Sean Cowell, Thomas Chou, Mikael Van Loon

Dated: February 5, 2021     By:   /s/ Peter D. Lepiscopo

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

Attorney for Defendant Jawad Nesheiwat

Dated: February 5, 2021     By:   /s/ David C. Holt

David C. Holt
The Holt Law Firm
1432 Edinger Avenue Suite 130
Tustin, CA 92780
714-730-3999
Fax: 714-730-1116
Email: dholt@holtlawoc.com

Attorney for Defendants Lend Tech Loans, Inc. and Eduardo Martinez

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendants' counsels concur with the content of this document and have authorized me to affix their signatures to the document and file the same with the Court.

／s／ Taylor T. Smith

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on February 5, 2021.

／s／ Taylor T. Smith