**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
   plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7ᵀᴴ Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>**CHOU TEAM REALTY LLC,** *et al.,*<br><br>          Defendants. | Case No.  **2:20-cv-06587-SB-ADS**<br><br>**ANSWER OF DEFENDANTS JAWAD NESHEIWAT TO PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br>     COURTROOM:  **6-C**<br>     JUDGE: **HON. STANLEY BLUMENFELD, JR.**<br>TRIAL DATE:  **None Set** |

## ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, JAWAD NESHEIWAT ("Defendant"), hereby responds to Erica Reiners' ("plaintiff") unverified class action complaint ("Complaint") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"

LEPISCOPO & ASSOCIATES LAW FIRM

or "Act") and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL") regarding the nature of plaintiff's allegations.

1.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

2.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion. Further, Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action.

## NATURE OF THE ACTION

3.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

4.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation and for the reasons set forth below, Defendant hereby asserts his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution, and, therefore, refuses to provide any response to this allegation because it would subject him to possible criminal

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

prosecution under 18 U.S.C. § 1343 and 18 U.S.C. § 1341. Specifically, it has been disclosed that the Bureau of Consumer Financial Protection ("Bureau") considers Defendant to be "the principal bad actor" in the nationwide criminal scheme alleged in the complaint filed and pending in this Court in *Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.*, Case No. 8:20-cv-00043-JCS-ADS ("Bureau Action"), which alleges, as it does in the Complaint in the instant action, what is *prima facie* criminal wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 thereby exposing Defendant to significant fines and up to 20-years in federal prison. Further, based upon the actions of the Bureau and its attorneys and investigators and the questions posed by the Bureau's attorneys at Defendant's 5/20/19 Investigational Hearing it is apparent that Defendant is in immediate threat of criminal prosecution and that his disclosures or answers to any allegation in the Complaint would tend to incriminate him. This is further supported by the fact that the Bureau and its attorneys and investigators have the **absolute legal duty** to refer Defendant to the U.S. Attorney for criminal prosecution. Specifically, 12 U.S.C. § 5566 provides (emphasis added): "If the Bureau obtains evidence that any person, domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, the Bureau **shall** transmit such evidence to the Attorney General of the United States, who may institute criminal proceedings under

appropriate law. Nothing in this section affects any other authority of the Bureau to disclose information." This response is further informed by the FTC Criminal Liaison Unit's stated Civil and Criminal Cooperation policy to employ the Bureau to use civil processes, such as the civil investigative demands and the 5/20/19 Investigational Hearing in this case, to search for evidence for the express purpose of initiating **criminal** prosecutions. This is simply the circumvention of the Fourth Amendment's Search and Seizure Clause, which requires probable cause to gather criminal evidence from the target of an investigation. In its relevant part, the policy reads: "The FTC's Criminal Liaison Unit **helps prosecutors bring more criminal** consumer fraud cases . . . In many of its cases, the **FTC often develops evidence** that proves these defendants knew about the fraud. **That evidence often supports criminal fraud prosecutions** . . **. FTC partners with the U.S. Department of Justice, U.S. Attorneys and other federal and state criminal law enforcers to stop consumer fraud**." This response is further informed by FTC Press Releases, which make it clear that the agency's policy is to be a criminal investigatory arm of not only federal prosecutors but also state and local prosecutors—the FTC believes it is the Nation's **criminal** investigation agency: "The FTC is a civil law enforcement agency. That means that, while we can't put people in jail, **many of our partners can and do**, including the U.S. Department of Justice, U.S. Attorneys, and other

federal, **state, and local criminal law enforcers. When FTC cases include behavior that also violates criminal laws, <u>we let criminal prosecutors know</u>**." This response is further informed by the FTC's boasting about how the Criminal Liaison Unit's stated Civil and Criminal Cooperation policy of using the civil arm of the agency, such as the Bureau, to use civil process to find evidence against perceived targets—such as Mr. Nesheiwat—in order to provide it to federal prosecutors for criminal prosecution. For example, for **2018**, the Civil and Criminal Cooperation policy yielded the following results: "Criminal Liaison Unit Results. **Prosecutors who partner with the FTC** get significant results. In FY **2018** prosecutors: "Relied on **FTC information** and support to **charge 28 new** defendants Obtained **52 convictions or guilty pleas** in new or pending cases obtained sentences against **80 individuals** in new or pending cases with an average length of 58 months." This response is also informed by legal precedent such as the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"), wherein the Court held that the Fifth Amendment privilege against compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's failure to testify as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a constitutionally prohibited negative inference—*i.e.*, that the defendant is hiding something. Thus, the Court in

*Griffin* held that this assumption amounts to an unfair penalty on a defendant's invocation of a constitutionally protected right. This response is further informed by a follow-up case, *Carter v. Kentucky*, 450 U.S. 288 (1981) ("*Carter*"), wherein the Supreme Court held that a criminal defendant remaining silent at trial has a right to a jury instruction that his silence is not evidence of his guilt. Specifically, invoking his Fifth Amendment privilege against compulsory self-incrimination, the defendant elected not to take the stand at his state criminal trial and requested a jury instruction that "[t]*he defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way*." The trial judge refused defendant's request. The Supreme Court held that the trial court's refusal to issue this no "adverse inference" instruction was reversible error. Thus, the Bureau attorneys' threat during the Investigational Hearing that they would assume the allegations against Mr. Nesheiwat were true—*i.e.*, draw a negative inference—because he chose to assert his constitutionally protected Fifth Amendment privilege against self-incrimination was improper and not supported by the law. Finally, this response is further informed by 9th Circuit Model Criminal Jury Instruction Manual, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, Jury Instruction 3.3 (emphasis added): "3.3 DEFENDANT'S DECISION NOT TO TESTIFY A defendant in a criminal case has a constitutional right not to testify. In

LEPISCOPO & ASSOCIATES LAW FIRM

arriving at your verdict, the **law prohibits you from considering in any manner that the defendant did not testify**." [1]

5.      Defendant has no duty to provide a response as to whether this allegation is true or correct because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

6.      Defendant has no duty to provide a response as to whether this allegation is true or correct because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

7.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

---

[1]      Hereinafter, and in order to conserve space, the entire response in this Paragraph 4 shall hereinafter be incorporated by reference into each response, as though fully set forth therein, and shall be referred by the following shorthand: "*Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.*"

## **PARTIES**

8.      To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

9.      To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

10.      To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

11.      To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

12.      To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

13.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

14.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

15.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## **JURISDICTION AND VENUE**

16.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

17.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

18.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

## **FACTS COMMON TO ALL CLASS MEMBERS**

19.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

20.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

21.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

22.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

23.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

24.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

25.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

26.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

27.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

28.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

29.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

30.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

31.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

32.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

33.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

34.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

35.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

36.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

37.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

38.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

39.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

40.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

41.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

42.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

43.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

44.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

45.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

46.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

47.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

48.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

49.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

50.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

51.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

52.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

53.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

54.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

55.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

56.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

57.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## FACTS SPECIFIC TO PLAINTIFF

58.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

59.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

60.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

61.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

62.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

63.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

64.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

65.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

66.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## CLASS ACTION ALLEGATIONS

67.    Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a

LEPISCOPO & ASSOCIATES LAW FIRM

legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

68.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

69.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation,

Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

70.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

71.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

72.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

73.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

74.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to

provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

75.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681b, et seq.
### (On Behalf of Plaintiff and the Class)

76.     The responses set forth in Paragraphs 1 to 75 are incorporated here by reference, as though fully set forth herein.

77.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

78.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

79.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

80.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

81.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations

of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

82.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

83.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

84.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

85.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

86.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

87.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation,

Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## SECOND CAUSE OF ACTION
### Violation of Cal. Bus. & Prof. Code § 17200, et seq.
### (On Behalf of Plaintiff and the Class)

88.     The responses set forth in Paragraphs 1 to 87 are incorporated here by reference, as though fully set forth herein.

89.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

90.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

91.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

92.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

93.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## **RESPONSE TO PRAYER FOR RELIEF IN COMPLAINT**

A.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

B.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

C.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

D.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required

to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

E.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

F.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

G.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations

of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

H.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

I.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## **AFFIRMATIVE OR OTHER DEFENSES**

Without waiving his Fifth Amendment privilege against self-incrimination and without assuming any burden of proof not otherwise legally assigned to him, and for the purpose of preserving their assert in motions and at trial, Defendant

alleges the following separate and additional defenses to the Complaint brought against him:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

The Complaint, and each purported cause of action asserted therein, fail to state a claim upon which relief can be granted. Among other deficiencies in the Complaint, the conduct alleged is not regulated or prohibited by FCRA or UCL.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

This Court does not have jurisdiction over this case under Article III and plaintiff lacks standing to maintain this action because, for example, Plaintiff has not suffered a sufficient injury in fact from the conduct alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**
**(Consent)**

Upon information and belief, Defendant alleges that every person who signs up for and accepts terms of service complained about in the Complaint thereby consents to the conduct alleged in the Complaint. Upon information and belief, Defendant alleges that Plaintiff and members of the asserted putative class so consented to the conduct alleged in the Complaint. Further, upon information and belief, Defendant alleges that Plaintiff and members of the asserted putative class consented to the conduct alleged in the Complaint because they continued using the

LEPISCOPO & ASSOCIATES LAW FIRM

complained of services. Therefore, upon information and belief, Defendant alleges that each of the claims asserted by Plaintiff is barred because Plaintiff and members of the asserted putative class consented to the activities of which they now complain.

## FOURTH AFFIRMATIVE DEFENSE
### (Unconstitutionality)

Defendant alleges as an affirmative defense that FCRA and/or UCL is unconstitutional as Plaintiff seeks to have it applied in this case because its application would violate Article I, Section 8, the dormant Commerce Clause, and/or the Due Process Clause of the Fifth Amendment.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action asserted therein are barred by the doctrine of laches if, for example, Plaintiff and/or members of the asserted putative class unreasonably delayed before pursuing their purported rights.

## SIXTH AFFIRMATIVE DEFENSE
### (Release)

Upon information and belief, Defendant alleges that by virtue of who signs up for and accepts terms of service complained about in the Complaint released Defendant from liability for the conduct of which Plaintiffs now complain. Upon information and belief, Defendant further alleges that the Complaint and each

Lepiscopo & Associates Law Firm

purported cause of action asserted therein are thus barred by a release of those claims.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and/or members of the asserted putative class failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff and/or members of the asserted putative class should be reduced accordingly. Upon information and belief, Defendant alleges that, among other things, Plaintiff and members of the asserted putative class failed to mitigate any damages by continuing to use the service complained about in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Upon information and belief, Defendant alleges that Plaintiff and members of the asserted putative class consented to and, in some cases, participated in and utilized the services of which they now complain. Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are thus barred, in whole or in part, by the doctrine of unclean hands.

/////

/////

/////

Lepiscopo & Associates Law Firm

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

The Complaint and each purported cause of action alleged therein are barred to the extent that Defendant's conduct was not the actual or proximate cause of any loss suffered by Plaintiff and/or members of the asserted putative class.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

No damages or other relief can be recovered by Plaintiff and/or members of the asserted putative class to the extent the Complaint and each purported cause of action alleged therein are barred, in whole or in part, by an applicable statutory, contract provision, and/or other applicable statute of limitations. Upon information and belief, Defendant alleges that Plaintiffs and/or members of the asserted putative class failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Upon information and belief, Defendant alleges that Plaintiff and members of the asserted putative class consented to and, in some cases, participated in use of the service complained about in the Complaint. Defendant further alleges that the Complaint and each purported cause of action alleged therein are thus barred, in whole or in part, by the doctrine of waiver.

LEPISCOPO & ASSOCIATES LAW FIRM

## TWELFTH AFFIRMATIVE DEFENSE
### (Intervening Acts And/Or Omissions)

Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class and/or persons who acted on their behalf), for whose conduct Defendant is not legally responsible, which intervened between the alleged acts and/or omissions of Defendant and the alleged damages of Plaintiff and/or members of the asserted putative class. The alleged damages, if any, are therefore not recoverable from Defendant. In the alternative, any damages which Plaintiff and/or members of the asserted putative class may be entitled to recover against Defendant must be reduced to the extent that such damages are attributable to persons or entities other than Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault or Offset)

Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class and/or persons who acted on their behalf), for whose conduct Defendant is not legally responsible. Therefore, if Plaintiff and/or members of the

asserted putative class are found to be entitled to recover any of the alleged damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Ascertainable Class)

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Numerosity)

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Predominance)

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

/////

/////

/////

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Community of Interest – Common Questions of Law and Fact)**

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact involved in this putative class action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Typicality)**

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the asserted putative class.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Superiority)**

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Adequate Representation)**

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor

LEPISCOPO & ASSOCIATES LAW FIRM

their counsel is able to fairly and adequately protect the interests of all members of the alleged putative class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Impropriety of Class-Wide Injunctive Relief)

Defendant alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because Defendant has not acted or refused to act on grounds that apply generally to the class, and neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the class a whole.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Injunctive Relief)

To the extent Plaintiff is seeking injunctive relief, such relief is barred because Plaintiff and/or members of the asserted putative class have not suffered irreparable harm and/or there is no real or immediate threat of injury.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (The Existence of Damages Are Individualized)

Defendant alleges as an affirmative defense that the existence of damages is an individualized issue that precludes class certification.

/////

/////

/////

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Court Lacks Subject Matter Jurisdiction re: Failure to Satisfy FRCP Rule 23(a) & 23(b))

Plaintiff and/or members of the asserted putative class have not satisfied the requirements of FRCP Rule 23(a), 23(b)(1), and 23(b)(2) and, therefore, have failed to invoke this Court's subject matter jurisdiction.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

## <u>JURY DEMAND</u>

Defendant hereby requests a trial by jury of all claims that can be so tried.

## <u>PRAYER</u>

Wherefore, Defendant Demands for Jury Trial and prays for judgment as follows:

1.     That this action be dismissed because this Court does not have jurisdiction over this case under Article III and plaintiff lacks standing to maintain this action;

2.     That Plaintiff take nothing by way of its Complaint as against answering Defendant;

LEPISCOPO & ASSOCIATES LAW FIRM

3.      That judgment be entered in favor of answering Defendant;

4.      That answering Defendant recover his costs; and

5.      For such other and further relief as the Court deems just and proper.

Dated: February 14, 2021.     **LEPISCOPO & ASSOCIATES LAW FIRM**

                  By:  /s/ Peter D. Lepiscopo
                      **PETER D. LEPISCOPO,**
                      ***Counsel of Record***

                      Attorneys for Defendant, **JAWAD NESHEIWAT**