Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

*Pro Hac Vice*

Attorneys for Plaintiff and the Class

[Additional counsel appearing on signature line]

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>              Defendants. | Case No.   2:20-cv-06587-SB-ADS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT JAWAD NESHEIWAT'S AFFIRMATIVE DEFENSES**<br><br>Hearing: April 16, 2021<br>Time: 8:30 a.m.<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

     **PLEASE TAKE NOTICE THAT** on Friday, April 16, 2021, at 8:30 a.m. or as soon thereafter as the matter may be heard, counsel for Plaintiff Erica Reiners ("Plaintiff" or "Reiners") shall appear before the Honorable Stanley Blumenfeld, Jr. or any judge sitting in his stead in Courtroom 6C of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, California 90012 and present her Motion to Strike Defendant Jawad Nesheiwat's Affirmative Defenses.

     Plaintiff moves the Court for an Order striking all of Defendant Jawad Nesheiwat's Affirmative Defenses. This Motion is based on this Notice and

1  Motion, the Memorandum in Support of the Motion, oral argument of counsel, and

2  any other matter that may be submitted at the hearing.

3       This motion is made following the conference of counsel pursuant to L.R. 7-3,

4  which took place on February 24, 2021.

5

6                                             Respectfully submitted,

7                                           **Erica Reiners**, individually and on behalf of

8                                           all others similarly situated,

9  Dated: <u>March 5, 2021</u>        <u>*/s/ Taylor T. Smith*   </u>

10                                           One of Plaintiff's Attorneys

11

12                                           Aaron D. Aftergood (239853)
       aaron@aftergoodesq.com

13                                           The Aftergood Law Firm
1880 Century Park East, Suite 200

14                                           Los Angeles, CA 90067
Telephone: (310) 550-5221

15                                           Facsimile: (310) 496-2840

16                                           Taylor T. Smith (*admitted pro hac vice*)
       tsmith@woodrowpeluso.com

17                                           Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300

18                                           Denver, Colorado 80210
Telephone: (720) 907-7628

19                                           Facsimile: (303) 927-0809

20                                           *Counsel for Plaintiff and the Class*

21

22

23

24

25

26

27

28

## MEMORANDUM AND POINTS OF AUTHORITY

### I.    INTRODUCTION

Plaintiff Erica Reiners ("Plaintiff" or "Reiners") filed this alleged class action to put an end to Defendants' unlawful procurement of consumer reports in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or "Act"). On February 14, 2021, Defendant Jawad Nesheiwat ("Nesheiwat") filed his Answer to Plaintiff's Complaint, which includes twenty-four (24) affirmative defenses. (Dkt. 72.)

As explained further below, all of Nesheiwat's affirmative defenses should be stricken. To start, the majority of Nesheiwat's alleged affirmative defenses merely attack various elements of Plaintiff's prima facie case and class allegations without setting forth any matter extraneous to Plaintiff's Complaint. These are not proper affirmative defenses. Furthermore, all of the affirmative defenses suffer from the same fatal flaw: they lack factual support. Indeed, Nesheiwat's Answer includes a series of boilerplate defenses absent any facts to explain why or how each applies to the instant case. Finally, Nesheiwat's tenth affirmative defense (statute of limitations) fails as a matter of law. As such, the Court should strike all twenty-four affirmative defenses.

### II.    ARGUMENT

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)). "Thus, courts have found motions to strike to be proper even when their only purpose is to make the issues less complicated." *Gibson*

1    *Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP SSX, 2014 WL

2    4187979, at *2 (C.D. Cal. Aug. 22, 2014) (citation omitted).

3    　　　　To successfully allege an affirmative defense, a defendant must satisfy three

4    requirements. First, a defense must be an appropriate affirmative defense, meaning

5    that it must set forth some matter extraneous to Plaintiff's complaint. *Id.* at *3.

6    Second, an affirmative defense must be plead with sufficient facts to put Plaintiff on

7    notice of the grounds for the specific defense. *Id.* at *4 ("[T]he simple listing of a

8    series of conclusory statements asserting the existence of an affirmative defense

9    without stating a reason why that affirmative defense might exist is not sufficient."

10   (citation omitted)). And third, even where a defense has been properly plead, a

11   defense may be insufficient as a matter of law. *DeSalvo v. Islands Restaurants, L.P.*,

12   No. 2:20-CV-2620-VAP-EX, 2020 WL 4035071, at *2 (C.D. Cal. July 16, 2020)

13   ("affirmative defense may be insufficient as a matter of pleading or as a matter of

14   law." (citing *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at

15   *2 (N.D.Cal.2005))).

16   　　　　Here, Nesheiwat's affirmative defenses are deficient for three reasons. First,

17   the majority of the defenses asserted are not affirmative defenses at all. Second, all

18   of the affirmative defenses fail to meet the requisite pleading standards. Finally,

19   Nesheiwat's tenth affirmative defense (statute of limitations) fails as a matter of law.

20   As such, and as explained further below, the Court should enter an Order striking all

21   of Nesheiwat's affirmative defenses.

22   　　**A.    Nesheiwat's Affirmative Defenses Nos. 1-2, 14-24, And His**

23   　　　　　　**Reservation Of Defenses Should Be Stricken Because They Are Not**

24   　　　　　　**Affirmative Defenses.**

25   　　　　The Court should strike Affirmative Defenses Nos. 1-2, 14-24, and the

26   reservation of defenses because they are not appropriate affirmative defenses. "An

27   affirmative defense is a defensive assertion of new facts or arguments that, if true,

28

would defeat the asserted claim even if the claim's allegations are proven true." *Transamerica Life Ins. Co. v. Rabadi*, No. CV 15-07623-RSWL-EX, 2016 WL 7444912, at *2 (C.D. Cal. Mar. 21, 2016) (citing John Bourdeau, *et al.*, *What constitutes affirmative defense for pleading purposes*, 5 Cyc. of Fed. Proc. § 15:87 (3d ed.); *see also Bay Area Roofers Health and Welfare Trust v. Sun Life Assurance Company of Canada*, No. 13–cv–04192–WHO, 2013 WL 6700017, *2 (N.D. Cal. 2013)). Hence, the key to alleging an affirmative defense is the ability to allege "matters extraneous to Plaintiff's prima facie case". *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980)). A defense that merely asserts "that plaintiff has not met its burden of proof **is not an affirmative defense**." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citation omitted) (emphasis added).

As explained next, Nesheiwat's Affirmative Defenses Nos. 1-2 and 14-24 do not set forth any matters extraneous to Plaintiff's complaint and should be stricken. Additionally, Nesheiwat includes a reservation of additional defenses, which is improper and should also be stricken.

### 1. Affirmative Defenses Nos. 1, 2, and 22 should be stricken because they do not set forth matters extraneous to Plaintiff's prima facie case.

First, the Court should strike Nesheiwat's Affirmative Defenses Nos. 1, 2, and 22 because they merely seek to negate Plaintiff's prima facie case. Affirmative Defense No. 1 (Failure to State a Claim Upon Which Relief Can Be Granted) is simply a denial of Plaintiff's allegations. Put simply, "failure to state a cause of action is not an affirmative defense." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014). Accordingly, Nesheiwat's first affirmative defense is improper and should be stricken. *See Gerrie*

1    *v. Cty. of San Bernardino*, No. EDCV191435JGBSPX, 2020 WL 6586314, at *2

2    (C.D. Cal. Sept. 30, 2020) (striking defendant's affirmative defense and explaining

3    "The Court has previously adopted the reasoning of many other courts within this

4    Circuit, including in this District, in holding failure to state a claim is not a proper

5    affirmative defense" (citations omitted)).

6        Next, Nesheiwat's Second Affirmative Defense (Lack of Standing) generally

7    asserts that Plaintiff lacks standing to maintain this action. Like his first affirmative

8    defense, standing is also "an element of Plaintiff's prima facie" and, thus, "not an

9    affirmative defense[.]" *Verdiglione v. Mercado Del Rio Prop., LLC*, No.

10   SACV19490JVSDFMX, 2019 WL 6711700, at *4 (C.D. Cal. June 3, 2019). As

11   such, Nesheiwat's second affirmative defense should be stricken. *See id.*

12       Nesheiwat's Twenty-Second Affirmative Defense (Injunctive Relief) attacks

13   Plaintiff's ability to obtain injunctive relief. Because this defense adds nothing and

14   only denies Plaintiff's claim for injunctive relief, this too is not an affirmative

15   defense and should be stricken. *See Rutherford v. Evans Hotels, LLC*, No. 18-CV-

16   435 JLS (MSB), 2019 WL 1900889, at *3 (S.D. Cal. Apr. 29, 2019) (striking

17   affirmative defenses because they "essentially a denial of [Plaintiffs'] claim for

18   injunctive relief, not an affirmative defense." (citation omitted)).

19       Accordingly, Nesheiwat's Affirmative Defenses Nos. 1, 2, and 22 should be

20   stricken because they are not affirmative defenses and only seek to negate Plaintiff's

21   prima facie case.

22       **2.    The Court should strike Affirmative Defenses Nos. 14-21 and**

23             **23-24 because they relate to class allegations and are also not**

24             **affirmative defenses.**

25       As with the aforementioned affirmative defenses, the Court should also strike

26   Affirmative Defenses Nos. 14-21 and 23-24 because they merely attack Plaintiff's

27   ability to certify a class and, therefore, are also not affirmative defenses. *See Miller*

28

1    *v. Fuhu, Inc.*, No. 2:14-CV-06119-CAS, 2014 WL 4748299, at *2 (C.D. Cal. Sept.

2    22, 2014) (striking class related affirmative defenses because they "are not

3    affirmative defenses, and are more appropriately addressed on a motion for class

4    certification[.]"); *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 WL

5    4468680, at *6 (N.D. Cal. Sept. 18, 2018) ("Tiger's twenty-third to thirty-first

6    affirmative defenses all challenge the legitimacy or ability of plaintiffs to certify a

7    class or sub-classes. . . . . these are not true affirmative defenses and are

8    STRICKEN."); *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d

9    986, 1001 (E.D. Cal. 2016) ("A denial of class allegations or PAGA representative

10   standing is not a cognizable affirmative defense." (citing *Martinez v. County of*

11   *Sonoma*, 2016 WL 1275402, *3 (N.D. Cal. Apr. 1, 2016)).

12        Because each of Affirmative Defenses Nos. 14-21 and 23-24 only deny each

13   of Plaintiff's class allegations, these too should be stricken.

14              **3.      Nesheiwat's reservation of additional defenses is also**

15                       **improper.**

16        Nesheiwat also includes a "Reservation of Additional Defenses" (Nesheiwat

17   Answer at pg. 41), which purports to reserve the right to allege additional affirmative

18   defenses. This too is not an affirmative defense. *Fed. Trade Comm'n v. Loss*

19   *Mitigation Servs.*, No. SACV09800DOCANX, 2010 WL 11519447, at *3 (C.D. Cal.

20   Feb. 17, 2010) ("The Court agrees that a reservation of rights is insufficient as a

21   matter of law as its own affirmative defense." (citation omitted)). Instead, if

22   Nesheiwat wishes to allege additional defenses at a later date, he may move to

23   amend his Answer in compliance with Rule 15. *Solis v. Zenith Capital, LLC*, No. C

24   08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). In short,

25   Nesheiwat's reservation of defenses is a legal nullity and should be stricken. *See*

26   *Slocum v. JPMorgan Chase Bank*, No. SACV19620JVSKESX, 2019 WL 6873653,

27   at *4 (C.D. Cal. July 8, 2019) (striking the defendant's reservation of rights and

28

1  explaining "a reservation of defenses 'is not an affirmative defense because it does

2  not absolve defendants of liability even if plaintiffs were to establish a prima facie

3  case.'" (collecting cases)).

4       Accordingly, the Court should strike Affirmative Defenses Nos. 1-2, 14-24,

5  and the reservation of defenses because they do not set forth matters extraneous of

6  Plaintiff's Complaint and are, therefore, not appropriate affirmative defenses.

7       **B.    All of Nesheiwat's Affirmative Defenses Should Be Stricken For**

8            **Failing To Satisfy The Requisite Pleading Standards.**

9       The Court should also strike all of Nesheiwat's affirmative defenses because

10  they do not satisfy the pleading requirements of Rule 8. Under Rule 8, affirmative

11  defenses "must be pleaded with enough specificity or factual particularity to give the

12  party 'fair notice' of the defense being advanced." *TSX Toys, Inc. v. 665, Inc.*, No.

13  EDCV1402400RGKDTBX, 2015 WL 12746211, at *6 (C.D. Cal. Sept. 23, 2015)

14  (citing *Simmons v. Navajo Cnty. Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)).

15  "Generally, fair notice requires that the party state the nature and grounds for the

16  affirmative defense, but it does not require a detailed statement of facts." *Id.* (citing

17  *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013)). An affirmative

18  defense that "simply states a legal conclusion or theory without the support of facts

19  explaining how it connects to the instant case," is insufficient to provide fair notice

20  to plaintiff. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*,

21  No. 11-cv-197, 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011) (quotation

22  omitted).

23       Where an affirmative defense lacks sufficient factual support to apprise

24  Plaintiff of how it applies to the case at hand, a motion to strike is appropriate. *See*

25  *TSX Toys, Inc. v. 665, Inc.*, No. EDCV1402400RGKDTBX, 2015 WL 12746211, at

26  *7 (C.D. Cal. Sept. 23, 2015) (striking numerous affirmative defenses that "are

27  boilerplate recitals that are pleaded so generally that they do not give Plaintiff fair

28

notice of the nature or grounds of the defense."); *Gencarelli v. Twentieth Century Fox Film Corp.*, No. 217CV02818ODWAJW, 2018 WL 376664, at *4-6 (C.D. Cal. Jan. 11, 2018) (striking numerous affirmative defenses for lack of factual support); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *2-14 (C.D. Cal. Aug. 25, 2011) (same).

In this case, all of Nesheiwat's affirmative defenses are boilerplate recitals absent any factual support. While Affirmative Defenses Nos. 3-13 are, at the bare minimum, actual affirmative defenses, Nesheiwat fails to allege factual support to explain how each defense applies to the instant case. Indeed, Affirmative Defenses No. 4 (Unconstitutionality), No. 5 (Laches), No. 7 (Failure to Mitigate Damages), No. 8 (Unclean Hands), No. 9 (Lack of Causation), No. 10 (Statute of Limitations), No. 11 (Waiver), No. 12 (Intervening Acts And/Or Omissions), and No. 13 (Comparative Fault or Offset) contain no facts whatsoever. Affirmative Defenses No. 3 (Consent) and No. 6 (Release) are the only defenses that contain a potential fact. Still, the defenses only make veiled references to "terms of service", but it is unclear what, if any, "terms of service" actually exist. Absent more, it cannot reasonably be said that Plaintiff has "fair notice" of the defense asserted.

In addition to not being affirmative defenses, Affirmative Defenses No. 1-2 and 14-24 likewise are not supported by any factual allegations. This offers the Court an alternative basis to strike these affirmative defenses.

In short, Nesheiwat's "boilerplate recitals" are pleaded with such generality that it cannot be said that Plaintiff has been provided with fair notice of the defenses asserted. As such, the Court should strike all twenty-four (24) of Nesheiwat's Affirmative Defenses.

**C. Nesheiwat's Affirmative Defense No. 10 Cannot Succeed Under Any Circumstance And Should Be Stricken.**

Finally, Nesheiwat's Affirmative Defense No. 10 (Status of Limitations)

1  should be stricken because it is insufficient as a matter of law. "An affirmative

2  defense is insufficient as a matter of law when the court is convinced 'that there are

3  no questions of fact, that any questions of law are clear and not in dispute, and that

4  under no set of circumstances could the defense succeed.'" *Gencarelli v. Twentieth*

5  *Century Fox Film Corp.*, No. 217CV02818ODWAJW, 2018 WL 376664, at *2

6  (C.D. Cal. Jan. 11, 2018) (citing *Ganley v. Cty. of San Mateo*, No. 06–3923, 2007

7  WL 902551, at *1 (N.D. Cal. Mar. 22, 2007)).

8        Here, Nesheiwat has not and cannot allege any facts that could possibly

9  support this affirmative defense. In this case, Plaintiff alleged violations of the Fair

10  Credit Reporting Act, which requires a consumer to bring an action within two-years

11  of the discovery of a violation. *See* 15 U.S.C. § 1681p.[1] Relevant here, Plaintiff

12  alleged that Defendants obtained her report on August 9, 2018 (Dkt. 1 ¶ 58), and

13  Plaintiff filed this action on July 23, 2020. As such, Plaintiff filed this action within

14  the two-year statute of limitations period for FCRA claims. Moreover, the class

15  allegations are limited to individuals whose consumer reports were obtained in the

16  two years prior to the filing of the complaint. (*Id.* ¶ 67.) In short, Plaintiff's claims

17  are timely, and this defense should be stricken.

18  **III.   CONCLUSION**

19        Nesheiwat's attempt to throw out a hodgepodge of affirmative defenses is

20  inappropriate. Indeed, the majority of Nesheiwat's defenses do not set forth any

21  matters extraneous of Plaintiff's Complaint and are not affirmative defenses. Further,

22  none of Nesheiwat's affirmative defenses are supported by sufficient facts to put

23  Plaintiff on notice as to how they might apply to this case. Finally, Nesheiwat cannot

24  allege any set of facts to carry his burden with respect to Affirmative Defense No. 10

25  (Statute of Limitations). Accordingly, Plaintiff respectfully requests that the Court

26

27

28

[1] Plaintiff has also alleged violations of California Bus. & Prof. Code § 17200, *et seq.*, which itself has a longer four-year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208 (West).

1    enter an Order striking all of Nesheiwat's Affirmative Defenses and awarding such

2    additional relief as the Court deems necessary and just.

3

4                              Respectfully submitted,

5                              **Erica Reiners**, individually and on behalf of
all others similarly situated,

6

7

8    Dated: <u>March 5, 2021</u>            <u>*/s/ Taylor T. Smith*</u>
                              One of Plaintiff's Attorneys

9

10                              Aaron D. Aftergood (239853)
                               aaron@aftergoodesq.com

11                              The Aftergood Law Firm
                             1880 Century Park East, Suite 200

12                              Los Angeles, CA 90067
                             Telephone: (310) 550-5221

13                              Facsimile: (310) 496-2840

14                              Taylor T. Smith (*admitted pro hac vice*)
                             tsmith@woodrowpeluso.com

15                              Woodrow & Peluso, LLC
                             3900 East Mexico Avenue, Suite 300

16                              Denver, Colorado 80210
                             Telephone: (720) 907-7628

17                              Facsimile: (303) 927-0809

18                              *Counsel for Plaintiff and the Class*

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that a true and correct copy of the above

3

titled document was served upon counsel of record by filing such papers via Court's

4

ECF system on March 5, 2021.

5

                         */s/ Taylor T. Smith*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28