**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
  plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CHOU TEAM REALTY LLC,** *et al.,* <br><br> Defendants. | Case No.  **2:20-cv-06587-SB-ADS** <br><br> **JAWAD NESHEIWAT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [ECF 76]** <br><br> HEARING: **April 16, 2021** <br> TIME: **8:30 a.m.** <br> COURTROOM:  **6-C** <br> JUDGE: **HON. STANLEY BLUMENFELD, JR.** |

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious

issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). Further, "[w]ith a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the **non**moving party." *Id.* (emphasis added). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Nesheiwat believes that his affirmative defenses are proper and appropriate. However, "[i]f the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Id*. When striking an affirmative defense, leave to amend should be freely given as no prejudice will result to Plaintiff in the case at Bar. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

Dated:  March 25, 2021.　　　　**LEPISCOPO & ASSOCIATES LAW FIRM**

　　　　　　　　　　　　　By:  /s/ Peter D. Lepiscopo_____
　　　　　　　　　　　　　　　　　**PETER D. LEPISCOPO,**
　　　　　　　　　　　　　　　　　*Counsel of Record*

　　　　　　　　　　　　　Attorneys for Defendant, **JAWAD NESHEIWAT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the Court and all counsel of record via the Court's electronic filing system on March 25, 2021.

Dated: March 25, 2021.　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　/s/ Peter D. Lepiscopo         .
　　　　　　　　　　　　　　**PETER D. LEPISCOPO**
　　　　　　　　　　　　　　 *Counsel of Record*

　　　　　　　　　　　　　　Attorneys for Defendant, **JAWAD NESHEIWAT**