Case 2:20-cv-06587-SB-ADS   Document 80   Filed 04/02/21   Page 1 of 5   Page ID #:632

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

*Pro Hac Vice*

Attorneys for Plaintiff and the Class

[Additional counsel appearing on signature line]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No.   2:20-cv-06587-SB-ADS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT JAWAD NESHEIWAT'S AFFIRMATIVE DEFENSES**<br><br>Hearing: April 16, 2021<br>Time: 8:30 a.m.<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

**I.     Introduction**

Defendant Jawad Nesheiwat's opposition to Plaintiff Erica Reiners's motion to strike makes no attempt to support his alleged defenses. Instead, Nesheiwat's only response is to assert that he "believes that his affirmative defenses are proper and appropriate." Unfortunately for Nesheiwat, this does not render his defenses proper. Rather, Nesheiwat's affirmative defenses are insufficiently pleaded and fail as a matter of law. As such, and as explained below, the Court should strike Nesheiwat's 24 affirmative defenses.

PLAINTIFF'S REPLY ISO MOTION TO STRIKE AFFIRMATIVE DEFENSES
-1-

PLAINTIFF'S REPLY ISO MOTION TO STRIKE AFFIRMATIVE DEFENSES
-1-

## II. Argument

### A. Nesheiwat's Opposition Fails To Explain How Any Of His Affirmative Defenses Are Appropriate.

Nesheiwat's opposition is devoid of any explanation as to how any particular defense is appropriate or applies to the instant case. Instead, Nesheiwat merely asserts that motions to strike are disfavored and then proclaims that he "believes that his affirmative defenses are proper and appropriate." (Def. Opp. at 2.) But Nesheiwat's subjective belief, on its own, does not provide a basis to deny the motion to strike. This is especially true where Nesheiwat's affirmative defenses are improper. As explained in Plaintiff's Motion to Strike, his affirmative defenses are improper for the following reasons:

**First**, Affirmative Defenses Nos. 1-2 and 14-24 do not set forth any matters extraneous to Plaintiff's complaint and, thus, are not affirmative defenses at all. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (A defense that merely asserts "that plaintiff has not met its burden of proof is not an affirmative defense." (citation omitted)). As such, these defenses are not appropriate affirmative defenses and should be stricken.

**Second**, all of Nesheiwat's affirmative defenses lack factual support. That is, Affirmative Defenses Nos. 3-13 simply recite boilerplate defenses without any facts to explain how they might apply to this case. Accordingly, these defenses are insufficient and should be stricken. *See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. 11-cv-197, 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011) (An affirmative defense that "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case," is insufficient to provide fair notice to plaintiff. (quotation omitted)). Affirmative Defenses Nos. 1-2 and 14-24 also lack any factual support, and this offers the Court an alternative reason to strike these defenses.

***Third***, Affirmative Defense No. 10 (Statute of Limitations) should be stricken because it is insufficient as a matter of law. That is, Defendants obtained Plaintiff's consumer report on August 9, 2018, and Plaintiff filed her complaint on July 23, 2020. Thus, Plaintiff filed her complaint within the FCRA's two-year statute of limitations period. *See* 15 U.S.C. § 1681p. As such, there is no set of facts that Nesheiwat could possibly allege to support this defense, and it should be stricken.

In short, Nesheiwat's alleged defenses are not appropriate affirmative defenses, lack factual support, and fail as a matter of law. Consequently, the Court should strike all twenty-four affirmative defenses.

### B. Leave To Amend Should Not Be Granted.

Nesheiwat closes his response by claiming that he should be granted leave to amend if this Court strikes his affirmative defenses. (Def. Opp. at 2.) While leave to amend should be freely given, it "is not to be granted automatically." *Gordan Ocampo v. Corizon, LLC*, No. 1:18-CV-00047-DCN, 2019 WL 1495251, at *7 (D. Idaho Apr. 4, 2019) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Where it would be a futile excise, leave to amend is unwarranted. *See Cox v. Woodford*, No. CV 92-3370-CBM, 2002 WL 35649460, at *2 (C.D. Cal. Aug. 26, 2002) ("Futility alone can justify the denial of a motion for leave to amend.").

In this case, leave to amend would be futile. As previously explained, Nesheiwat's Affirmative Defenses Nos. 1-2, 14-24, and his reservation of defenses are not affirmative defenses at all. Likewise, Affirmative Defense No. 10 (Statute of Limitations) fails as a matter of law. As such, there is no set of facts that Nesheiwat could possibly allege to render these defenses proper, and amendment would therefore be futile.

As for the remaining defenses—Affirmative Defenses Nos. 3-9 and 11-13—Nesheiwat's opposition fails to identify any additional facts that could be alleged.

Given that Nesheiwat hasn't proffered any other information that could bolster these defenses, leave to amend is unwarranted. Rather, the proper course would be to allow Nesheiwat to move to amend his Answer in compliance with Rule 15 should additional facts be discovered at a later date. *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009).

Because Nesheiwat cannot allege additional facts to support his defenses, the Court should decline to grant leave to amend.

### III.  Conclusion

Nesheiwat's opposition presents no basis to deny Plaintiff's motion to strike. Nesheiwat's affirmative defenses should be stricken because they are not appropriate affirmative defenses and lack factual support. Accordingly, Plaintiff respectfully requests that the Court enter an Order striking all of Nesheiwat's Affirmative Defenses, denying Neshewiat leave to amend, and awarding such additional relief as the Court deems necessary and just.

Respectfully submitted,

**Erica Reiners**, individually and on behalf of all others similarly situated,

Dated: April 2, 2021

 /s/ Taylor T. Smith
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on April 2, 2021.

<u>/s/ Taylor T. Smith</u>