UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-06587-SB-ADS | Date: | April 9, 2021 |
|---|---|---|---|

Title: *Erica Reiners v. Chou Team Realty, LLC, et al.*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:   ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

After this Court denied his motion to dismiss, Defendant Jawad Nesheiwat filed an answer asserting 24 affirmative defenses—and reserving the right to raise more. Dkt. No. 72 (Answer).

Plaintiff moves to strike each of these affirmative defenses. Dkt. No. 76 (Motion). Plaintiff argues that "the majority of Nesheiwat's alleged affirmative defenses merely attack various elements of Plaintiff's prima facie case and class allegations without setting forth any matter extraneous to Plaintiff's Complaint"; that all claimed defenses lack factual support; and that Nesheiwat's statute of limitations defense fails as a matter of law. *Id.* at 1.

Nesheiwat does not respond to these points. His two-page opposition is little more than a boilerplate recitation of the standard for motions to strike along with the following statement: "Nesheiwat believes that his affirmative defenses are proper and appropriate." Dkt. No. 79 at 2. This is no substantive response at

all. Accordingly, the Court treats the Motion as unopposed. *See* Loc. R. 7-12 (failure to file an opposition "may be deemed consent" to the relief sought); *see* Pinder v. Emp. Dev. Dep't, 227 F. Supp. 3d 1123, 1135 (E.D. Cal. 2017) (treating the defendants' arguments on summary judgment as unopposed where the plaintiff "largely fail[ed] to confront" those arguments, resulting in "deficiencies" in the plaintiff's submissions).

In addition, the Court finds that Plaintiff's arguments for striking Nesheiwat's affirmative defenses satisfy the standard in Federal Rule of Civil Procedure 12(f). *See* Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (citations omitted). As Plaintiff notes, Nesheiwat's affirmative defenses lack factual support, fail as a matter of law, and are—for the most part—not proper affirmative defenses. *See, e.g.*, Answer at 33 ("FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim Upon Which Relief Can Be Granted)").

The Court **GRANTS** Plaintiff's Motion and strikes Nesheiwat's affirmative defenses. Should Nesheiwat wish to amend his answer, he must first seek Plaintiff's consent or the Court's leave to do so. Fed. R. Civ. P. 15(a)(2). The Court generally reminds Nesheiwat and his counsel of their obligations under Federal Rule of Civil Procedure 11.[1]

**IT IS SO ORDERED.**

---

[1] In previously denying Nesheiwat's motion to dismiss, the Court noted that Nesheiwat had made a frivolous argument that "troublingly ignore[d] Ninth Circuit case law that is directly on point." Dkt. No. 69. Despite this observation, Nesheiwat filed an answer that asserted numerous affirmative defenses that plainly are not affirmative defenses (or otherwise are legally deficient).