Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>                                    Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**STIPULATION TO CONTINUE ALL REMAINING DEADLINES**<br><br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

Plaintiff Erica Reiners ("Plaintiff" or "Reiners") and Defendants Jawad Nesheiwat ("Nesheiwat"), Sean Cowell ("Cowell"), Thomas Chou ("Chou"), Mikael Van Loon ("Van Loon"), Eduardo "Ed" Martinez ("Martinez"), Lend Tech Loans, Inc. ("Lend Tech"), and Chou Team Realty, LLC d/b/a MonsterLoans ("MonsterLoans") (collectively the "Defendants", and together with the Plaintiff, the "Parties") hereby jointly stipulate as follows:

1.      On July 23, 2020, Plaintiff filed the instant action alleging wide-scale violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or

1  "Act"). (Dkt. 1.)

2      2.      On December 23, 2020, the Court issued an Order setting the

3  scheduling conference in this case. (Dkt. 58.)

4      3.      On January 15, 2021, the Parties filed their Joint Case Management

5  Report pursuant to Rule 26(f). (Dkt. 66.)

6      4.      After reviewing the Joint Case Management Statement, the Court

7  Ordered the Parties to confer and file a discovery plan related to only class

8  certification. (Dkt. 67.)

9      5.      On February 5, 2021, the Parties filed a Joint Class Certification Plan

10  (dkt. 70).

11      6.      On April 5, 2021, the Court issued an Order setting the following

12  remaining discovery deadlines:

13          a.  Discovery Deadline – Nonexpert: 9/24/21

14          b.  Discovery Deadline – Expert: 11/26/21

15              i.   Plaintiff's Expert Disclosures Due: 9/24/21

16              ii.  Defendants' Expert Disclosures Due: 10/15/21

17              iii. Rebuttal Expert Disclosures Due: 10/29/21

18          c.  Discovery Motion Hearing Deadline: 11/26/21

19          d.  Class Certification Motion Filing Deadline: 12/3/21

20              i.   Opposition to Class Certification Motion Due: 12/27/21

21              ii.  Reply ISO Class Certification Motion Due: 1/7/22

22          e.  Hearing on Class Certification Motion: 1/28/22

23  (Dkt. 81.)

24      7.      The Parties have not previously sought an extension of the deadlines.

25      8.      Since filing the class certification plan, the Parties have been actively

26  engaged in litigating this case. (*See* Declaration of Taylor T. Smith ("Smith Decl."),

27

28

a true and accurate copy of which is attached hereto as Ex. A.) Indeed, Plaintiff has served numerous discovery requests on each defendant. (Smith Decl. ¶¶ 12, 25, 30.) Plaintiff has also responded to discovery requests propounded by Nesheiwat, MonsterLoans, Chou, Cowell, and Van Loon. (*Id.* ¶¶ 15, 18.)

9.     On February 12, 2021, Plaintiff served her first set of requests for discovery on each defendant, which included sixteen separate sets of requests, including requests for production, interrogatories, and requests for admission. (*Id.* ¶ 12.)

10.     On February 14, 2021, Nesheiwat served his first set of discovery requests on Plaintiff, including interrogatories and requests for production. (*Id.* ¶ 13.) Plaintiff served her responses to the requests on March 16, 2021, along with her corresponding document production. (*Id.*)

11.     On February 15, 2021, MonsterLoans, Chou, Cowell, and Van Loon served their first set of discovery requests, which included sixteen separate sets of interrogatories, requests for production, and requests for admission. (*Id.* ¶ 14.) On March 29, 2021, Plaintiff served her objections and responses to the first set of discovery requests served by MonsterLoans, Chou, Cowell, and Van Loon, along with her corresponding document production. (*Id.* ¶ 18.)

12.     On March 12, 2021, Nesheiwat served his objections and responses to Plaintiff's first set of discovery requests. (Smith Decl. ¶ 15.) Rather than respond, Nesheiwat chose to assert his fifth amendment right against self-incrimination in response to each request. (*Id.*)

13.     On March 17, 2021, Defendants Lend Tech and Martinez produced their objections and responses to Plaintiff's first set of discovery requests, along with their document productions. (*Id.* ¶ 16.)

14.     On March 24, 2021, following a brief extension, MonsterLoans, Chou,

Cowell, and Van Loon served their responses to Plaintiff's first set of interrogatories. (*Id.* ¶ 17.) At this time, counsel for the defendants requested an extension until to provide their responses to the requests for production. (*Id.*)

15.     On April 5, 2021, MonsterLoans, Chou, Cowell, and Van Loon served their objections and responses to Plaintiff's first set of requests for production, which included hundreds of pages of financial disclosures and tax returns. (*Id.* ¶ 19.)

16.     After reviewing the responses to her first set of discovery requests, on April 22, 2021, Plaintiff served a letter directed to Lend Tech and Martinez, which addressed deficiencies in their responses to discovery and requested defendants' counsel's availability to confer regarding the responses. (*Id.* ¶ 20.)

17.     Also on April 22, 2021, Plaintiff served letters directed to MonsterLoans, Chou, Cowell, and Van Loon, which addressed deficiencies in their responses to Plaintiff's first set of discovery requests. (*Id.* ¶ 21.)

18.     On May 10, 2021, Plaintiff's counsel conferred with counsel for MonsterLoans, Chou, Cowell, and Van Loon. During the call, the parties discussed the deficiencies raised in the letter and the overall landscape of the case. The parties agreed to devote their time and resources to exploring the possibility of settling the claims asserted against these defendants. (*Id.* ¶ 22.) A private mediation session has been scheduled for August 16, 2021. (*Id.* ¶ 23.)

19.     On April 29, 2021, Plaintiff's counsel conferred with counsel for Lend Tech and Martinez regarding the defendants' responses to discovery. During the conferral, the parties reached an agreement with respect to supplemental responses that would be provided by Lend Tech and Martinez on or before May 14, 2021. (*Id.* ¶ 24.)

20.     On May 4, 2021, Plaintiff served a second set of requests for

production on Lend Tech and Martinez. (*Id.* ¶ 25.) The defendants' responses were due on or before June 3, 2021. (*Id.*)

21.    On June 7, 2021, having not received any supplemental responses or any responses to the second set of discovery requests, Plaintiff's counsel reached out to counsel for Lend Tech and Martinez to schedule a second conferral, as required by the assigned magistrate's discovery dispute procedures. (*Id.* ¶ 27.)

22.    Plaintiff's counsel held additional conferral calls with counsel for Lend Tech and Martinez on June 15, 2021 and June 30, 2021. (*Id.* ¶¶ 28-29.) Lend Tech and Martinez agreed to provide an update on when additional responsive documents could be produced on or before July 7, 2021. (*Id.* ¶ 29.)

23.    On July 12, 2021, having received no further responses, Plaintiff's counsel requested available dates and times from counsel for Lend Tech and Martinez for an informal discovery dispute conference. (*Id.* ¶ 31.) Plaintiff awaits available dates from Lend Tech and Martinez, however, Plaintiff expects to raise the dispute in the next week or so. (*Id.* ¶¶ 31-32.)

24.    Plaintiff has also worked to effectuate extensive third-party discovery. Indeed, Plaintiff has issued more than ten subpoenas directed to third parties.

25.    Initially, on February 16, 2021, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action on Experian Information Solutions, Inc. ("Experian"), which sought documents and communications related to the Defendants as well as the class records. (*Id.* ¶ 34.) On February 25, 2021, counsel for Experian reached out and sought an extension to respond to the subpoena. (*Id.* ¶ 35.) Plaintiff agreed to extend the response deadline until April 12, 2021, which was later extended until April 23, 2021. (*Id.* ¶¶ 35-36.)

26.    On April 21, 2021, counsel for Plaintiff and Experian met and

conferred regarding the subject subpoena to clarify the categories of documents and data that were being sought as well as to discuss ways to minimize any burden on Experian. (*Id.* ¶ 37.) At this time, Experian requested additional time to gather all documents in its possession. (*Id.*) Counsel for Plaintiff and Experian held follow up conversations on May 10, 2021 and May 21, 2021 to provide further clarification. (*Id.* ¶ 38.)

27.    On May 24, 2021, Experian produced its initial document production, which included documents related Lend Tech's relationship with Experian. (*Id.* ¶ 39.) Experian also requested until June 2, 2021 to search for class records, including whether it has the ability to identify the individuals whose consumer reports were sold to Lend Tech. (*Id.*)

28.    On June 2, 2021, Experian's counsel conferred with Plaintiff's counsel regarding its continued search for documents and data. (Smith Decl. ¶ 40.) At this time, Experian's counsel stated that it does not believe that the data identifying which individual consumer reports were sold to Lend Tech is maintained in its system. (*Id.*) However, Experian agreed to search for the documents and data that were provided to the Consumer Financial Protection Bureau ("CFPB") to ascertain what data remains. (*Id.*) Experian also agreed to produce additional documents responsive to the subpoenas. (*Id.*)

29.    Based on Experian's disclosure, Plaintiff issued additional subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Automated Mailers, Orange County Direct Mail, Inc. ("OCDM"), and Advanced Image Direct, LLC ("Advanced Image")—which are companies that mailed solicitations letters to consumers on behalf of Defendants. (*Id.* ¶ 49.) The subpoenas seek records of consumers that were mailed solicitation letters on behalf of the Defendants. (*Id.*)

30.     On June 29, 2021, OCDM produced documents in response to the subpoena. (*Id.* ¶ 50.)

31.     On July 9, 2021, Advanced Image and Automated Mailers both reached out to Plaintiff's counsel and stated that they would produce their response to the subpoenas by July 16, 2021. (*Id.* ¶ 51.)

32.     Automated Mailers produced documents in response to the subpoena on July 15, 2021. (*Id.* ¶ 52.)

33.     Further, Plaintiff served requests for inspection on Lend Tech and Martinez, which seek inspections of the electronic device(s) used to access Lend Tech's Experian Account. (*Id.* ¶ 30.) The inspections are currently scheduled for August 13, 2021. (*Id.*)

34.     Plaintiff also issued additionally subpoenas to various other parties as well. On May 4, 2021, Plaintiff also issued subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action and to testify at a deposition directed to Ibrahim Haroun Ali—Lend Tech's initial licensed mortgage officer. (*Id.* ¶ 43.) The subpoenas specified that documents should be produced by May 28, 2021 and a deposition would commence on June 8, 2021. (*Id.*)

35.     While Mr. Ali initially ignored the subpoenas, he later reached out to Plaintiff's counsel on June 8, 2021 and requested additional time to respond. (*Id.* ¶ 44.) Mr. Ali produced his responsive documents on July 12, 2021, and his deposition is scheduled to commence on Tuesday, July 27, 2021. (*Id.* ¶ 45.)

36.     On June 15, 2021, Plaintiff issued subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action and to testify at a deposition directed to Frank Anthony Sebreros—an individual who has been identified as being involved in Lend Tech's operations and the procurement of

consumer reports. (*Id.* ¶ 46.) The subpoenas require Mr. Sebreros to produce responsive documents on or before July 23, 2021, and his deposition is scheduled to commence July 30, 2021. (*Id.*)

37.    Plaintiff also issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Sales Speek, Inc.—an entity owned by Defendant Jawad Nesheiwat—on June 15, 2021. (*Id.* ¶ 48.) To date, Plaintiff has not successfully served Sales Speek, Inc. but continues to attempt service. (*Id.*)

38.    On July 1, 2021, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to the Consumer Financial Protection Bureau ("CFPB"). (*Id.* ¶ 53.) On July 15, 2021, the CFPB reached out to Plaintiff's counsel regarding the subpoena. Plaintiff expects to serve a revised, narrowed subpoena on the CFPB within the next two weeks. (*Id.* ¶ 55.)

39.    On July 16, 2021, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to MarkSYS Holdings, LLC—another entity that is believed to have mailed letters to consumers on behalf of Defendants. (*Id.* ¶ 56.)

***Remaining Discovery***

40.    There also remains considerable discovery to be completed. Indeed, Plaintiff expects to take the depositions of all Defendants and has requested available dates from each defendant. (*Id.* ¶ 58.)

41.    Currently, Plaintiff has agreed to hold off on scheduling the depositions of MonsterLoans, Chou, Cowell, and Van Loon until after the parties attend the mediation session. (*Id.* ¶ 59.) This will preserve the resources of parties as well as preserve judicial resources.

42.     Lend Tech and Martinez have informed Plaintiff that they are generally available to be deposed. (*Id.* ¶ 60.) Plaintiff is planning to schedule their depositions after the current discovery dispute is resolved with the Court. (*Id.*) As such, Plaintiff expects to schedule both depositions in late-August or September.

43.     Nesheiwat has not yet provided available dates for his deposition. (*Id.* ¶ 61.)

44.     Based on the foregoing record, good cause exists to grant an extension to the current schedule. That is, the current delay is not the result of a failure to diligently prosecute the case. As detailed above, just the opposite is true. Rather, the extension is necessary given unforeseen delays as well as complications with third parties. Namely, Experian's late disclosure that it might not possess the class related consumer data, which identifies the consumers whose reports were sold to Lend Tech.

45.     As a result of this late disclosure, Plaintiff has worked to gather the documents and data from additional sources. Thus far, Plaintiff has issued numerous subpoenas and scheduled inspections of the electronic devices used to access Lend Tech's Experian account. Plaintiff may potentially need to issue additional subpoenas based on additional disclosures.

46.     The additional time will enable Plaintiff to effectuate all (or at least most) third party subpoenas and resolve Plaintiff's ongoing discovery dispute with Lend Tech and Martinez prior to deposing each defendant. Indeed, Plaintiff will be unfairly prejudiced if he is required to question Defendants absent the relevant class records and other key information.

47.     Additionally, an extension will also permit Plaintiff, MonsterLoans, Chou, Cowell, and Van Loon to focus their resources on settlement discussions and potentially eliminate the need to exhaust judicial resources on discovery disputes

that may become moot. That is, given the impending fact discovery cut-off, Plaintiff will likely need to raise her disputes with respect to the responses to discovery served by MonsterLoans, Chou, Cowell, and Van Loon at the same time that they work to resolve the claims against these same Defendants in mediation. Ultimately, if the parties reach an agreement to resolve the claims, the disputes will become moot. Accordingly, a brief extension will enable the parties to focus their resources on setting their claims and will preserve judicial resources.

48.     Therefore, the Parties are in mutual agreement that a ninety (90) day extension of the remaining deadlines is necessary. The extension will enable Plaintiff to gather all remaining documents and data that may be necessary to litigate this case through class certification. The extension will also provide the Parties time to resolve outstanding disputes as well as any potential disputes regarding Defendants' responses to written discovery prior to commencing any depositions. In the end, the extension will enable the Court to make a determination regarding class certification based on a complete record, including the testimony of all Parties.

49.     Finally, the extension is not being sought for any improper purpose and will not disrupt any other deadline. To the contrary, the requested extension will conserve the resources of the parties and the Court, and will potentially avoid the need for additional or supplemental briefing related to class certification.

50.     Accordingly, the Parties request that the Court issue an order extending all remaining deadlines by 90-days.

NOW, THEREFORE, the Parties hereby jointly stipulate and agree, and request the Court's approval of the following schedule:

a.  Discovery Deadline – Nonexpert: <u>12/23/21</u>

b.  Discovery Deadline – Expert: <u>2/24/22</u>

1                         i.   Plaintiff's Expert Disclosures Due: <u>12/23/21</u>

2                       ii.  Defendants' Expert Disclosures Due: <u>1/13/22</u>

3                     iii.  Rebuttal Expert Disclosures Due: <u>1/27/22</u>

4        c.  Discovery Motion Hearing Deadline: <u>2/24/22</u>

5        d.  Class Certification Motion Filing Deadline: <u>3/4/22</u>

6               i.  Opposition to Class Certification Motion Due: <u>3/25/22</u>

7               ii.  Reply ISO Class Certification Motion Due: <u>4/8/22</u>

8        e.  Hearing on Class Certification Motion: <u>4/29/22</u>

9

10                               Respectfully submitted,

11

12  Dated: July 22, 2021         By:    <u>*/s/ Taylor T. Smith*</u>

13                          Aaron D. Aftergood (239853)
                              **THE AFTERGOOD LAW FIRM**

14                          1880 Century Park East, Suite 200
                          Los Angeles, CA 90067

15                          Telephone:  (310) 550-5221
                          Facsimile:  (310) 496-2840

16                          Taylor T. Smith (*admitted pro hac vice*)

17                            tsmith@woodrowpeluso.com
                          **WOODROW & PELUSO, LLC**

18                          3900 East Mexico Avenue, Suite 300
                          Denver, Colorado 80210

19                          Telephone:  (720) 907-7628
                          Facsimile:  (303) 927-0809

20                          Attorneys for Plaintiff Erica Reiners

21                          and the Class

22

23  Dated: July 22, 2021         By:    <u>*/s/ Sean P. Burke*</u>

24                          Jeremy S. Johnson
                          jjohnson@bremerwhyte.com

25                          Benjamin Price
                          bprice@bremerwhyte.com

26                          Courtney M. Serrato
                          cserrato@bremerwhyte.com

27

28

1
2
3

BREMER WHYTE BROWN & O'MEARA
LLP
20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

4
5
6
7

Sean P. Burke*
Mattingly Burke Cohen and Biederman LLP
155 East Market Street Suite 400
Indianapolis, IN 46204
317-614-7324
Email: sean.burke@mbcblaw.com

8

*Pro Hac Vice

9
10

Attorneys for Defendants Chou Team
Realty, LLC, Sean Cowell, Thomas Chou,
Mikael Van Loon

11
12

Dated: July 22, 2021          By:    /s/ Peter D. Lepiscopo

13
14
15
16

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

17

Attorney for Defendant Jawad Nesheiwat

18

Dated: July 22, 2021          By:    /s/ David C. Holt

19
20
21
22

David C Holt
The Holt Law Firm
1432 Edinger Avenue Suite 130
Tustin, CA 92780
714-730-3999
Fax: 714-730-1116
Email: dholt@holtlawoc.com

23
24

Attorney for Defendants Lend Tech Loans,
Inc. and Eduardo Martinez

25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendants' counsels concur with the content of this document and have authorized me to affix their signatures to the document and file the same with the Court.

*/s/ Taylor T. Smith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on July 22, 2021.

*/s/ Taylor T. Smith*