Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**STIPULATION ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]<br><br>Date: December 8, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 6B, 6th Floor<br>Complaint filed: July 23, 2020<br>Discovery Cutoff: December 23, 2021 |

# I.  INTRODUCTORY STATEMENTS

## A.  Plaintiff's Introductory Statement

This motion seeks to compel third-party Sales Speek, Inc. ("Sales Speek") to provide a complete response to the subpoena issued to it by Plaintiff Reiners in this action. (See "Sales Speek Subpoena," a true and accurate copy of which is attached hereto as Exhibit A.) Despite being properly served on September 2, 2021, Sales Speek has refused to respond to the subpoena in any fashion. Instead, Sales Speek has decided to stake out the dubious position that it doesn't exist. Put simply, Sales Speek is a registered corporation with the California Secretary of State and has entered into contractual agreements in this State. As such, the Court should enter an Order compelling Sales Speek to fully comply with subpoena and order Sales Speek to show cause as to why it should not be held in contempt.

## B.  Sales Speek's Introductory Statement

On November 15, 2021, Mr. Nesheiwat served plaintiff with a verified response to the Sale Seek Subpoena, a true and correct copy of which is attached hereto as Exhibit H, incorporated herein by this reference, as though fully set forth herein. Accordingly, plaintiff's motion is moot.

# II.  ISSUES IN DISPUTE

1.  Whether Sales Speek, Inc. should be compelled to provide a response to the subject subpoena.

2.  Whether the Court should issue an order to show cause why Sales Speek, Inc. should not be held in contempt.

# III.  PARTIES' CONTENTIONS AND POINTS OF AUTHORITIES

## A.  Plaintiff's contentions and points of authorities

Plaintiff properly served the Sales Speek Subpoena, which compelled compliance within this District. To date, Sales Speek has neither provided any

response nor served any objections to the subpoena. As a result, and as explained further below, the Court should issue an order compelling compliance with the Sales Speek Subpoena and issue an order to show cause as to why Sales Speek should not be held in contempt.

### 1.   Relevant Factual Background.

On July 23, 2020, Plaintiff filed the instant action alleging wide-scale violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or "Act"). (Dkt. 1.) Specifically, between 2017 and 2019, Defendants, including Defendant Jawad Nesheiwat ("Nesheiwat"), engaged in a scheme whereby they illegally obtained consumer reports absent a permissible purpose so they could be used to solicit student loan borrowers to purchase fee-based document preparation services. (*Id.* ¶ 5-6.)

To conceal their unlawful activity, Defendants solicited the borrowers to purchase the preparation services through a web of student loan consolidation entities. (*Id.* ¶ 52.) For a significant fee, these entities offered to complete documents on behalf of borrowers to consolidate their student loans—paperwork that can be easily completed for free via the Department of Education's website. (*Id.* ¶ 53.) Defendants would then receive a share of the profits from the fees collected by the student loan consolidation entities. (*Id.* ¶ 56.) The profits were distributed to the Defendants who possessed ownership interests through separate entities in the debt relief companies. (*Id.*)

In discovery, it was revealed that Defendant Nesheiwat possessed an ownership interest in several of the student loan consolidation entities through an entity known as Sales Speek, Inc. ("Sales Speek"). (SLE Agreements, attached hereto as Ex. B, pgs. 24, 59; *see also* Declaration of Taylor T. Smith ("Smith Decl.") ¶ 3, attached hereto as Ex. C.) Nesheiwat is the president and registered

1    agent for Sales Speek. (Ex. B, pgs. 24, 59; Smith Decl. ¶ 4.)

2         On June 15, 2021, Plaintiff issued a subpoena to produce documents,

3    information, or objects or to permit inspection of premises in a civil action directed

4    to Sales Speek, Inc. (Smith Decl. ¶ 5.) Despite numerous attempts to serve Sales

5    Speek, Plaintiff was unable to effectuate service. (*Id.*) Plaintiff's counsel also

6    reached out to Nesheiwat's counsel to request that his client accept service of the

7    subpoena. (*Id.* ¶ 6.) Nesheiwat and his counsel refused to accept service. (*Id.*)

8         On August 9, 2021, having been unable to serve the initial subpoena, Plaintiff

9    issued a second subpoena to produce documents, information, or objects or to

10   permit inspection of premises in a civil action directed to third-party, Sales Speek,

11   Inc., which specified a response date of September 9, 2021. (*See* Ex. A.) The

12   subpoena sought, inter alia, documents concerning Sales Speek's relationship with

13   the defendants and student loan consolidation entities, records of payments received

14   as a result of the procurement of consumer reports, and communications relating the

15   procurement of consumer reports. (*Id.*) On September 2, 2021, Plaintiff served a

16   copy of the subpoena on Jawad Nesheiwat, Sales Speek's president and registered

17   agent. (Proof of Service, attached hereto as Ex. D.)

18        On September 9, 2021, Nesheiwat's counsel sent Plaintiff a letter on behalf

19   of Sales Speek. (*See* Sept. 9th Letter, attached hereto as Ex. E.) The letter purported

20   to "return" the subpoena without action because, supposedly, Sales Speek "does not

21   exist." (*Id.*) On September 17, 2021, Plaintiff's counsel served a discovery dispute

22   letter, which requested that Sales Speek provide a complete response to the

23   subpoena or provide availability to confer regarding a motion to compel. (Letter of

24   Sept. 17, 2021, attached hereto as Ex. F.)

25        Nesheiwat's counsel responded by sending a second letter that again claimed

26   Sales Speek does not exist and stating that Plaintiff has "provided no evidence that

27

28

1    Sales Speek ever conducted any business in California or elsewhere." (Sept. 23rd

2    Letter, attached hereto as Ex. G, pgs. 1-2.) The letter further stated that Plaintiff

3    may consider the response sufficient for conferral purposes under the local rules.

4    (*See id.* at pg. 2.) Plaintiff responded by directing Nesheiwat's counsel to the

5    previously produced contracts that Nesheiwat signed on behalf of Sales Speek.

6    (Smith Decl. ¶ 11.) Despite additional follow up requests, Nesheiwat's counsel has

7    refused to confer regarding the subpoena. (*Id.* ¶ 12.) Sales Speek has not provided

8    any response or served any objections to the subpoena. (*Id.*)

9         Based on these facts, Plaintiff requests that the Court enter an order

10   compelling Sales Speek to respond to the subject subpoena and issue an order to

11   show cause for why it should not be held in contempt.

12   **2.      The Court Has Jurisdiction To Enforce The Subpoena.**

13        Under the Federal Rules of Civil Procedure, "only a court in the district of

14   the place of compliance has jurisdiction to compel compliance, or modify or quash

15   a subpoena." *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704 BTM (JLB), 2017

16   WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) (collecting cases). A subpoena may

17   require a non-party witness to produce documents, electronically stored

18   information, or tangible things at a place within 100 miles of where the person

19   resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c);

20   *see also In re Subpoena to VaughnPerling*, No. 219MC00083CASEX, 2019 WL

21   8012372 (C.D. Cal. Dec. 2, 2019). Thus, "the place of compliance is tethered to the

22   location of the subpoenaed person." *Youngevity Int'l, Corp.*, 2017 WL 6418961, at

23   *3 (citation omitted).

24        This Court possesses jurisdiction to enforce the Sales Speek Subpoena.

25   Plaintiff served the subpoena on Sales Speek, which is a California corporation with

26   a principal place of business located in this district at 26631 Cuenca Dr, Mission

27

28

Viejo, California 92691. (*See* Smith Decl. ¶ 4.) Since the place of compliance is tethered to the location of the recipient, this District is the appropriate forum to enforce the Sales Speek Subpoena.

### 3.   Plaintiff Properly Served The Subpoena Upon Sales Speek.

Service of a subpoena "requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). While there is a growing trend among courts to allow for substitute service, "[t]he majority of courts understand 'delivering' to require *personal service* of the subpoena." *In re Subpoena to VaughnPerling*, No. 219MC00083CASEX, 2019 WL 8012372, at \*3 (C.D. Cal. Dec. 2, 2019) (citing *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at \*5 (N.D. Cal. Oct. 5, 2015); Charles A. Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.)) (emphasis in original).

Here, Plaintiff effectuated service of the subpoena upon Sales Speek on September 2, 2021. (Proof of Service, Ex. D.) The subpoena was delivered to Sales Speek's president and registered agent, Jawad Nesheiwat. (*Id.*; Smith Decl. ¶ 4.) Despite being properly served, Sales Speek has refused to provide a response to the subpoena or serve any objections. (Smith Decl. ¶ 12.) Hence, it has waived any objections to the sufficiency of service. *See Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.*, No. 08-cv-80142-JF-RS, 2009 WL 290459, at \*2 (N.D. Cal. Feb. 5, 2009) ("[w]here a party has actual notice, failure to make a timely objection waives insufficiency of service.").

Therefore, the Court should find that Sales Speek was properly served with the subject subpoena.

### 4.   By Ignoring The Subpoena, Sales Speek Waived All Objections And Should Be Compelled To Respond.

"Under Rule 45, any party may serve a subpoena commanding a nonparty 'to

attend and give testimony or to produce and permit inspection and copying of'
documents." *Rich v. Kirkland*, No. CV 11-4272-JLS (SPX), 2015 WL 7185390
(C.D. Cal. Nov. 13, 2015) (citing Fed. R. Civ. P. 45(a)(1)(C)). Thereafter, a non-
party "must serve its objections 'before the earlier of the time specified for
compliance or within 14 days after the subpoena is served.'" *Juno Therapeutics,
Inc. v. Kite Pharma, Inc.*, No. CV 17-7639-SJO-KSX, 2019 WL 3069009, at *3
(C.D. Cal. Apr. 29, 2019) (citing Fed. R. Civ. P. 45(d)(2)(B)). "A non-party's
failure to timely make objections to a Rule 45 subpoena ... generally requires the
court to find that any objections have been waived." *Id.* (citation omitted); *Poly-
Med, Inc. v. Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942,
at *2 (S.D. Cal. May 25, 2017) (citation omitted). Further, where a nonparty fails to
respond, a court may grant a motion to compel compliance with a subpoena. *See In
re Subpoena to VaughnPerling*, No. 219MC00083CASEX, 2019 WL 8012372, at
*3 (C.D. Cal. Dec. 2, 2019) (citing *Miranda v. Hokinson*, No. 2:07-cv-0609-JHN-
RC, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008)) ("The Court may also
grant a motion to compel compliance with a Rule 45 subpoena, however, where the
nonparty has not formally objected but has instead failed to respond.").

In this case, Sales Speek's actions warrant an Order compelling compliance.
That is, Sales Speek was served on September 2, 2021. (*See* Proof of Service, Ex.
D.) The response date was September 9, 2021. (*See* Sales Speek Subpoena, Ex. A.)
To date, Sales Speek has failed to respond or serve any objections to the subpoena.
(*See* Smith Decl. ¶ 12.) Counsel for Plaintiff has made numerous attempts to
procure a response through informal resolution efforts to no avail. (*See id.* ¶¶ 9-12.)
Instead, Sales Speek has continued to ignore the subpoena and therefore has waived
any objections that it may have asserted.

Additionally, in response, Plaintiff anticipates that Sales Speek will claim

that it does not exist. But this is inaccurate. Indeed, Plaintiff has provided Sales Speek's incorporation documents, which was filed with the California Secretary of State. (*See* Sales Speek Business Filings, attached as Exhibit 1 to Smith Decl.) Plaintiff has also provided contracts that Sales Speek entered into in this State. (Ex. B.) And even if Sales Speek claims that it dissolved (there is no evidence of this), this doesn't pose an issue. Indeed, under California law:

> A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.

Cal. Corp. Code § 2010 (West); *see also City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007). Because dissolved corporations retain their right to prosecute and defend legal claims, courts are clear that they likewise remain obligated to respond to valid subpoenas. *See In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 48 (2d Cir. 1985) (finding that a dissolved corporation has a duty to respond to a subpoena); *Luv N' Care, Ltd. v. Laurain*, No. 218CV02224JADEJY, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (enforcing a subpoena against a dissolved entity).

Ultimately, Sales Speek should be compelled to respond. Absent such an order, Sales Speek will continue to ignore the subpoena. Plaintiff therefore requests that the Court enter an order compelling Sales Speek to provide a complete response to the subpoena to produce documents within fourteen (14) days.

**5.      Sales Speek's Actions Also Necessitate An Order To Show Cause Why It Should Not Be Held In Contempt.**

Finally, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Civil contempt is intended 'to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance.'" *Pongsai v. Am. Express Co.*, No. Case No. 8:19-cv-01628-DOC, 2020 WL 6115086, at *1 (C.D. Cal. Aug. 27, 2020) (citation omitted). To establish civil contempt, "the moving party must show by clear and convincing evidence that the contemnor has violated a clear and specific court order." *Id.* at *2. Once the movant has made that showing, "the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." *Id.* (collecting cases). Of course, a subpoena "is itself a court order, and noncompliance may warrant contempt sanctions." *Poly-Med, Inc.*, 2017 WL 2291942, at *2 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, n.5 (9th Cir. 1983)).

Here, Sales Speek's actions warrant contempt sanctions. As explained above, Sales Speek was properly served with the Sales Speek Subpoena. To date—two months after service of the subpoena—Sales Speek has refused to respond to the subpoena in any meaningful way. Instead, Sales Speek "returned" the subpoena to Plaintiff's counsel and claimed that it "does not exist." (Exs. E & G.) As previously explained, this assertion is false. No grounds support Sales Speek's refusal to respond to the subject subpoena.

Further, while Sales Speek is a nonparty, it shouldn't be overlooked that its owner and president is Jawad Nesheiwat, a defendant in this case who has already been reminded of his Rule 11 obligations. (*See* Dkt. 83, pg. 2 ("The Court generally reminds Nesheiwat and his counsel of their obligations under Federal Rule of Civil Procedure 11.").) Nevertheless, Nesheiwat has refused to comply with the subject

1   subpoena without any reasonable basis. Instead, Nesheiwat attempts to reimagine

2   the past by claiming (without support) that Sales Speek does not exist. Enough is

3   enough: the Court should step in and order Sales Speek to show cause.

4               **6.**    **Conclusion**

5          For the foregoing reasons, Plaintiff requests that the Court enter an order

6   compelling Sales Speek to provide a complete response to the Sales Speek

7   Subpoena within fourteen (14) days, issue an order to show cause by it should not

8   be held in contempt, and for such additional relief as the Court deems necessary and

9   just.

10       **B.**    **Sales Speek's Contentions And Points Of Authorities**

11          As evinced by the Response to the Sales Speek Subpoena, Exhibit H,

12   plaintiff's motion is moot.

13                                Respectfully submitted,

14

15   Dated: November 16, 2021        By:     */s/ Taylor T. Smith*

16                            Aaron D. Aftergood (239853)
                         **THE AFTERGOOD LAW FIRM**

17                            1880 Century Park East, Suite 200
                         Los Angeles, CA 90067

18                            Telephone:  (310) 550-5221
                         Facsimile:   (310) 496-2840

19

20                            Taylor T. Smith (*admitted pro hac vice*)
                           tsmith@woodrowpeluso.com

21                            **WOODROW & PELUSO, LLC**
                         3900 East Mexico Avenue, Suite 300

22                            Denver, Colorado 80210
                         Telephone:  (720) 907-7628
                         Facsimile:   (303) 927-0809

23

24                            Attorneys for Plaintiff Erica Reiners
                         and the Class

25

26

27

28

Dated: November 16, 2021.    By:    */s/ Peter D. Lepiscopo*

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

Attorney for Jawad Nesheiwat, Defendant

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Sales Speek, Inc.'s counsel concurs with the content of this document and has authorized me to affix his signature to the document and file the same with the Court.

*/s/ Taylor T. Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 16, 2021.

*/s/ Taylor T. Smith*