# Exhibit F



September 17, 2021

*Via electronic mail to*

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

**Re:** <u>*Reiners v. Chou Team Realty, LLC, et al.*, Case No. 2:20-cv-06587-SB-ADS (C.D. Cal.)</u>

Dear Counsel:

      This letter responds to your September 9th letter sent on behalf of Sales Speek, Inc. ("Sales Speek"), which purports to return without action the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action issued in the above-entitled action on August 9, 2021 (hereafter "Subject Subpoena"). The sole justification for Sales Speek's refusal to respond to the subpoena is your contention that the entity "does not exist." Put simply, this is not a basis for refusing to comply with a subpoena and a complete response must be served without further delay.

      Under California law, the dissolution of a corporation does not render the entity nonexistent. *See, e.g.,* Cal. Corp. Code § 2010 (West). Rather,

> A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.

*Id.*; *see also City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007). Because dissolved corporations retain their right to prosecute and defend legal claims, courts are clear that they likewise remain obligated to respond to valid subpoenas. *See In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 48 (2d Cir. 1985) (finding that a dissolved

corporation has a duty to respond to a subpoena); *Luv N' Care, Ltd. v. Laurain*, No. 218CV02224JADEJY, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (enforcing a subpoena against a dissolved entity).

      Here, Sales Speek has an obligation to provide a complete response to the Subject Subpoena. As your letter concedes, the subpoena was properly served on Sales Speek's president and registered agent, Jawad Nesheiwat, and specified a response date of September 9, 2021. Further, while your letter asserts that Sales Speek "does not exist", no evidence has been produced to support the assertion that any steps have been taken to dissolve the entity. Regardless, even if Sales Speek were properly dissolved, that does not provide a basis to ignore the Subject Subpoena. As such, Sales Speek must provide a complete response.

      \*      \*      \*      \*      \*      \*

      Accordingly, Plaintiff requests that Sales Speek provide a complete response to the subpoena within seven (7) days from the date of this letter. Otherwise, please provide your availability to meet and confer regarding a motion to compel compliance.

Sincerely,

*/s/ Taylor T. Smith*
Taylor T. Smith