Exhibit G

# L&A

## LEPISCOPO & ASSOCIATES

*SERVING SAN DIEGO & ORANGE COUNTIES*

http://www.linkedin.com/in/petelepiscopo/
*WEBSITE: WWW.LEPISCOPOLAWFIRM.COM*

---

**PETER D. LEPISCOPO, ESQ.**
**JAMES M. GRIFFITHS, ESQ.**
**MARSHALL R. LURTZ, ESQ.**

**ORANGE COUNTY OFFICE**
695 Town Center, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

**OF COUNSEL:**
**SENATOR BILL MORROW, ESQ.**
*California State Senator-Retire*

September 9, 2021

**TAYLOR T. SMITH, ESQ.**                    Email: tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

**Re:**     *Erica Reiners v. Chou Team Realty, LLC, et al.*
            U.S. District Court for the Central District of California Case No. 2:20-cv-06587

Dear Mr. Smith:

## LOCAL RULE 7-3 MEET & CONFER AND RETURN WITHOUT ACTION: 8/9/21 SUBPOENA TO SALES SPEEK, INC.

On or about September 2, 2021, your client's 8/9/21 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") directed to Sales Speek, Inc., was served on Mr. Nesheiwat. For your reference a copy of the Subpoena is attached hereto and marked as Attachment 1.

As I previously advised you, Mr. Nesheiwat refused to accept service of any process relating to Sales Speek, Inc., an entity that does not exist. Accordingly, Mr. Nesheiwat has no duty to respond to the Subpoena, and, therefore, is returning the Subpoena to you (*see* Attachment 1).

In your September 17, 2021, letter you indicated that "the subpoena was properly served on Sales Speek's **president and registered agent, Jawad Nesheiwat**. . ." I never conceded any such point. Rather, I merely acknowledged that contrary to my instructions that Mr. Nesheiwat would not agree to accept service of the subpoena, the subpoena was received by Mr. Nesheiwat, and that I was returning it to you without action. Furthermore, I never conceded that Mr. Nesheiwat was Sales Speek's president and/or agent for service of process or held any other position.

---



*SERVING SAN DIEGO & ORANGE COUNTIES*

**TAYLOR T. SMITH, ESQ.**
September 23, 2021
Page 2

Moreover, you have provided no evidence that Sales Speek ever conducted any business in California or elsewhere. It merely filed its articles of incorporation ("Articles") on April 28, 2016, and, as the Secretary of State's records clearly prove, no further documents were ever filed with the Secretary of State. More importantly, you have failed to provide any evidence of the identities of the directors or officers of Sales Speek. The Articles merely indicate that in 2016 Mr. Nesheiwat was the agent for service of process, nothing more, nothing less. This means, of course, that he has no duty to testify or respond to your client's subpoena, which brings up another point—the subpoena was not directed to the custodian of records but rather to "Sales Speek, Inc."

Of course, if you have evidence that contradicts any of the foregoing, please feel free to provide it and I will review and consider it.

Finally, it is important to note that I do not represent Sales Speek, Inc., but am merely serving as a conduit through which to return the Subpoena to you. Accordingly, although I do not believe I have any duty to do so, you may consider this letter my response under Local Rule 7-3 to your September 17, 2021 meet & confer letter.

Sincerely,

**LEPISCOPO & ASSOCIATES LAW FIRM**

Peter D. Lepiscopo



## LEPISCOPO & ASSOCIATES

*SERVING SAN DIEGO & ORANGE COUNTIES*

 http://www.linkedin.com/in/petelepiscopo/
www.LepiscopoLawFirm.com

_____

**SAN DIEGO OFFICE**



AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California ▼

RECEIVED
O.C. SHERIFF'S DEPT
HARBOR/COURT SERVICES

2021 AUG 16  P 1: 36

| | | |
|---|---|---|
| Erica Reiners, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20-cv-06587-SB-ADS |
| Chou Team Realty, LLC, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Sales Speek, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Addendum A.

| Place: The Aftergood Law Firm, 1880 Century Park East Suite 200, Los Angeles, CA 90067, or tsmith@woodrowpeluso.com | Date and Time: 09/09/2021 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/09/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Taylor T. Smith |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Erica Reiners                                                                 , who issues or requests this subpoena, are:
Taylor T. Smith, tsmith@woodrowpeluso.com, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210; Tel: 720-907-7628

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-06587-SB-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS
## TO SALES SPEEK, INC.

RECEIVED
O.C. SHERIFF'S DEPT
HARBOR/COURT SERVICES
2021 AUG -9 PM 3:50

Please produce the following documents for inspection and copying on or before September 9, 2021. To the extent that YOU object to any of the below requests on the basis of privilege, YOU must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with each of the DEFENDANTS in this action, including all contracts, agreements, and communications.

2.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with any STUDENT LOAN ENTITY, including all contracts, agreements, and communications.

3.    All communications with any PERSON regarding LEND TECH or the procurement of CONSUMER REPORTS, including all email communications.

4.    All communications with any PERSON relating to any STUDENT LOAN ENTITY, including all email communications.

5.    All DOCUMENTS sufficient to IDENTIFY all CONSUMER REPORTS that were obtained through LEND TECH'S EXPERIAN ACCOUNT during the RELEVANT TIME PERIOD.

6.    All DOCUMENTS sufficient to IDENTIFY all PERSONS, including the total number of such PERSONS, whose CONSUMER REPORTS were obtained through LEND TECH'S EXPERIAN ACCOUNT during the RELEVANT TIME PERIOD.

7.    All DOCUMENTS sufficient to IDENTIFY YOUR involvement and role in the procurement and use of CONSUMER REPORTS from LEND TECH'S EXPERIAN ACCOUNT.

8.    All DOCUMENTS sufficient to IDENTIFY YOUR complete business purpose.

9.    All DOCUMENTS sufficient to IDENTIFY all payments or other things of value or consideration that YOU received from any PERSON, entity, or activity related to the use of CONSUMER REPORTS procured through LEND TECH'S EXPERIAN ACCOUNT, including any payments from any STUDENT LOAN ENTITY.

10.   All DOCUMENTS sufficient to IDENTIFY YOUR FINANCIAL STATEMENTS and tax returns for the prior four years.

11.   All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and any PERSON regarding PLAINTIFF, this lawsuit, or the underlying

allegations set forth in the Complaint.

## DEFINITIONS

1. "CFPB" means and refers to the Consumer Financial Protection Bureau.

2. "CFPB CASE" means and refers to the Consumer Financial Protection Bureau's enforcement action styled *Bureau of Consumer Financial Protection v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS (C.D. Cal. filed January 9, 2020), including any pre-suit investigation and/or investigative hearings.

3. "CHOU" means and refers to the defendant in this case, Thomas Chou.

4. "COMPLAINT" means and refers to the Class Action Complaint filed in this lawsuit on July 23, 2020 (Dkt. 1) and any subsequent Complaint filed in this litigation.

5. "CONSUMER REPORT" shall have the same definition as expressed in 15 U.S.C. § 1681a(d), *et seq.*

6. "COWELL" means and refers to the defendant in this case, Sean Cowell.

7. "DEFENDANTS" means and refers to the defendants in this action, Lend Tech Loans, Inc., Chou Team Realty, LLC d/b/a MonsterLoans, Thomas Chou, Sean Cowell, Mikael Van Loon, Eduardo Martinez, Jawad Nesheiwat, and any subsequent PERSONS added as defendants to the COMPLAINT or any subsequent or amended COMPLAINT.

8. "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

9. "FINANCIAL STATEMENTS" means and refers to written reports that convey the financial activities and conditions of a business or entity, including but not limited to income statements, balance sheets, statements of cash flows, and bank statements.

10. "IDENTIFY" shall mean the following:

    A.  when referring to a person, means to produce a table, spreadsheet or report, or other sufficient documents to specify the person's full name, present or last known address, telephone number, email address;

    B.  when referring to documents, means to provide documents showing the (i) type of document; (ii) general subject matter; (iii) date of the document and period of use;

and (iv) author(s), addressee(s) and recipient(s); and

C.    when referring to a communication, means to give documents showing the type of communication (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each person present during the communication or who otherwise viewed or heard the communication, and to state the subject matter of the communication and the date when it occurred.

11. "LEND TECH" means Defendant Lend Tech Loans, Inc., incorporated and existing under the laws of the State of California with its principal place of business located at 1851 E. First St., #810, Santa Ana, California 92705, and for the purposes of this discovery includes any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

12. "LEND TECH'S EXPERIAN ACCOUNT" means and refers to any account that Lend Tech had access to or utilized to obtain Consumer Reports and/or prescreened consumer reports from Experian, including Experian's iScreen Product, which enables Experian clients to order and access prescreened consumer reports.

13. "MARTINEZ" means and refers to the defendant in this case, Eduardo "Ed" Martinez.

14. "MONSTERLOANS" means Defendant Chou Team Realty, LLC d/b/a MonsterLoans, incorporated and existing under the laws of the State of California with its principal place of business located at 25391 Commercentre Dr., Suite 100, Lake Forest, California 92630, and for the purposes of this discovery includes any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

15. "NESHEIWAT" means and refers to the defendant in this case, Jawad Nesheiwat.

16. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

17. "PLAINTIFF" means the Plaintiff in this action, Erica Reiners, and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint.

18. "STUDENT LOAN ENTITY" or "STUDENT LOAN ENTITIES" means and refers to any Person or entity or association or other organization that was involved in the procurement, receipt, or use of consumer reports (or the information contained therein) that were obtained through the Lend Tech Experian Account, including all entities that solicited consumers to purchase any student loan related fee-based product or service. This definition includes, but is not limited to, Assure Direct Services, LP, XO Media, LLC, Direct Document Solutions, LP, Docs Done Right, LP, Docu Prep Center, Inc., M&R Partners, LLC, TDK Enterprises, LLC, Cre8labs, Inc., Sales Speek, Inc., Secure Preparation Services, LP, Certified Doc Prep Services, LP, Document Preparation

Services, LP, Clarity Solutions Center, LLC, and Unified Document Services, LLC.

19. "VAN LOON" means and refers to the defendant in this case, Mikael Van Loon.

20. "YOU," "YOUR," or "SALES SPEEK" means Sales Speek, Inc., whose principal place of business is located at 26631 Cuenca Dr., Mission Viejo, CA 92691, and for the purposes of this discovery includes any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.