Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>                         Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]<br><br>Date: December 8, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 6B, 6th Floor<br>Complaint filed: July 23, 2020<br>Discovery Cutoff: December 23, 2021 |

Plaintiff files this supplemental memorandum to briefly address Sales Speek, Inc.'s ("Sales Speek") erroneous contention that its response to the subpoena renders the motion to compel moot. It does not. Rather, Sales Speek's response asserts meritless objections and claims (despite clear evidence to the contrary) that no responsive documents exist. As explained below, the objections should be overruled, and the Court should order a complete response to the subpoena.

*First*, Defendant Jawad Nesheiwat's ("Nesheiwat") objections should be overruled. That is, in response to each request, Nesheiwat (not Sales Speek) asserts

his fifth amendment right against self-incrimination. Because the subpoena was directed to a corporation (Sales Speek), there is no basis for these objections. *Chrome Hearts LLC V. Old Sch. Fairfax Inc.*, 2017 WL 8943005, at *3 (C.D. Cal. Aug. 25, 2017) ("Corporations do not have Fifth Amendment rights.") (citing *Braswell v. United States*, 487 U.S. 99, 107 (1988)).

Additionally, because Sales Speek failed to assert any objections prior to its deadline to respond (September 9, 2021), it has waived any objections that it may have to the subpoena. *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. CV 17-7639-SJO-KSX, 2019 WL 3069009, at *3 (C.D. Cal. Apr. 29, 2019) ("A non-party's failure to timely make objections to a Rule 45 subpoena ... generally requires the court to find that any objections have been waived.") (citation omitted). As such, the Court should overrule Sales Speek's objections and order a complete response.

Furthermore, Sales Speek's response that no documents exist should not be accepted by the Court. Relevant here, "[w]hen no responsive documents are found or a dispute arises out of the completeness of the production that is made, the subpoenaed person must come forward with an explanation of the search conducted 'with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366–67 (D. Nev. 2019) (citing *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)).

Sales Speek has not produced a single document in response to the subpoena here, and it is simply not possible that no documents exist. To date, Plaintiff has been able to locate documents related to Sales Speek from various sources, including contractual agreements entered into by Sales Speek (*see* Dkt. 87-2 pgs. 24, 59) and checks written to Sales Speek, which represent income to the

corporation (*see* Sales Speek Checks, attached hereto as Ex. A). Together, these documents reveal that Sales Speek has or at one time had a bank account, that it entered into agreements/contracts to conduct business within this State, and that it received income that was likely reported to the government. As such, it appears that Sales Speek has simply failed or refused to conduct any sort of meaningful search for documents.

Accordingly, the Court should order Sales Speek to provide a complete response to the subject subpoena and award such additional relief as it deems necessary and just.

Respectfully submitted,

Dated: November 24, 2021          By:      */s/ Taylor T. Smith*

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone:   (310) 550-5221
Facsimile:    (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone:   (720) 907-7628
Facsimile:    (303) 927-0809

Attorneys for Plaintiff Erica Reiners
and the Class

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 24, 2021.

*/s/ Taylor T. Smith*