Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

*Pro Hac Vice*

Attorneys for Plaintiff and the Class

[Additional counsel appearing on signature line]

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>                              Defendants. | Case No.   2:20-cv-06587-SB-ADS<br><br>**UNOPPOSED MOTION TO MODIFY DISCOVERY SCHEDULE**<br><br>Hearing: January 7, 2022<br>Time: 8:30 a.m.<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

      **PLEASE TAKE NOTICE THAT** on Friday, January 7, 2021, at 8:30 a.m. or as soon thereafter as the matter may be heard, counsel for Plaintiff Erica Reiners ("Plaintiff" or "Reiners") shall appear before the Honorable Stanley Blumenfeld, Jr. or any judge sitting in his stead in Courtroom 6C of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, California 90012 and present her Unopposed Motion to Modify Discovery Schedule.

      Plaintiff moves the Court for an Order vacating the current expert discovery

deadlines and converting the expert discovery period to fact discovery. This modification will not result in the extension of the overall discovery deadline. This Motion is based on this Notice and Motion, the Memorandum in Support of the Motion, oral argument of counsel, and any other matter that may be submitted at the hearing.

The undersigned certifies that he conferred with counsel for all parties in this action pursuant to L.R. 7-3. No party opposes the requested relief.

Respectfully submitted,

**Erica Reiners**, individually and on behalf of all others similarly situated,

Dated: December 3, 2021

*/s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Class*

## MEMORANDUM AND POINTS OF AUTHORITY

## I.  INTRODUCTION

Plaintiff Erica Reiners ("Plaintiff" or "Reiners") respectfully moves the Court for an Order modifying the existing discovery schedule. The proposed modification will eliminate the existing expert discovery deadlines, which no party requires in this case, and converts the expert discovery period into additional fact discovery. The overall discovery cut-off will remain unchanged, the existing class certification deadlines will be unchanged, and no other deadlines will be affected by the modification. Further, good cause exists to grant the requested modification.

## II.  RELEVANT PROCEDURAL HISTORY

On July 23, 2020, Plaintiff Reiners filed the instant action against Defendants Chou Team Realty, LLC d/b/a MonsterLoans ("MonsterLoans"), Mikael Van Loon ("Van Loon"), Thomas Chou ("Chou"), Sean Cowell ("Cowell"), Lend Tech Loans, Inc. ("Lend Tech"), Eduardo Martinez ("Martinez"), and Jawad Nesheiwat ("Nesheiwat") alleging wide-scale violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or "Act"). (Dkt. 1.) On January 15, 2021, the Parties filed their Joint Case Management Report pursuant to Rule 26(f). (Dkt. 66.) After reviewing the Joint Case Management Statement, the Court Ordered the Parties to confer and file a discovery plan related to only class certification. (Dkt. 67.)

On February 5, 2021, the Parties filed a Joint Class Certification Plan (dkt. 70). On April 5, 2021, the Court issued an Order setting initial discovery deadlines (dkt. 81), which were previously extended on July 26, 2021 (dkt. 86). The current deadlines are as follows:

- Nonexpert Discovery Deadline – 12/23/21
- Expert Discovery Deadline – 2/24/22
  - Plaintiff's Expert Disclosures Due – 12/23/21

1    o Defendants' Expert Disclosures Due – 1/13/22

2    o Rebuttal Expert Disclosures Due – 1/27/22

3  • Discovery Motion Hearing Deadline – 2/24/22

4  • Class Certification Motion Deadline – 3/4/22

5    o Opposition to Class Certification Deadline – 3/5/22

6    o Reply ISO Class Certification Deadline – 4/8/22

7  • Hearing on Class Certification Motion at 8:30 a.m. 4/29/22

8  (*Id.*)

9      Prior to the first extension, Plaintiff was actively engaged in litigating this

10 case. (*See* Declaration of Taylor T. Smith ("Smith Decl."), a true and accurate copy

11 of which is attached hereto as Ex. A.) Indeed, Plaintiff served and responded to

12 numerous discovery requests. (Smith Decl. ¶ 9.) Plaintiff had also issued more than

13 ten third-party subpoenas. (*Id.*) For a more complete picture of the discovery taken

14 prior to the extension, Plaintiff directs the Court's attention to her counsel's prior

15 declaration filed in support of the stipulation to extend the deadlines. (*See* Dkt. 85-

16 1.)

17      After the extension, Plaintiff has continued to diligently litigate this matter and

18 has continued to shoulder nearly all of the burden of discovery. On July 27, 2021,

19 Plaintiff deposed Ibrahim Haroun Ali—Lend Tech's initial licensed mortgage

20 officer. (Smith Decl. ¶ 11.) Plaintiff also worked with Mr. Ali to obtain additional

21 responsive documents related to this case following his deposition. (*Id.*)

22      On August 16, 2021, Plaintiff, along with MonsterLoans, Van Loon, Chou,

23 Cowell, and Nesheiwat, attended a full-day, virtual mediation session with the Hon.

24 Linda Quinn (ret.). (*Id.* ¶ 12.) While the mediation was unsuccessful in resolving

25 Nesheiwat's claims, Plaintiff (after several follow up discussions) has reached an

26 agreement to resolve the claims of MonsterLoans, Cowell, Van Loon, and Chou.

27 (*Id.*) Plaintiff expects to file a stipulation of dismissal with respect to their claims by

28

1  the end of this month. (*Id.*) This will leave only Lend Tech, Nesheiwat, and Martinez
2  as the remaining parties in this litigation.

3     Plaintiff also continued to work to effectuate third-party discovery as well. (*Id.*
4  ¶ 13.) Indeed, Plaintiff obtained hundreds of documents (including emails with
5  Defendants) from Experian Information Solutions, Inc. ("Experian"). (*Id.*) Plaintiff
6  also obtained relevant financial records from Wells Fargo Bank N.A. (*Id.* ¶ 14.)
7  Additionally, Plaintiff effectuated a subpoena directed to Debt Pay Gateway, Inc. (*Id.*
8  ¶ 15.)

9     Plaintiff has also obtained the relevant class records in this case. (*Id.* ¶ 16.)
10  That is, Plaintiff effectuated subpoenas directed to Automated Mailers and MarkSYS
11  Holdings, LLC, which were two of the mailing houses that Defendants utilized to
12  send student loan consolidation letters to consumers. (*Id.*) Both MarkSYS Holdings,
13  LLC and Automated Mailers have provided the prescreened lists of consumers that
14  were originally obtained from Lend Tech. (*Id.*) Plaintiff does not believe that any
15  other class records are necessary. (*Id.*)

16     On November 18, 2021, Plaintiff deposed third party, Frank Anthony
17  Sebreros. (*Id.* ¶ 17.) Mr. Sebreros's deposition revealed further details about how the
18  student loan consolidation entities functioned together. (*Id.*) The deposition also
19  revealed a previously undisclosed third party, Clarity Support Services, LLC, which
20  Plaintiff may need to subpoena in this litigation. (*Id.*)

21  ***Remaining Discovery Matters***

22     There are two outstanding discovery disputes. First, Plaintiff has filed a
23  motion to compel Sales Speek, Inc. ("Sales Speek") to respond to a subpoena issued
24  in this action. (*See* Dkt. 87.) In discovery, it was revealed that Defendant Nesheiwat
25  possessed an ownership interest in several of the student loan consolidation entities
26  through Sales Speek. (Smith Decl. ¶ 19.) As such, Plaintiff is seeking to compel a
27  complete response to the subpoena, which will include records of payments that

28

1   Sales Speek received from student loan entities. (*Id.*) The motion is scheduled for a

2   hearing on December 8, 2021. (*See* Dkt. 87.)

3         Second, Plaintiff is also engaged in a discovery dispute with Lend Tech and

4   Martinez as well. (*Id.* ¶ 20.) That is, after initial conferrals regarding the sufficiency

5   of their responses to Plaintiff's first set of discovery requests, both defendants agreed

6   to provide supplemental responses. (*Id.*) To simplify the production, Defendants

7   agreed to produce all of the documents produced in discovery in the related CFPB

8   action (Case No. 8:20-cv-00043-SB-ADS), which involves substantially similar

9   claims against Defendants. (*Id.* ¶ 21.) Thereafter, the parties would confer to

10  determine if any remaining information needed to be produced. (*Id.*) To facilitate

11  compliance with the protective order in the CFPB action, Plaintiff served a second

12  set of requests for production on May 4, 2021. (*Id.*) Plaintiff also served a second set

13  of interrogatories on both defendants on September 20, 2021. (*Id.* ¶ 24.)

14        Since that time, Defendants have embarked on a series of delay tactics by

15  repeatedly assuring that the documents would be produced soon, including providing

16  updates regarding issues uploading the responsive documents into Dropbox during

17  the month of September. (*Id.* ¶ 22.) Throughout this time, Plaintiff was patient and

18  believed that Defendants were operating in good faith. (*Id.* ¶ 23.) After setting a firm

19  date for the production, Defendants' counsel informed Plaintiff that it provided

20  notice to the CFPB of the documents it planned to produce on November 5th (6-

21  months after service of the relevant requests). (*Id.*) While this is unacceptable, it is

22  also irrelevant. That is, both Lend Tech and Martinez failed to serve any objections

23  or responses to either the second set of interrogatories or the requests for production.

24  (*Id.* ¶ 25.) As such, they have waived any objections they may have, and Plaintiff is

25  now seeking to compel complete responses to all discovery requests. (*Id.*) Plaintiff

26  has served her portions of the magistrate's informal discovery dispute form on

27

28

1    defendants[1]. (*Id.* ¶ 27.) Once Plaintiff receives defendants' responses, Plaintiff will

2    submit the request to the magistrate and expects to schedule an informal conference

3    sometime in December. (*Id.*)

4        Despite the extensive discovery completed to date, there still remains some

5    outstanding discovery. First, Plaintiff will still be taking the depositions of

6    MonsterLoans, Van Loon, Chou, and Cowell, which are tentatively scheduled to

7    commence in December, however, the depositions may be postponed. (Smith Decl. ¶

8    28.) Plaintiff will also need to depose Nesheiwat, Lend Tech, and Martinez. (*Id.* ¶

9    29.) Once the depositions are complete, Plaintiff will work to file her motion for

10   class certification. (*Id.* ¶ 30.)

11        Based on this record and as set forth below, Plaintiff respectfully requests that

12   the Court grant this motion to modify the existing discovery deadlines.

13   **III.   ARGUMENT**

14        The Court may modify a discovery schedule if the moving party establishes

15   "good cause" for the modification. *Dang v. Fulkerson*, No. 2:16-CV-00222-SK, 2017

16   WL 2311230, at *3 (C.D. Cal. May 25, 2017). "[W]hether good cause exists to

17   modify a scheduling order relies largely on the diligence of the party seeking the

18   modification." K*uschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal.

19   2009) (citation omitted); *see also Aardwolf Indus., LLC v. Abaco Machines USA,*

20   *Inc.*, No. CV 16-1968-GW(JEMX), 2017 WL 6888242, at *3 (C.D. Cal. Sept. 7,

21   2017). A party can establish good cause by demonstrating that the current deadlines

22   "cannot reasonably be met despite diligence of the party seeking the extension."

23   *Baltazar v. Forward Air Sols., Inc.*, No. CV-13-594-PHX-LOA, 2013 WL 6283475,

24   at *2 (D. Ariz. Dec. 4, 2013).

25        Here, the record establishes good cause to grant the requested modification. As

26

27

28

---

[1] After Plaintiff served her initial draft of this request form, defendants served a small portion of the CFPB documents. The production is insufficient, and the parties remain at issue with respect to numerous requests. (Smith Decl. ¶ 26.)

1   detailed above, Plaintiff has diligently worked to obtain all of the necessary

2   discovery in this case. She has issued thirteen third-party subpoenas in this action,

3   which have resulted in procurement of all of the class records in this case in addition

4   to relevant financial records. Plaintiff has also deposed two relevant third-party

5   witnesses, including Frank Anthony Sebreros and Ibrahim Ali. Overall, Plaintiff has

6   shouldered nearly all of the discovery burden in this case.

7          More importantly, the requested modification is necessary to enable the parties

8   to resolve their existing discovery disputes prior to scheduling the remaining

9   depositions. That is, the motion to compel Sales Speek to provide a response to the

10  subpoena is filed and scheduled for a hearing on December 8, 2021. (*See* Dkt. 87.)

11  Further, Plaintiff expects to schedule an informal discovery conference with the

12  assigned magistrate in the coming weeks. (Smith Decl. ¶ 27.) As such, the requested

13  modification will enable the remaining parties to resolve the disputes prior to

14  scheduling the depositions of Nesheiwat[2], Lend Tech, and Martinez. Indeed, Plaintiff

15  will be unfairly prejudiced if he is required to question Defendants absent the

16  relevant records and other key information that is solely within their possession.

17         Additionally, the requested modification is also warranted because no party

18  expects to engage in expert discovery. That is, based on the information produced to

19  date, Plaintiff does not believe that any experts will be necessary to assist the trier in

20  fact to understand the evidence produced in this case. Plaintiff also conferred with

21  counsel for Lend Tech, Nesheiwat, and Martinez, none of which expect to rely on

22  expert testimony.[3] (Smith Decl. ¶ 2.) Further, a denial of the requested modification

23  would lead to an illogical result in which the parties would proceed to an expert

24  ───────────────────────

25  [2] Despite repeated requests, Plaintiff still awaits a proposed date from Nesheiwat to
    schedule his deposition. (Smith Decl. ¶ 29.)

26  [3] Counsel for Nesheiwat requested that Plaintiff include an acknowledgement that if
    any party seeks to an designate expert witness, then Mr. Nesheiwat should be

27  permitted to engaged in expert discovery. (Smith Decl. ¶ 2.) Plaintiff does not

28  oppose this request, but she also has no intention of engaging in expert discovery.

discovery phase, which they agree is unnecessary. Conversely, the modification will enable the parties to resolve their disputes and then complete the remaining depositions without extending the overall discovery schedule in this case.

Additionally, it's worth noting that Plaintiff has engaged in settlement discussions with the remaining defendants. Should an agreement come to fruition, the parties may be able to resolve the case or narrow the claims further. Plaintiff also notes that the modification would obviate the need to schedule all of the remaining depositions within the coming 3-weeks, including during the upcoming holidays.

For all of these reasons, Plaintiff respectfully requests that the Court modify the existing discovery schedule to convert the forthcoming expert discovery phase into additional fact discovery. Plaintiff notes that this modification will not affect any other deadline in this case and will not result in an extension of the overall discovery schedule. Rather, the modification will enable the parties to resolve their current discovery disputes and schedule all remaining depositions within the existing schedule. Accordingly, Plaintiff respectfully requests that the Court modify the existing deadlines as follows[4]:

- **Nonexpert Discovery Deadline – 2/24/2022**
- **Expert Discovery Deadline – Vacated**
  - **Plaintiff's Expert Disclosures Due – Vacated**
  - **Defendants' Expert Disclosures Due – Vacated**
  - **Rebuttal Expert Disclosures Due – Vacated**
- Discovery Motion Hearing Deadline – 2/24/22
- Class Certification Motion Deadline – 3/4/22
  - Opposition to Class Certification Deadline – 3/5/22
  - Reply ISO Class Certification Deadline – 4/8/22
- Hearing on Class Certification Motion at 8:30 a.m. 4/29/22

---

[4]  Deadlines not in bold print remain unchanged.

1   As a final point, the modification is not being sought for any improper purpose

2   and will not disrupt any other deadline. To the contrary, the requested modification

3   will conserve the resources of the parties and the Court. Indeed, only the depositions

4   of the defendants remain to be completed. Once those are complete, Plaintiff is

5   prepared to move forward with filing her motion for class certification in line with

6   the existing deadlines.

7   **IV.   CONCLUSION**

8   For the forgoing reasons, Plaintiff respectfully requests that the Court grant

9   the instant motion, modify the existing deadlines as set forth above, and order any

10  additional relief that the Court deems necessary and just.

11

12          Respectfully submitted,

13

14  Dated: December 3, 2021          By:    */s/ Taylor T. Smith*

15          Aaron D. Aftergood (239853)
        **THE AFTERGOOD LAW FIRM**
16      1880 Century Park East, Suite 200
        Los Angeles, CA 90067
17      Telephone:  (310) 550-5221
        Facsimile:   (310) 496-2840

18      Taylor T. Smith (*admitted pro hac vice*)
            tsmith@woodrowpeluso.com
19      **WOODROW & PELUSO, LLC**
        3900 East Mexico Avenue, Suite 300
20      Denver, Colorado 80210
        Telephone:  (720) 907-7628
21      Facsimile:   (303) 927-0809

22      Attorneys for Plaintiff Erica Reiners
        and the Class
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on December 3, 2021.

*/s/ Taylor T. Smith*