# Exhibit A

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF UNOPPOSED MOTION TO MODIFY DISCOVERY SCHEDULE**<br><br>Hearing: January 7, 2022<br>Time: 8:30 a.m.<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr<br>Complaint filed: July 23, 2020 |

I, Taylor T. Smith, declare as follows:

1. I am an attorney with the law firm Woodrow & Peluso, LLC and counsel of record for Plaintiff Erica Reiners ("Plaintiff" or "Reiners").

2. I hereby certify that I conferred with counsel for all parties in this case regarding the requested relief. No party objects to the requested relief. Further, I

DECLARATION ISO UNOPPOSED MOTION TO MODIFY DISCOVERY SCHEDULE
-1-

certify that I conferred with counsel for Lend Tech, Nesheiwat, and Martinez regarding expert discovery. None of the parties remaining in this case expect to rely on expert testimony. However, counsel for Nesheiwat requested that Plaintiff include an acknowledgement that if any party seeks to designate an expert witness, then Mr. Nesheiwat should be permitted to engaged in expert discovery. Plaintiff does not oppose this request, but she also has no intention of engaging in expert discovery.

3. On July 23, 2020, Plaintiff filed the instant action alleging wide-scale violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.* ("FCRA" or "Act").

4. On December 23, 2020, the Court issued an Order setting the scheduling conference in this case. (Dkt. 58.)

5. On January 15, 2021, the Parties filed their Joint Case Management Report pursuant to Rule 26(f). (Dkt. 66.)

6. After reviewing the Joint Case Management Statement, the Court Ordered the Parties to confer and file a discovery plan related to only class certification. (Dkt. 67.)

7. On February 5, 2021, the Parties filed a Joint Class Certification Plan (dkt. 70).

8. On April 5, 2021, the Court issued an Order setting initial discovery deadlines (dkt. 81), which were previously extended on July 26, 2021 (dkt. 86). The current deadlines are as follows:

- Nonexpert Discovery Deadline – 12/23/21
- Expert Discovery Deadline – 2/24/22
    - Plaintiff's Expert Disclosures Due – 12/23/21
    - Defendants' Expert Disclosures Due – 1/13/22
    - Rebuttal Expert Disclosures Due – 1/27/22
- Discovery Motion Hearing Deadline – 2/24/22

DECLARATION ISO UNOPPOSED MOTION TO MODIFY DISCOVERY SCHEDULE
-2-

- Class Certification Motion Deadline – 3/4/22
    - Opposition to Class Certification Deadline – 3/5/22
    - Reply ISO Class Certification Deadline – 4/8/22
- Hearing on Class Certification Motion at 8:30 a.m. 4/29/22

(Dkt. 86)

9. Prior to the first extension, Plaintiff was actively engaged in litigating this case. Plaintiff had diligently worked to gather all evidence necessary to litigate this case through class certification. Plaintiff served and responded to numerous sets of discovery requests and issued numerous subpoenas directed to third parties. For a more complete picture of the discovery taken prior to the extension, Plaintiff directs the Court's attention to her counsel's declaration filed in support of the stipulation to extend the deadline. (*See* Dkt. 85-1.)

10. After the extension, Plaintiff has continued to diligently litigate this matter and has continued to shoulder nearly all of the burden of discovery.

11. On July 27, 2021, Plaintiff deposed Ibrahim Haroun Ali—Lend Tech's initial licensed mortgage officer. Plaintiff also worked with Mr. Ali to obtain additional responsive documents related to this case following his deposition.

12. On August 16, 2021, Plaintiff, along with MonsterLoans, Van Loon, Chou, Cowell, and Nesheiwat, attended a full-day, virtual mediation session with the Hon. Linda Quinn (ret.). While the mediation was unsuccessful in resolving Nesheiwat's claims, Plaintiff has reached an agreement to resolve the claims of MonsterLoans, Cowell, Van Loon, and Chou. Plaintiff expects to file a stipulation of dismissal with respect to their claims by the end of this month. This will leave only Lend Tech, Nesheiwat, and Martinez as the remaining parties in this litigation.

13. Plaintiff also continued to work to effectuate third-party discovery, including obtaining hundreds of documents (including emails with Defendants) from Experian Information Solutions, Inc. ("Experian").

14. Plaintiff also obtained hundreds of pages of relevant financial records from Wells Fargo Bank N.A.

15. Additionally, Plaintiff effectuated a subpoena directed to Debt Pay Gateway, Inc.

16. Plaintiff was also able to locate the relevant class records in this case. That is, Plaintiff effectuated subpoenas directed to Automated Mailers and MarkSYS Holdings, LLC, which were two of the mailing houses that Defendants utilized to send student loan consolidation letters to consumers. Following numerous conferrals, both MarkSYS Holdings, LLC and Automated Mailers have provided the prescreened lists of consumers that were originally obtained from Lend Tech. Plaintiff does not believe that any other class records are necessary.

17. On November 18, 2021, Plaintiff deposed third party, Frank Anthony Sebreros. Mr. Sebreros's deposition revealed further details about how the student loan consolidation entities functioned together. The deposition also revealed a previously undisclosed third party, Clarity Support Services, LLC, which Plaintiff may need to subpoena in this litigation.

**Remaining Discovery Matters**

18. Plaintiff is currently engaged in two ongoing discovery disputes.

19. First, Plaintiff has filed a motion to compel Sales Speek, Inc. ("Sales Speek") to respond to a subpoena in this action. (*See* Dkt. 87.) In discovery, it was revealed that Defendant Nesheiwat possessed an ownership interest in several of the student loan consolidation entities through Sales Speek. As such, Plaintiff is seeking to compel a complete response to the subpoena, which will include records of payments and include that Sales Speek received from student loan entities. The motion is scheduled for a hearing on December 8, 2021. (*See* Dkt. 87.)

20. Second, Plaintiff is also engaged in a discovery dispute with Lend Tech and Martinez as well. Here, after initial conferrals regarding the sufficiency of their

1. responses to Plaintiff's first set of discovery requests, both defendants agreed to provide supplemental responses.

21. To simplify the production, Defendants agreed to produce all of the documents produced in discovery in the related CFPB action (Case No. 8:20-cv-00043-SB-ADS), which involves substantially similar claims against Defendants. Thereafter, the parties would confer to determine if any remaining information needed to be produced. To facilitate compliance with the protective order in the CFPB action, Plaintiff served a second set of requests for production on May 4, 2021.

22. Since that time, Defendants have embarked on a series of delay tactics by repeatedly assuring that the documents would be produced soon, including providing updates regarding issues uploading the responsive documents into Dropbox during the month of September.

23. Throughout this time, Plaintiff was patient and believed that Defendants were operating in good faith. After setting a firm date for the production, Defendants' counsel informed Plaintiff that it provided notice to the CFPB of the documents it planned to produce on November 5th (6-months after service of the relevant requests).

24. Plaintiff also served a second set of interrogatories on both defendants on September 20, 2021.

25. To date, both Lend Tech and Martinez failed to serve any objections or responses to either the second set of interrogatories or the requests for production. As such, they have waived any objections they may have, and Plaintiff is now seeking to compel complete responses to all discovery requests.

26. After Plaintiff served her initial draft of the magistrate's informal discovery dispute form, defendants served a small portion of the CFPB documents. The production is insufficient, and the parties remain at issue with respect to

DECLARATION ISO UNOPPOSED MOTION TO MODIFY DISCOVERY SCHEDULE
-5-

numerous requests.

27. As such, Plaintiff served her revised portions of the magistrate's informal discovery dispute form on defendants. Once Plaintiff receives defendants' responses, Plaintiff will submit the request to the magistrate and expects to schedule an informal conference sometime in December.

28. Finally, there remains some outstanding discovery. First, Plaintiff will still be taking the depositions of MonsterLoans, Van Loon, Chou, and Cowell, which are tentatively scheduled to commence in December, however, the depositions may be postponed.

29. Plaintiff will also need to depose Nesheiwat, Lend Tech, and Martinez. Nesheiwat has not yet provide available dates for a deposition.

30. Once the depositions are complete, Plaintiff will work to file her motion for class certification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 3, 2021, in Denver, Colorado.

By:   */s/ Taylor T. Smith*

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809