Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT JAWAD NESHEIWAT'S NOTICE OF INABILITY TO COMPLY WITH DECEMBER 8, 2021 ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]<br><br>Complaint filed: July 23, 2020<br>Discovery Cutoff: December 23, 2021 |

Plaintiff Erica Reiners ("Reiners" or "Defendant") files this response to address Defendant Jawad Nesheiwat's ("Nesheiwat" or "Defendant") recently-filed "Notice of inability to comply with Magistrate Spaeth's 12/8/21 Order." (Dkt. 93.)

As a quick recap, on December 8, 2021, the Court entered an Order compelling third-party Sales Speek, Inc. ("Sales Speek")—an entity owned and controlled by Defendant Nesheiwat—to provide a complete response to a subpoena issued in this action on or before December 22, 2021. (Dkt. 92.) Thereafter, counsel for the Plaintiff and Sales Speek (and Nesheiwat) conferred regarding the

production. (*See* Declaration of Taylor T. Smith ("Smith Decl.") ¶ 4, attached hereto as Ex. A.) On December 18, 2021, counsel for Sales Speek emailed Plaintiff's counsel to inform him that Nesheiwat had contracted Covid-19 and stated, "we will need to revisit your discovery issues in January." (Smith Decl. ¶ 5.) Plaintiff's counsel responded by informing Nesheiwat's counsel that he did not have the authority to alter a Court Order. (*Id.* ¶ 6.) On December 22, 2021, Nesheiwat filed a notice of inability to comply with the Court's December 8, 2021 Order, which informed the Court that Nesheiwat had fallen ill with Covid-19. (Dkt. 93.) The notice also "suggests" that a follow-up status report should be filed by January 14, 2021. (*Id.*)

In light of counsel's representation that Nesheiwat is currently ill from the COVID-19 pandemic, Plaintiff does not oppose a brief extension of Sales Speek's deadline to provide a complete response to the subpoena. Plaintiff proposes that the deadline for Sales Speek's response be extended until January 7, 2022. Plaintiff does, however, oppose Nesheiwat's suggestion that the parties file a "status report." The Court has already compelled a response to the subject subpoena, and it is unclear what matters would be addressed in any hypothetical status report. Further, Nesheiwat's counsel has demonstrated a pattern of refusing to communicate via telephone with Plaintiff's counsel and routinely fails to respond to email communications. As such, it is difficult to see how a status report in lieu of an actual production of responses would achieve anything other than a prolonging of the discovery process.

Ultimately, Plaintiff anticipates that Sales Speek may again try to claim that no responsive documents exist that are responsive to this subpoena. Should that be the case, Plaintiff would need a brief period of time to raise this matter to the Court to hold Sales Speek in contempt of the Court's December 8, 2021, Order. The

current deadline to file motions related to discovery is February 10, 2022.

Accordingly, Plaintiff does not object to an Order allowing Sales Speek to provide its response to the subpoena on or before January 7, 2022. Any additional time or the filing of a "status report", however, is unacceptable, and the Court should deny any such request.

Respectfully submitted,

Dated: December 30, 2021     By:   */s/ Taylor T. Smith*

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone:   (310) 550-5221
Facsimile:    (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone:   (720) 907-7628
Facsimile:    (303) 927-0809

Attorneys for Plaintiff Erica Reiners and the Class

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 30, 2021.

*/s/ Taylor T. Smith*