Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual,<br><br>Defendants. | Case No. 2:20-cv-06587-SB-ADS<br><br>**STIPULATION ON MOTION TO COMPEL COMPLIANCE WITH DECEMBER 8, 2021 ORDER (Dkt. 92)**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]<br><br>Date: February 9, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 6B, 6th Floor<br>Complaint filed: July 23, 2020<br>Discovery Cutoff: February 24, 2022 |

---

STIPULATION ON MOTION TO COMPEL COMPLIANCE WITH COURT ORDER

## I. INTRODUCTORY STATEMENTS

### A. Plaintiff's Introductory Statement

This motion seeks to compel third-party Sales Speek, Inc. ("Sales Speek") to comply with the Court's December 8, 2021 Order. That is, despite being Ordered to provide a complete response to a subpoena issued in this action, Sales Speek has continued to ignore the Court's Order. Instead, Nesheiwat (the president of Sales Speek) filed a notice of inability of comply with the Court's Order on December 22, 2021. Later, on January 12, 2022, Sales Speek served its "supplemental response" to the subpoena. Once again, Sales Speek asserts baseless objections and claims that no responsive documents exist. Accordingly, the response remains deficient, and the Court should enter an Order compelling Sales Speek to fully comply with the December 8, 2021 Order and order Sales Speek to show cause as to why it should not be held in contempt.

### B. Sales Speek's Introductory Statement

Due to contracting COVID-19, on December 22, 2021, Mr. Nesheiwat filed a notice of his inability to comply with the Honorable Autumn D. Spaeth's December 8, 2021, order, and suggesting that a follow-up status report be filed on January 14, 2022:

> "This shall serve as notice that defendant, Jawad Nesheiwat, has been stricken ill with COVID-19, and, therefore, Sales Speek, Inc., will not be able to comply with the Honorable Autumn D. Spaeth's December 8, 2021, Order [ECF 92]. The undersigned counsel suggests a follow-up status report be filed on January 14, 2022."

*See* ECF 93.

Having recovered from COVID-19, on January 12, 2022, Mr. Nesheiwat served a Supplemental Response to the Subpoena in compliance with Magistrate Spaeth's order. *See* Exhibit A hereto.

## II. ISSUES IN DISPUTE

1. Whether Sales Speek, Inc. should be compelled to comply with the Court's December 8, 2021 Order (dkt. 92).

2. Whether the Court should issue an order to show cause why Sales Speek, Inc. should not be held in contempt for violating the Court's December 8, 2021 Order (dkt. 92).

## III. PARTIES' CONTENTIONS AND POINTS OF AUTHORITIES

### A. Plaintiff's Contentions And Points Of Authorities

#### 1. Sales Speek's Supplemental Response Remains Deficient.

As this Court is aware, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Sales Speek, Inc. (Dkt. 87-1.) After repeatedly refusing to comply with the subpoena[1], this Court Ordered Sales Speek to provide a complete response to the subpoena on or before December 22, 2021. (Dkt. 92.) Thereafter, counsel for the Plaintiff and Sales Speek (and Nesheiwat) conferred regarding the production. (Dkt. 94-1 ¶ 4.) On December 18, 2021, counsel for Sales Speek emailed Plaintiff's counsel to inform him that Nesheiwat had contracted Covid-19 and stated, "we will need to revisit your discovery issues in January." (*Id.* ¶ 5.) Plaintiff's counsel responded by informing Nesheiwat's counsel that he did not have the authority to alter a Court Order. (*Id.* ¶ 6.)

On December 22, 2021, Nesheiwat filed a notice of inability to comply with the Court's December 8, 2021 Order, which informed the Court that Nesheiwat had fallen ill with Covid-19. (Dkt. 93.) The notice also "suggests" that a follow-up

---

[1] A complete breakdown of Sales Speek's repeated refusal to respond to the subpoena can be found in the Declaration of Taylor T. Smith, which was filed in support of the original motion to compel. (*See, e.g.,* Dkt. 87-3.)

1  status report should be filed by January 14, 2022. (*Id.*) On December 30, 2021,
2  Plaintiff filed a response to Nesheiwat's notice, which proposed a new response
3  date for the subpoena on January 7, 2022. (Dkt. 94.)

4        On January 12, 2022, Sales Speek served its supplemental response to the
5  subject subpoena. (*See* Sales Speek Supplemental Response, attached hereto as Ex.
6  A.) Sales Speek's supplemental response is substantively the same as its original
7  response. That is, Nesheiwat (not Sales Speek) again asserts his fifth amendment
8  privilege and then proceeds to double down on the claim that no documents exist.
9  (*See id.*) As explained below, the objections should be overruled, and the Court
10 should order Sales Speek to comply with the December 8, 2021 Order.

11       *First*, just as with the original response, Nesheiwat's objections should be
12 overruled. That is, in response to each request, Nesheiwat (not Sales Speek) asserts
13 his fifth amendment right against self-incrimination. Because the subpoena was
14 directed to a corporation (Sales Speek), there is no basis for these objections.
15 *Chrome Hearts LLC V. Old Sch. Fairfax Inc.*, 2017 WL 8943005, at *3 (C.D. Cal.
16 Aug. 25, 2017) ("Corporations do not have Fifth Amendment rights.") (citing
17 *Braswell v. United States*, 487 U.S. 99, 107 (1988)).

18       Additionally, because Sales Speek failed to assert any objections prior to its
19 deadline to respond (September 9, 2021), it has waived any objections that it may
20 have to the subpoena. *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. CV 17-
21 7639-SJO-KSX, 2019 WL 3069009, at *3 (C.D. Cal. Apr. 29, 2019) ("A non-
22 party's failure to timely make objections to a Rule 45 subpoena ... generally
23 requires the court to find that any objections have been waived.") (citation omitted).
24 As such, the Court should again overrule Sales Speek's objections and order a
25 complete response.

26       *Second*, Sales Speek's continued claim that no documents exist should not be
27
28

1  accepted by the Court. Relevant here, "[w]hen no responsive documents are found
2  or a dispute arises out of the completeness of the production that is made, the
3  subpoenaed person must come forward with an explanation of the search conducted
4  'with sufficient specificity to allow the Court to determine whether the party made a
5  reasonable inquiry and exercised due diligence.'" *V5 Techs. v. Switch, Ltd.*, 332
6  F.R.D. 356, 366–67 (D. Nev. 2019) (citing *Rogers v. Giurbino*, 288 F.R.D. 469, 485
7  (S.D. Cal. 2012)).

8       Despite being compelled to provide a complete response, Sales Speek has
9  continued to claim that no responsive documents exist. As explained in connection
10 with the original motion to compel, this cannot be true. Indeed, Plaintiff has been
11 able to locate documents related to Sales Speek from various sources, including
12 contractual agreements entered into by Sales Speek (*see* Dkt. 87-2 pgs. 24, 59),
13 checks written to Sales Speek (*see* Sales Speek Checks, Dkt. 88-1), and federal tax
14 filings, which reveal that more than $200,000 in income was reported to the IRS on
15 behalf of Sales Speek for the year 2016 (*see* Excerpts of Tax Filings, attached
16 hereto as Exhibit B.) Together, these documents reveal that Sales Speek has or at
17 one time had a bank account, that it entered into agreements/contracts to conduct
18 business within this State, and that it filed taxes with the federal government. As
19 such, it appears that Sales Speek has failed or refused to conduct any sort of
20 meaningful search for documents.

21      Plaintiff therefore requests that the Court enter an order compelling Sales
22 Speek to provide a complete response to the subpoena to produce documents
23 without delay.

24        **2.    Sales Speek's Actions Also Necessitate An Order To Show**
25            **Cause Why It Should Not Be Held In Contempt.**

26      Additionally, "[a] party who fails to comply with a discovery order or who

1. otherwise fails to comply with such party's discovery obligations is subject to a variety of sanctions." *Sugar Hill Music v. CBS Interactive Inc.*, No. CV 11-9437 DSF(JCX), 2015 WL 12698438, at *4 (C.D. Cal. Feb. 27, 2015) (citing Fed. R. Civ. P. 37(b)(2)(A)). Relevant here, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

"Civil contempt is intended 'to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance.'" *Pongsai v. Am. Express Co.*, No. Case No. 8:19-cv-01628-DOC, 2020 WL 6115086, at *1 (C.D. Cal. Aug. 27, 2020) (citation omitted). To establish civil contempt, "the moving party must show by clear and convincing evidence that the contemnor has violated a clear and specific court order." *Id.* at *2. Once the movant has made that showing, "the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." *Id.* (collecting cases). Of course, a subpoena "is itself a court order, and noncompliance may warrant contempt sanctions." *Poly-Med, Inc.*, 2017 WL 2291942, at *2 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, n.5 (9th Cir. 1983)).

Here, Sales Speek's actions warrant contempt sanctions. As explained above, this Court entered an Order compelling Sales Speek to provide a complete response to the subject subpoena on or before December 22, 2021. At no time did Sales Speek file a motion to extend its deadline. Instead, Sales Speek (or rather Nesheiwat) filed a notice of inability to comply with the subpoena and then proceeded to ignore its discovery obligations. Plaintiff even agreed to extend its deadline until January 7, 2022. (Dkt. 94.) But January 7th came and went without any additional information being provided by Sales Speek.

1  Instead, Sales Speek waited until January 12, 2022, to serve a supplemental
2  response. Once again, Sales Speek claims that no documents exist. As explained
3  above, the response remains deficient. Put simply, there is no basis for Sales Speek
4  to continue to ignore its obligation to provide a complete response. And given its
5  history (and Nesheiwat's history) of refusing to comply, the Court should not
6  permit Sales Speek to continue to ignore its discovery obligations.

7  Accordingly, the Court should order Sales Speek to show cause as to why it
8  should not be held in contempt.

### 3.  Conclusion

10  For the foregoing reasons, Plaintiff requests that the Court enter an order
11  compelling Sales Speek to provide a complete response to the Sales Speek
12  Subpoena without delay, issue an order to show cause by it should not be held in
13  contempt, and for such additional relief as the Court deems necessary and just.

### B.  Sales Speek's Contentions And Points Of Authorities

15  In the Supplemental Response, Mr. Nesheiwat's assertion of his <u>personal</u>
16  Privilege Against Self-Incrimination under the Fifth Amendment is appropriate, as
17  he is not asserting it on behalf of Sales Speek, Inc. For details of the underlying basis
18  of Mr. Nesheiwat's assertion of his <u>personal</u> Fifth Amendment Privilege, please see
19  Exhibit A, Response to Request No. 1, p. 1, l. 25 through p. 5, l. 4.

20  In addition to assertion of his Fifth Amendment Privilege, Mr. Nesheiwat
21  provided the following response in each of the responses:

> "Without waiving his privilege against self-incrimination as protected
> by the Fifth Amendment to the United States Constitution Nesheiwat
> provides the following supplemental response: Sales Speek, Inc., no
> longer exists as an entity. However, and in order to make a good faith
> effort in light of Magistrate's Spaeth's 12/8/21 Order directing Sales
> Speek, Inc., to provide supplemental responses, I have conducted an
> extensive and diligent search of my records, as well as the 2.5 million

pages of documents provided through discovery in the Bureau Case, in order to do my best to locate Sales Speek, Inc.'s documents that are responsive to this request, but I have not located any documents responsive to this request."

In each of the responses Mr. Nesheiwat explains the additional time and actions he has taken to locate documents responsive to each request but concludes by stating ". . .but I have not located any documents responsive to this request."

It is quite unclear as to what actions, exactly, plaintiff is requesting the Court to compel Mr. Nesheiwat to take. State another way, what actions, precisely, did Mr. Nesheiwat fail to take to comply with Magistrate Spaeth's order?

Plaintiff proffers Exhibit B, which is comprised of a series of K-1s for 2016. However, this bears no relationship to plaintiff's complaint because the date alleged in the complaint, which invoked this Court's jurisdiction, occurred two years later on August 9, 2018:

"FACTS SPECIFIC TO PLAINTIFF

58. On or around <u>August 9, 2018</u>, Defendants, via Lend Tech's Experian account, obtained Plaintiff's consumer report from Experian.

59. Defendants did not have Reiner's authorization to pull her consumer report, nor did they have any permissible purpose to request her report."

*See* ECF 1, Complaint, p. 9, ¶¶ 58 and 59 (emphasis added).

Assuming the requested documents exist, Plaintiff should simply request documents relating to Sales Speek from the other parties in this matter. For example, plaintiff was able to somehow obtain Sales Speek's private and privileged tax documents from someone other than Sales Speek.

This motion should be <u>denied</u> because Mr. Nesheiwat has taken all steps required of him under Rule 45 to comply with the Subpoena and has also taken all additional possible steps in order to comply with Magistrate Spaeth's order.

|   |   |   |   |
|---|---|---|---|
| | | | Respectfully submitted, |
| Dated: January 19, 2022 | | By: | /s/ Taylor T. Smith |

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Attorneys for Plaintiff Erica Reiners and the Class

|   |   |   |   |
|---|---|---|---|
| Dated: January 19, 2022 | | By: | /s/ Peter D. Lepiscopo |

Peter D. Lepiscopo
Lepiscopo and Associates Law Firm
695 Town Center Drive 7th Floor
Costa Mesa, CA 92626
619-251-2428
Fax: 619-330-2991
Email: plepiscopo@att.net

Attorney for Jawad Nesheiwat, Defendant

### SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Sales Speek, Inc.'s counsel concurs with the content of this document and has authorized me to affix his signature to the document and file the same with the Court.

/s/ Taylor T. Smith

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 19, 2022.

/s/ Taylor T. Smith