UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-06587 SB (ADSx)                              Date: February 3, 2022

Title: *Reiners, et al. v. Chou Team Realty, LLC, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REQUIRING SUPPLEMENTAL BRIEFING**

    Before the Court is a Motion to Compel Compliance with December 8, 2021 Order filed by Plaintiff Erica Reiners ("Reiners"). (Dkt. No. 98.) Having reviewed the parties' briefing, the Court orders the parties to file supplemental briefing on the following matters:

(1)     Defendant Sales Speek, Inc. ("Sales Speek") continues to assert that no responsive documents exist related to each request for production. Plaintiff contends that "this cannot be true." (Dkt. No. 98 at 4.) In support of its contention, Plaintiff states it has been able to locate contractual agreements, checks, and federal tax filings. (Id.) Plaintiff contends these documents show that "Sales Speek has or at one time had a bank account, that it entered into agreements/contracts to conduct business within this State, and that it filed taxes with the federal government." (Id.)

    Plaintiff must explain how these documents provide a "colorable basis" that responsive documents do exist as to *each* specific request for production. Daniels v. G4S Secure Sols. USA, Inc., No. 8:20-cv-00283-JGB (JDEx), 2021 WL 1537040, at *10 (a moving party must offer "a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld.") (quoting MGA Ent. Inc. v. Nat'l Prods. Ltd., No. CV 10-07083 JAK (SSx), 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011)).

(2)     Sales Speek must also provide a sworn declaration by a person with personal knowledge explaining with sufficient specificity the search that was conducted to locate responsive documents relating to each request for production reflecting it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-06587 SB (ADSx)                                              Date: February 3, 2022

Title: *Reiners, et al. v. Chou Team Realty, LLC, et al.*

"'made a reasonable inquiry and exercised due diligence." In re Rivera, No. CV 16-4676 JAK (SSx), 2017 WL 5162695, at *3 (C.D. Cal. Apr. 14, 2017) (quoting Atcherley v. Clark, No. 1:12cv00225 LJO DLB (PC), 2014 WL 4660842, at *1 (E.D. Cal. Sep. 14, 2014)).  The declaration must also state whether documents are being withheld under a claim of privilege and confirm no responsive documents exist.

(3)   Reiners moves the Court to order Sales Speek to show cause why it should not be held in contempt.  Reiners shall clarify the specific discovery sanction it seeks.  See Aguilar v. City of Azusa, No. CV14-9183-GW (JPRx), 2016 WL 1155112, at *2 (C.D. Cal. Jan. 5 2016) (noting limitations to magistrate judges contempt authority); see also 28 U.S.C. § 636.  A request for evidentiary sanctions must be specifically identified.

(4)   If Sales Speek is withholding documents based on a Fifth Amendment privilege, it must provide the factual basis and supporting legal authority in support of this proposition.

The parties must provide their supplemental briefs by **February 7, 2022**.  The parties may file reply briefs by **February 10, 2022**.  The Court continues the hearing scheduled for February 9, 2022, to February 16, 2022, at 10:00 a.m.

**IT IS SO ORDERED.**

Initials of Clerk kh