**PETER D. LEPISCOPO, ESQ. C.S.B. #139583**
  plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (619) 251-2428; Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC**, *et al.*,<br><br>Defendants. | Case No. **2:20-cv-06587-SB-ADS**<br><br>**JAWAD NESHEIWAT'S LEGAL BRIEF FILED PURSUANT TO MAGISTRATE SPAETH'S 2/3/22 ORDER [ECF 99]**<br><br>HEARING: **February 16, 2022**<br>TIME: **10:00 a.m.**<br>COURTROOM: **6-B**<br>JUDGE: **HON. AUTUMN D. SPAETH** |

Jawad Nesheiwat respectfully provides this legal brief in accordance with the Honorable Autumn D. Spaeth's February 3, 2022, Order [ECF 99] ("2/3/22 Order").

## PRELIMINARY STATEMENT

Just as an initial matter, it bears mentioning that Sales Speek, Inc., is not a party to this litigation; whereas, Nesheiwat is a defendant, and, throughout this litigation, has asserted his Fifth Amendment Privilege Against Self-Incrimination ("Fifth Amendment Privilege").

## NESHEIWAT HAS COMPLIED WITH THIS COURT'S 2/3/22 ORDER

On August 9, 2021, the plaintiff's counsel of record herein, Taylor T. Smith, issued a Subpoena to Produce Document that was directed to third-party, Sales Speek Inc. ("Sales Speek Subpoena").

On November 15, 2021, Nesheiwat served a <u>verified</u> response to the Subpoena ("Nesheiwat Response"), in which he asserted his personal Fifth Amendment Privilege and provided the following response to each request:

> "Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found."

(*See* Exhibit 1 hereto.)

On December 8, 2021, this Court issued an order directed to Sales Speek:

> "Sales Speek, Inc. to provide a complete response to the subject subpoena. Responses are due on or before December 22, 2021."

(*See* ECF 92.)

On December 22, 2021, Nesheiwat filed a Notice of Inability to Comply with the Court's 12/8/21 Order because he had contracted COVID-19:

> "This shall serve as notice that defendant, Jawad Nesheiwat, has been stricken ill with COVID-19, and, therefore, Sales Speek, Inc., will not be able to comply with the Honorable Autumn D. Spaeth's December 8, 2021, Order [ECF 92]. The undersigned counsel suggests a follow-up status report be filed on January 14, 2022."

(*See* ECF 93.)

On January 12, 2022, Nesheiwat served a verified supplemental response to the Subpoena ("Nesheiwat Supplemental Response") pursuant to this Court's 12/8/21 Order [ECF 92], in which he continued to assert his personal Fifth Amendment Privilege and provided the following response to each request:

> "Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 12/8/21 Order directing Sales Speek, Inc., to provide supplemental responses, I have conducted an extensive and diligent search of my records, as well as the 2.5 million pages of documents provided through discovery in the Bureau Case, in order to do my best to locate Sales Speek, Inc.'s documents that are responsive to this request, but I have not located any documents responsive to this request."

(*See* Exhibit 2 hereto.)

On February 3, 2022, this Court issued its 2/3/22 Order [ECF 99] directing Sales Speek as follows:

> "(2) Sales Speek must also provide a sworn declaration by a person with personal knowledge explaining with sufficient specificity the search that was conducted to locate responsive documents relating to each request for production reflecting it 'made a reasonable inquiry and exercised due diligence.' The declaration must also state whether documents are being withheld under a claim of privilege and confirm no responsive documents exist.

(4) If Sales Speek is withholding documents based on a Fifth Amendment privilege, it must provide the factual basis and supporting legal authority in support of this proposition."

(*See* ECF 99.)

On February 7, 2022, Nesheiwat served a <u>verified</u> second supplemental response to the Subpoena ("Nesheiwat 2nd Supplemental Response") pursuant to this Court's 2/3/22 Order [ECF 99], in which he continued to assert his personal Fifth Amendment Privilege and provided the following response to each request:

> Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case, in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's

assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

(*See* Exhibit 3 hereto.)

The foregoing response complies fully with this Court's 2/3/22 Order by providing the details ordered to be provided in ¶2, as well as indicating that "there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment," as required in ¶4. (*See* ECF 99, ¶¶2 & 4; Exhibit 3 hereto.)

## CONCLUSION

As mentioned by the Court in its 2/3/22 Order:

> "Plaintiff states it has been able to locate contractual agreements, checks, and federal tax filings. (Id.) Plaintiff contends these documents show that 'Sales Speek has or at one time had a bank account, that it entered into agreements/contracts to conduct business within this State, and that it filed taxes with the federal government.'"

(ECF 99, ¶1.)

Of course, plaintiff's statements and Nesheiwat's responses are not, *ipso facto*, mutually exclusive. Just because plaintiff asserts that certain documents exist, it does not necessarily follow that Nesheiwat possesses or has control over those documents. He has stated to the contrary in his <u>verified</u> Response, <u>verified</u> Supplemental Response, and <u>verified</u> 2nd Supplemental Response. (*See* Exhibits 1-3.)

Nesheiwat respectfully requests the Court to find that he has fully complied with his duties under this Court's 2/3/22 Order [ECF 99]. (*See* Exhibit 3.)

Dated: February 7, 2022.	**LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo
 **PETER D. LEPISCOPO,**
  *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the Court and all counsel of record via the Court's electronic filing system on February 7, 2022.

Dated: February 7, 2022.	Respectfully submitted,

/s/ Peter D. Lepiscopo  .
**PETER D. LEPISCOPO**
 *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**