

*SERVING SAN DIEGO & ORANGE COUNTIES*

 http://www.linkedin.com/in/petelepiscopo/
www.LepiscopoLawFirm.com

_____
**SAN DIEGO OFFICE**



PETER D. LEPISCOPO, ESQ. C.S.B. #139583
  plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| ERICA REINERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHOU TEAM REALTY LLC, *et al.*,<br><br>Defendants. | Case No. **2:20-cv-06587-JVS-ADS**<br><br>**RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC.**<br><br>COURTROOM: **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE: **None Set** |

### RESPONSE

**Response to Request No. 1**: Without waiving the foregoing objections, Nesheiwat hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution, and, therefore, refuses to provide any response to this request because it requires Nesheiwat to provide information regarding Sales Speek, Inc. ("Sale Speek"), and would subject him to possible criminal prosecution under 18 U.S.C. § 1343 and 18 U.S.C. § 1341. Specifically, it has been disclosed that the Bureau of Consumer

Financial Protection ("Bureau") considers Nesheiwat to be "the principal bad actor" in the nationwide criminal scheme alleged in the complaint filed in *Bureau of Consumer Financial Protection v. Chou Team Realty, et al.*, U.S.D.C. No. 8:20-cv-00043-SB-ADS ("Bureau Case"), which alleges what is *prima facie* criminal wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 thereby exposing Nesheiwat to significant fines and up to 20-years in federal prison.

Further, based upon the actions of the Bureau and its attorneys and investigators and the questions posed by the Bureau's attorneys at Nesheiwat's 5/20/19 Investigational Hearing it is apparent that Nesheiwat is in immediate threat of criminal prosecution and that his disclosures or answers to this request would tend to incriminate him.

This is further supported by the fact that the Bureau and its attorneys and investigators have the **absolute legal duty** to refer Nesheiwat to the U.S. Attorney for criminal prosecution. Specifically, 12 U.S.C. § 5566 provides (emphasis added):

> "If the Bureau obtains evidence that any person, domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, the Bureau **shall** transmit such evidence to the Attorney General of the United States, who may institute criminal proceedings under appropriate law. Nothing in this section affects any other authority of the Bureau to disclose information."

This response is further informed by the FTC Criminal Liaison Unit's stated Civil and Criminal Cooperation policy to employ the Bureau to use civil processes, such as the civil investigative demands and the 5/20/19 Investigational Hearing in this case, to search for evidence for the express purpose of initiating **criminal** prosecutions. This is simply the circumvention of the Fourth Amendment's Search and Seizure Clause, which requires probable cause to gather criminal evidence from the target of an investigation. In its relevant part, the policy reads:

> "The FTC's Criminal Liaison Unit **helps prosecutors bring more criminal** consumer fraud cases . . . In many of its cases, the **FTC often develops evidence** that proves these defendants knew about the fraud. **That evidence often supports criminal fraud prosecutions . . . FTC partners with the U.S. Department of Justice, U.S. Attorneys and other federal and state criminal law enforcers to stop consumer fraud.**"

This response is further informed by FTC Press Releases, which make it clear that the agency's policy is to be a criminal investigatory arm of not only federal prosecutors but also state and local prosecutors—the FTC believes it is the Nation's **criminal** investigation agency:

> "The FTC is a civil law enforcement agency. That means that, while we can't put people in jail, **many of our partners can and do**, including the U.S. Department of Justice, U.S. Attorneys, and other federal, **state, and local criminal law enforcers. When FTC cases include behavior that also violates criminal laws, <u>we let criminal prosecutors know</u>**."

This response is further informed by the FTC's boasting about how the Criminal Liaison Unit's stated Civil and Criminal Cooperation policy of using the civil arm of the agency, such as the Bureau, to use civil process to find evidence against perceived targets—such as Mr. Nesheiwat—in order to provide it to federal prosecutors for criminal prosecution. For example, for **2018**, the Civil and Criminal Cooperation policy yielded the following results:

> "Criminal Liaison Unit Results. **Prosecutors who partner with the FTC get significant results. In FY 2018 prosecutors: Relied on FTC information and support to charge 28 new** defendants Obtained **52 convictions or guilty pleas** in new or pending cases obtained sentences against **80 individuals** in new or pending cases with an average length of 58 months."

This response is also informed by legal precedent such as the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"), wherein the Court held that the Fifth Amendment privilege against

compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's failure to testify as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a constitutionally prohibited negative inference—*i.e.*, that the defendant is hiding something. Thus, the Court in *Griffin* held that this assumption amounts to an unfair penalty on a defendant's invocation of a constitutionally protected right.

This response is further informed by a follow-up case, *Carter v. Kentucky*, 450 U.S. 288 (1981) ("*Carter*"), wherein the Supreme Court held that a criminal defendant remaining silent at trial has a right to a jury instruction that his silence is not evidence of his guilt. Specifically, invoking his Fifth Amendment privilege against compulsory self-incrimination, the defendant elected not to take the stand at his state criminal trial and requested a jury instruction that "[t]*he defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way.*" The trial judge refused defendant's request. The Supreme Court held that the trial court's refusal to issue this no "adverse inference" instruction was reversible error. Thus, the Bureau attorneys' threat during the Investigational Hearing that they would assume the allegations against Mr. Nesheiwat were true—*i.e.*, draw a negative inference—because he chose to assert his constitutionally protected Fifth Amendment privilege against self-incrimination was improper and not supported by the law.

Finally, this response is further informed by 9th Circuit Model Criminal Jury Instruction Manual, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, Jury Instruction 3.3 (emphasis added): "3.3 DEFENDANT'S DECISION NOT TO TESTIFY A defendant in a criminal case has a constitutional right not to testify. In

---

**RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC.**
4

arriving at your verdict, the **law prohibits you from considering in any manner that the defendant did not testify.**" [1]

Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 2**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 3**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 4**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution

---

[1] Hereinafter, and in order to conserve space, the entire response in this Paragraph 1 shall hereinafter be incorporated by reference into each response, as though fully set forth therein, and shall be referred by the following shorthand: *"Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: . . ."*

**RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC.**
5

Nesheiwat provides the following response. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 5**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 6**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 7**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 8**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution

Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control.

**Response to Request No. 9**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: I am not aware that any such documents exist. No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

**Response to Request No. 10**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: Such documents do not exist.

**Response to Request No. 11**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following response: No such documents are in my possession or control. After a diligent search, no documents responsive to this request were found.

Dated: November 12, 2021.  **LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo
**PETER D. LEPISCOPO,**
*Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**

## VERIFICATION

I am over the age of eighteen and have reviewed the foregoing responses and declare that the facts stated in those responses are true and correct to the best of my knowledge, information, and belief.

I have provided the foregoing responses without waiving my privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15TH of November 2021 at San Diego, California.

_____
JAWAD NESHEIWAT

RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC.
8

# CERTIFICATE OF SERVICE

I, Peter D. Lepiscopo, certify pursuant to Fed. R. Civ. P. 5(b) and Local Rule 5-3.2.1 that on this day, **November 15, 2021**, I caused to be served by e-mail[2] **RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC.** on each of the following parties:

**For Plaintiff Erica Reiners:**

    Taylor T. Smith (admitted pro hac vice)
    Woodrow & Peluso, LLC
    3900 E Mexico Ave., Suite 300
    Denver, CO 80210
    Email: tsmith@woodrowpeluso.com

**For Defendants MonsterLoans, Chou, Van Loon, and Cowell:**

    Sean P. Burke (admitted pro hac vice)
    Mattingly Burke Cohen and Biederman LLP
    155 East Market Street Suite 400
    Indianapolis, IN 46204
    Email: sean.burke@mbcblaw.com

**For Defendants Lend Tech and Martinez:**

    David C. Holt
    The Holt Law Firm
    1432 Edinger Ave., Suite 130
    Tustin, CA 92780
    Email: dholt@holtlawoc.com

---

[2] Each of the listed parties have consented in writing to accept service of discovery requests and responses by email. *See* Fed. R. Civ. P. 5(b).