

## LEPISCOPO & ASSOCIATES

*SERVING SAN DIEGO & ORANGE COUNTIES*

 http://www.linkedin.com/in/petelepiscopo/
www.LepiscopoLawFirm.com

_____
**SAN DIEGO OFFICE**



**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
   plepiscopo@att.net
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (619) 251-2428
Facsimile: (619) 330-2991
Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **ERICA REINERS**, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC,** *et al.,*<br><br>     Defendants. | Case No.  **2:20-cv-06587-JVS-ADS**<br><br>**SECOND SUPPLEMENTAL RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC. PURSUANT TO COURT'S 2/3/22 ORDER [ECF 99]**<br><br>COURTROOM:  **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE:  **None Set** |

## SECOND SUPPLEMENTAL RESPONSE

     Pursuant to Magistrate Spaeth's 2/3/22 Order [ECF 99], the following second supplemental response is provided.

1.  All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with each of the DEFENDANTS in this action, including all contracts, agreements, and communications.

**Response to Request No. 1**: As the subpoena and Magistrate Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat is

constrained to asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution, and, therefore, refuses to provide any response to this request because it requires Nesheiwat to provide information regarding Sales Speek, Inc. ("Sale Speek"), and would subject him to possible criminal prosecution under 18 U.S.C. § 1343 and 18 U.S.C. § 1341. Specifically, it has been disclosed that the Bureau of Consumer Financial Protection ("Bureau") considers Nesheiwat to be "the principal bad actor" in the nationwide criminal scheme alleged in the complaint filed in *Bureau of Consumer Financial Protection v. Chou Team Realty, et al.*, U.S.D.C. No. 8:20-cv-00043-SB-ADS ("Bureau Case"), which alleges what is *prima facie* criminal wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 thereby exposing Nesheiwat to significant fines and up to 20-years in federal prison.

Further, based upon the actions of the Bureau and its attorneys and investigators and the questions posed by the Bureau's attorneys at Nesheiwat's 5/20/19 Investigational Hearing it is apparent that Nesheiwat is in immediate threat of criminal prosecution and that his disclosures or answers to this request would tend to incriminate him.

This is further supported by the fact that the Bureau and its attorneys and investigators have the **absolute legal duty** to refer Nesheiwat to the U.S. Attorney for criminal prosecution. Specifically, 12 U.S.C. § 5566 provides (emphasis added):

> "If the Bureau obtains evidence that any person, domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, the Bureau **shall** transmit such evidence to the Attorney General of the United States, who may institute criminal proceedings under appropriate law. Nothing in this section affects any other authority of the Bureau to disclose information."

This response is further informed by the FTC Criminal Liaison Unit's stated Civil and Criminal Cooperation policy to employ the Bureau to use civil processes, such as the civil investigative demands and the 5/20/19 Investigational Hearing in this case, to search for evidence for the express purpose of initiating **criminal** prosecutions. This is simply the circumvention of the Fourth Amendment's Search and Seizure Clause, which requires probable cause to gather criminal evidence from the target of an investigation. In its relevant part, the policy reads:

> "The FTC's Criminal Liaison Unit **helps prosecutors bring more criminal** consumer fraud cases . . . In many of its cases, the **FTC often develops evidence** that proves these defendants knew about the fraud. **That evidence often supports criminal fraud prosecutions** . . . **FTC partners with the U.S. Department of Justice, U.S. Attorneys and other federal and state criminal law enforcers to stop consumer fraud**."

This response is further informed by FTC Press Releases, which make it clear that the agency's policy is to be a criminal investigatory arm of not only federal prosecutors but also state and local prosecutors—the FTC believes it is the Nation's **criminal** investigation agency:

> "The FTC is a civil law enforcement agency. That means that, while we can't put people in jail, **many of our partners can and do**, including the U.S. Department of Justice, U.S. Attorneys, and other federal, **state, and local criminal law enforcers. When FTC cases include behavior that also violates criminal laws, <u>we let criminal prosecutors know</u>**."

This response is further informed by the FTC's boasting about how the Criminal Liaison Unit's stated Civil and Criminal Cooperation policy of using the civil arm of the agency, such as the Bureau, to use civil process to find evidence against perceived targets—such as Mr. Nesheiwat—in order to provide it to federal prosecutors for criminal prosecution. For example, for **2018**, the Civil and Criminal Cooperation policy yielded the following results:

LEPISCOPO & ASSOCIATES LAW FIRM

"Criminal Liaison Unit Results. **Prosecutors who partner with the FTC** get significant results. In FY **2018** prosecutors: Relied on **FTC information** and support to **charge 28 new** defendants Obtained **52 convictions or guilty pleas** in new or pending cases obtained sentences against **80 individuals** in new or pending cases with an average length of 58 months."

This response is also informed by legal precedent such as the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"), wherein the Court held that the Fifth Amendment privilege against compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's failure to testify as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a constitutionally prohibited negative inference—*i.e.*, that the defendant is hiding something. Thus, the Court in *Griffin* held that this assumption amounts to an unfair penalty on a defendant's invocation of a constitutionally protected right.

This response is further informed by a follow-up case, *Carter v. Kentucky*, 450 U.S. 288 (1981) ("*Carter*"), wherein the Supreme Court held that a criminal defendant remaining silent at trial has a right to a jury instruction that his silence is not evidence of his guilt. Specifically, invoking his Fifth Amendment privilege against compulsory self-incrimination, the defendant elected not to take the stand at his state criminal trial and requested a jury instruction that "[t]*he defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way*." The trial judge refused defendant's request. The Supreme Court held that the trial court's refusal to issue this no "adverse inference" instruction was reversible error. Thus, the Bureau attorneys' threat during the Investigational Hearing that they would assume the allegations against Mr. Nesheiwat were true—*i.e.*, draw a negative inference—because he chose to assert

his constitutionally protected Fifth Amendment privilege against self-incrimination was improper and not supported by the law.

Finally, this response is further informed by 9th Circuit Model Criminal Jury Instruction Manual, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, Jury Instruction 3.3 (emphasis added): "3.3 DEFENDANT'S DECISION NOT TO TESTIFY A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the **law prohibits you from considering in any manner that the defendant did not testify**." [1]

Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*,"

---

[1]     Hereinafter, and in order to conserve space, the entire response in this Paragraph 1 shall hereinafter be incorporated by reference into each response, as though fully set forth therein, and shall be referred to by the following shorthand: "*Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: . . .* "

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

2.  All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with any STUDENT LOAN ENTITY, including all contracts, agreements, and communications.

**Response to Request No. 2**:   Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through

discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

3.   All communications with any PERSON regarding LEND TECH or the procurement of CONSUMER REPORTS, including all email communications.

**Response to Request No. 3**:   Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no

longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

4.   All communications with any PERSON relating to any STUDENT LOAN ENTITY, including all email communications.

**Response to Request No. 4**:   Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case, in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In

LEPISCOPO & ASSOCIATES LAW FIRM

response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

5.    All DOCUMENTS sufficient to IDENTIFY all CONSUMER REPORTS that were obtained through LEND TECH'S EXPERIAN ACCOUNT during the RELEVANT TIME PERIOD.

**Response to Request No. 5**:    Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been

maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

6.   All DOCUMENTS sufficient to IDENTIFY all PERSONS, including the total number of such PERSONS, whose CONSUMER REPORTS were obtained through LEND TECH'S EXPERIAN ACCOUNT during the RELEVANT TIME PERIOD.

**Response to Request No. 6**:   Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2)

LEPISCOPO & ASSOCIATES LAW FIRM

to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

7.    All DOCUMENTS sufficient to IDENTIFY YOUR involvement and role in the procurement and use of CONSUMER REPORTS from LEND TECH'S EXPERIAN ACCOUNT.

**<u>Response to Request No. 7</u>**:    Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search

for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

8.      All DOCUMENTS sufficient to IDENTIFY YOUR complete business purpose.

**Response to Request No. 8**:      Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no

LEPISCOPO & ASSOCIATES LAW FIRM

longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

LEPISCOPO & ASSOCIATES LAW FIRM

9. All DOCUMENTS sufficient to IDENTIFY all payments or other things of value or consideration that YOU received from any PERSON, entity, or activity related to the use of CONSUMER REPORTS procured through LEND TECH'S EXPERIAN ACCOUNT, including any payments from any STUDENT LOAN ENTITY.

**Response to Request No. 9**:   Without  waiving  his  privilege  against  self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In

LEPISCOPO & ASSOCIATES LAW FIRM

response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege,*" there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

10. All DOCUMENTS sufficient to IDENTIFY YOUR FINANCIAL STATEMENTS and tax returns for the prior four years.

**Response to Request No. 10**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request,*" other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been

LEPISCOPO & ASSOCIATES LAW FIRM

maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. Nesheiwat is unaware as to whether Sales Speek filed any tax returns or maintained bank or other account documents or any other financial statements, as such records, if they exist, would likely reside on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers or Team Chou Realty/Monster Loans' accountants' files and/or computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

11.     All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and any PERSON regarding PLAINTIFF, this lawsuit, or the underlying allegations set forth in the Complaint.

**Response to Request No. 11**: Without waiving his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution Nesheiwat provides the following supplemental response: Sales Speek, Inc., no longer exists as an entity. However, and in order to make a good faith effort in light

LEPISCOPO & ASSOCIATES LAW FIRM

of Magistrate's Spaeth's 2/3/22 Order directing Sales Speek, Inc., to provide supplemental responses, Nesheiwat has conducted an extensive and diligent search for records, as well as searching 2.5 million pages of documents provided through discovery in the Bureau Case,  in order to do his best to locate Sales Speek, Inc.'s documents that are responsive to this request but has not located any documents responsive to this request. In response to Magistrate Spaeth's 2/3/22 Order (p. 1, ¶2) to explain "*the search that was conducted to locate responsive documents relating to each request*," other than searching through the discovery in the Bureaus case, Nesheiwat does not have any documents or records relating to Sales Speek to search, as all those documents, if such documents exist or existed, would be or have been maintained by defendant Team Chou Realty/Monster Loans. Specifically, any documents, including emails, contracts, agreements, and other records relating to Sales Speek would be located on defendant Team Chou Realty/Monster Loans' and/or other defendants' computer servers, to which Nesheiwat has no access. In response to Magistrate Spaeth's 2/3/22 Order (p. 2, ¶4) as to whether "*Sales Speek is withholding documents based on a Fifth Amendment privilege*," there are no documents being withheld due to Nesheiwat's assertion of the Privilege Against Self-Incrimination protected by the Fifth Amendment.

Dated:  February 7, 2022.          **LEPISCOPO & ASSOCIATES LAW FIRM**


By:  **/s/ Peter D. Lepiscopo**
　　　　**PETER D. LEPISCOPO,**
　　　　*Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**

## VERIFICATION

I am over the age of eighteen and have reviewed the foregoing responses and declare that the facts stated in those responses are true and correct to the best of my knowledge, information, and belief.

I have provided the foregoing responses without waiving my privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th of February 2022 at Orange County, California.

**JAWAD NESHEIWAT**

## <u>**CERTIFICATE OF SERVICE**</u>

I, Peter D. Lepiscopo, certify pursuant to Fed. R. Civ. P. 5(b) and Local Rule 5-3.2.1 that on this day, **<u>February 7, 2022</u>**, I caused to be served by e-mail[2] **SECOND SUPPLEMENTAL RESPONSE TO SUBPOENA ISSUED TO SALES SPEEK, INC., PURSUANT TO COURT'S 2/3/22 ORDER [ECF 99]** on each of the following parties:

**<u>For Plaintiff  Erica Reiners:</u>**

      Taylor T. Smith (admitted pro hac vice)
      Woodrow & Peluso, LLC
      3900 E Mexico Ave., Suite 300
      Denver, CO 80210
      Email: tsmith@woodrowpeluso.com

**<u>For Defendants MonsterLoans,</u>**
**<u>Chou, Van Loon, and Cowell:</u>**

      Sean P. Burke (admitted pro hac vice)
      Mattingly Burke Cohen and Biederman LLP
      155 East Market Street Suite 400
      Indianapolis, IN 46204
      Email: sean.burke@mbcblaw.com

**<u>For Defendants Lend Tech and Martinez:</u>**

      David C. Holt
      The Holt Law Firm
      1432 Edinger Ave., Suite 130
      Tustin, CA 92780
      Email: dholt@holtlawoc.com

---

[2]  Each of the listed parties have consented in writing to accept service of discovery requests and responses by email. *See* Fed. R. Civ. P. 5(b).

LEPISCOPO & ASSOCIATES LAW FIRM