Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erica Reiners,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **Chou Team Realty, LLC** d/b/a **MonsterLoans**, a California limited liability company, **Lend Tech Loans, Inc.**, a California corporation, **Sean Cowell**, an individual, **Thomas Chou**, an individual, **Mikael Van Loon**, an individual, **Jawad Nesheiwat**, an individual, and **Eduardo Martinez**, an individual, <br><br> Defendants. | Case No. 2:20-cv-06587-SB-ADS <br><br> **PLAINTIFF'S REPLY IN OPPOSITION TO JAWAD NESHEIWAT'S SUPPLEMENTAL BRIEF** <br><br> [Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth] <br><br> Date: February 16, 2022 <br> Time: 10:00 a.m. <br> Place: Courtroom 6B, 6th Floor <br> Complaint filed: July 23, 2020 <br> Discovery Cutoff: February 24, 2022 |

On February 3, 2022, the Court ordered, in part, Sales Speek to file a sworn declaration "explaining with sufficient specificity the search that was conducted to locate responsive documents relating to each request for production[.]" (Dkt. 99.) Defendant Jawad Nesheiwat's ("Nesheiwat" or "Defendant") supplemental brief (dkt. 100) confirms that Sales Speek failed to conduct any sort of meaningful search for documents.

To start, Nesheiwat's brief reveals that his initial and supplemental responses were misleading. That is, in response to each request, Nesheiwat initially asserted

1  that "[a]fter a diligent search, no documents responsive to this request were found."
2  (Dkt. 100-1, pgs. 6-8.) Then, in the supplemental response, Nesheiwat again
3  asserted that he "conducted an extensive and diligent *search of my records*, as well
4  as the 2.5 million pages of documents provided through discovery in the Bureau
5  Case." (Dkt. 100-2, pgs. 6-12 (emphasis added).) Now, after two motions to
6  compel, Nesheiwat reveals that he only searched the Bureau's records, and that he
7  "does not have any documents or records relating to Sales Speek to search, as all
8  those documents, if such documents exist or existed, would be or have been
9  maintained by defendant Team Chou Realty/Monster Loans." (Dkt. 100, pg. 4.) In
10 other words, Nesheiwat now claims that he lacked any documents to even attempt
11 his claimed "diligent search".

12     In addition to being misleading, Nesheiwat's response confirms that his
13 search for documents was deficient. Indeed, at no point did Nesheiwat ever reach
14 out to either MonsterLoans to obtain any responsive documents. Further, despite
15 receiving substantial income from the student loan entities between 2016 and 2018,
16 Nesheiwat failed to request any financial statements or records from Sales Speek's
17 financial institution. Even if these documents are not physically in Nesheiwat's
18 possession today, he surely, given his status as sole owner and president of Sales
19 Speek, would have the authority to request said documents. For purposes of
20 discovery, "[a] party is deemed to have control over documents if he or she has a
21 legal right to obtain them." *Tuggle v. City of Tulare*, No. 119CV01525NONESAB,
22 2021 WL 765273, at *5 (E.D. Cal. Feb. 26, 2021) (citing *Rogers v. Giurbino*, 288
23 F.R.D. 469, 485 (S.D. Cal. 2012)).

24     Finally, and as explained in Plaintiff's supplemental brief, Nesheiwat's claim
25 that he conducted an extensive search of the 2.5 million documents in the Bureau
26 case should also not be accepted. That is, the limited partnership agreements (dkt.
27
28

87-2) and the Sales Speek checks (dkt. 88-1) came to light because they were <u>filed in the related Bureau Case</u>. (*See Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS (C.D. Cal. 2020) Dkts. 69-2; 92-5; 190-39, pgs. 4-6.) Put simply, Sales Speek's "search" of the 2.5 million documents failed to uncover even the most obvious of responsive documents. And it is hard to believe that the only two responsive documents (out of 2.5 million documents) were the documents filed in the case.

For these reasons, the Court should enter any Order compelling Sales Speek to conduct a diligent search for documents. Further, because Sales Speek (and its counsel) have continued to violate multiple court orders, the Court should certify the facts for a contempt hearing before the Honorable Judge Stanley Blumenfeld, Jr. and order such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: February 10, 2022    By:    */s/ Taylor T. Smith*

Aaron D. Aftergood (239853)
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone:   (310) 550-5221
Facsimile:    (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone:   (720) 907-7628
Facsimile:    (303) 927-0809

Attorneys for Plaintiff Erica Reiners and the Class

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on February 10, 2022.

*/s/ Taylor T. Smith*